**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DAVID M. CLAPPER,** | § | |
| **ATLANTIC MIDWEST L.L.C., and** | § | |
| **ATLANTIC XIII, L.L.C** | § | |
| | § | |
| **Plaintiffs** | § | |
| **v.** | § | **CASE NO: 3:14-cv-02970-D** |
| | § | |
| **AMERICAN REALTY INVESTORS, INC.,** | § | |
| **et al.,** | § | |
| | § | |
| **Defendants** | § | |

<u>**PLAINTIFFS' RESPONSE IN OPPOSITION TO**</u>
<u>**DEFENDANTS JOINT MOTION TO STAY DISCOVERY  (DE 159)**</u>

NOW COME Plaintiffs, through their counsel, Siciliano Mychalowych and Van Dusen, PLC, and for their Response in Opposition to Defendants' Joint Motion To Stay Discvoery at DE 159, state as follows:

**I.      RELEVANT FACTUAL BACKGROUND**

Plaintiffs filed their Complaint in August, 2014.    After filing an Amended Complaint, pursuant to the agreement of the Parties,  each Defendant filed a Motion to Dismiss, claiming that the Amended Complaint should be dismissed as a matter of law against all Defendants.  (See DE 72- DE 75).   While the Motions to Dismiss were pending, the Plaintiffs issued discovery requests to the Defendants. The Defendants objected to responding to any discovery while their Motions to Dismiss were pending.

On April 16, 2015, the Plaintiffs filed a Motion to Compel based on the grossly deficient discovery responses received from the Defendants.  (<u>Ex. 1, DE 123 w/out exhibits</u>).  Thereafter, the Defendants filed emergency motions to stay discovery, arguing that it was prejudicial to them to require the Defendants to participate in discovery when they believe the claims against them

should be dismissed. The Motion to Compel at DE 123 was been referred to Magistrate Stickney. (See DE 131). On April 22, 2015, Magistrate Judge Stickney advised that the emergency aspect of Plaintiffs' Motion to Compel was being denied as it pertained to court ordered depositions. However, the balance of the Motion to Compel was to be briefed under the normal local rule schedule. (See DE 132).

The Defendants responded to Plaintiffs' Motion to Compel at DE 123 and the Plaintiffs have filed their replies. This Motion was fully briefed as of May 18, 2015, (See DE 140-142) and awaits hearing and decision by Magistrate Judge Stickney.[1]   Meanwhile, on June 3, 2015, this Honorable Court issued its Opinion and Order as to the pending Motions to Dismiss, granting the Motions in part and denying them in part. (See DE 145). Therein, the Court granted leave for the Plaintiffs to file a Second Amended Complaint to address any deficiencies in the pleadings that the Court identified in its Order.

**It is important for the Court to note that in its Order, the Court <u>did not</u> find that all Counts against all Defendants should be dismissed.**  While the Court found that **<u>some</u>** of the claims against **<u>some</u>** of the Defendants were not sufficiently plead to withstand a Rule 12(b)(6) Motion, the Court declined to dismiss the TUFTA, Unjust Enrichment against various Defendants and the entirety of the RICO claims as to all Defendants.    Accordingly, even after the Court's Order at Docket #145, (and before the Second Amended Complaint was filed), the Plaintiffs' TUFTA claims remain pending against Defendants American Realty Investors, Inc., Basic Capital Management, EQK Holdings, Inc. , American Realty Trust, Inc. as well as

---

[1] Plaintiffs have several motions that have been fully briefed and are  before Magistrate Stickney including Motions related to discovery and petitions seeking turnover relief sought in the original action before Judge Godbey, Case No: 99-2355).   The Plaintiffs are concerned that until Magistrate Judge Stickney rules, discovery (and any efforts to collect on the underlying judgment) are stymied. Plaintiffs submit that staying discovery as requested by the Defendants in their new Motion to Stay, will only cause further delays and will bring the entirety of the matter to a halt – precisely what the Defendants want.

Defendants Ryan Phillips, The May Trust and Martin Trust. (DE 145, pgs. 15-18).   Like the TUFTA claim, the Unjust Enrichment/Constructive Trust claim  also remains pending against Defendants, in particular,   Defendants Ryan, The May Trust, the Martin Trust and EQK Holdings.  (DE 145, pgs. 19-21).   Finally, the Court declined to dismiss the RICO claim against any of the Defendants against which it was asserted. (DE 145 pgs. 29-30).

The Court's Order at DE 145, also addressed the Motions filed by the Defendants seeking a protective order.  Therein, the Court ruled that <u>no stay of discovery</u> would apply as to the Martin Trust, the May Trust and Defendant Ryan and granted 30 days to the remaining defendants.   The Court also indicated that its order as to discovery issue would not interfere with any pending discovery motions that Magistrate Judge Stickney reviews unless review of said order is granted.   (<u>DE 145</u>).   In addition to its Opinion, the Court also entered a separate Amended Scheduling Order extending all dates in the Court's November 25, 2014 Order by 150 days.   Accordingly, the new date by which discovery must be complete is October 27, 2015 as the Court's original discovery cut off date was June 1, 2015. (DE 146).

While the Plaintiffs did opt to file a Second Amended Complaint, the fact remains that there were claims pending against Defendants ARI, BCM, EQK, ART, The May Trust, The Martin Trust and Ryan Phillips even after this Court's Order on the Motions to Dismiss was entered at Docket Entry 145.    In its Second Amended Complaint, (DE 147), the Plaintiffs have dropped several individuals and various Gene Phillips affiliated entities as Defendants in an attempt to move this case forward and avoid any further delays with Motions to Dismiss.

Notwithstanding, (after requesting an extension in which to respond, which the Plaintiffs granted), the Defendants have now filed eight (8) separate Motions to Dismiss in response to Plaintiffs' Second Amended Complaint. (See DE 150-158).  Thereafter, the Defendants filed this

3

Motion to Stay (DE 159).  The Defendants brazenly assert that a stay should be granted because according to Defendants, all of the claims against them will be dismissed upon the Court reviewing their latest Motions to Dismiss.   The Defendants state that the dismissal will occur because the Court should dismiss the RICO claims against the Defendants and the Defendants argue that all of the other counts alleged are "dependent" upon the RICO claim.  It is unclear how the Defendants could make such a statement to the Court as there is no factual or legal basis for such a conclusory statement and the Court has already ruled and denied substantial portions of the Defendants' prior Motions to Dismiss.

Plaintiffs' claims of unjust enrichment/constructive trust, alter ego, single enterprise, and violations of TUFTA <u>are separate and independent causes of action</u> the existence of which does not in any way depend on whether the Court permits the RICO claim to proceed.   In addition, given the dozens of additional factual allegations asserted in Plaintiffs' Second Amended Complaint that provide the basis for all of the claims asserted and given that Plaintiffs Second Amended Complaint results in the dismissal of <u>nine</u> of the Defendants for which the Defendants previously argued the claims were not properly plead in their 12(b)(6) Motions, the Defendants have no basis to argue that their Motions to Dismiss will be granted. [2]

Once again, based on the pending Motions to Dismiss, all of the Defendants again seek a stay of discovery. Defendants argue  that their Motion to Stay should be granted because they conclude the entire case should be dismissed.  However, as the Court had already ruled that the allegations against The May Trust, the Martin Trust, Defendant Ryan, EQK, BCM , ARI and ART were sufficient as to the Unjust Enrichment and TUFTA claims and given that none of the

---

[2] The newly filed Motions to Dismiss focus almost exclusively on the RICO allegations.  The Court found in its Order at DE 145, that the Defendants had failed to specify for the Court any deficiencies with respect to Plaintiffs' RICO claim.  Accordingly, the Court denied all of the Defendants' Motions to Dismiss as to Plaintiffs' RICO claims.

RICO claims were dismissed at all, it is highly disingenuous for these Defendants to argue that the "entire case" will be dismissed on their Motions to Dismiss the Second Amended Complaint; particularly where  the Court already found that the first amended complaint was sufficient in many respects and since the Second Amended Complaint only adds more factual basis for the claims.

This case is a year old and the Plaintiffs still have not been permitted to take a single deposition.  Plaintiffs still are without the discovery requested, waiting for a hearing on their Motion to Compel, and the Defendants' latest Motions to Dismiss and request for another stay in discovery only serves to delay this case further.     Plaintiffs have alleged all along that every action taken by these Defendants has been taken with the intention of delaying and hindering the progress of the case and discovery  -these recent Motions are again examples of this conduct.

The Plaintiffs spent considerable effort drafting their Second Amended Complaint, choosing to dismiss 9 of the Defendants to streamline the case and adding dozens of factual allegations based on the Court's Order as to the specific deficiencies the Court discussed in its Order at DE 145.   A Stay of discovery while these new Motions to Dismiss are pending, would be futile and only serve (as the Defendants intend) to cause delay in Plaintiffs obtaining information about what has occurred to ART's assets since ART's bankruptcy was dismissed. Accordingly, the Plaintiffs submit that the Defendants' Joint Motion to Stay should be denied.

## II.    ARGUMENT AND AUTHORITY

The Court possesses broad power  pursuant to Fed. R. Civ. P. 26(c) to control the method and scope of permissible discovery.  *Sunbelt Sav. FSB, Dallas, Tex. v. Amrecorp Realty Corp.*, 730 F. Supp. 741, 747 (N.D.Tex. 1990). However, protective orders prohibiting depositions entirely are rarely granted. *Bucher v. Richardson Hosp. Auth.*, 160 F.R.D. 88, 92 (N.D. Tex.

1994) (citing *Salter v. Upjohn Co*., 593 F.2d 649, 651 (5th Cir. 1979)). As the party requesting such a protective order, Defendant bears a "heavy burden" to show "extraordinary circumstances." Id.

As alleged in Plaintiffs' Second Amended Complaint, through a web of entities and affiliates, these Defendants move assets away from companies with judgments or with significant creditor claims to "protect his [Gene Phillips] family's money" and avoid the obligation.   Recall that the standard under which the Motion to Dismiss is being decided is whether the Plaintiffs have  plead facts sufficient to state a "legally cognizable claim that is plausible" on its face. *Lone Star Fund V (U.S.), L.P., v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Plaintiffs are entitled to the discovery they seek from the movants both in this case, (as parties) and in the original proceeding pursuant to Rule 69.   Seven (7) of the  Defendants that remain Defendants in this case, and which seek a stay of discovery, **are the Defendants that the Court declined to dismiss the TUFTA and Unjust Enrichment claims against!**   In particular, ART, BCM, ARI, EQK, The Martin Trust, the May Trust and Ryan Phillips, parties directly involved in the well documented and acknowledged transfers of significant assets (including the EQK and TCI stock) on the eve of trial in the underling case before Judge Godbey.  There is no reason to even suggest that the claims against them as alleged in the Second Amended Complaint will be dismissed since the Court declined to dismiss the claims against them as alleged in the first amended complaint.   Another remaining Defendant is Gene Phillips.  The Second Amended Complaint sets forth substantially more facts demonstrating how he controls and is the alter ego of the entities and how these entities operate as a single enterprise, alleging liability based not only on alter ego, but single enterprise.

The Defendants fail to discuss or acknowledge the dozens of added allegations in the Second Amended Complaint that  provide the support for these claims.  Instead, they use the

same arguments in their Motions to Dismiss as they did in their prior Motions, and largely focus on the RICO claims.

Here, there is simply no reason to prevent discovery from continuing.  The Plaintiffs intend to schedule depositions in this case in September as discovery is now scheduled to close at the end of October.  When Magistrate Judge Stickney does eventually address the Motion to Compel, the Plaintiffs believe that the Defendants will be required to produce substantially more information which will take additional time.  Accordingly, while the Parties wait for a decision from Magistrate Stickney, the Plaintiffs should not be prevented from pursuing discovery from the Defendants or from third parties or from entities or individuals that are no longer Defendants pursuant to Rule 45.

The Plaintiffs continue to wait for the information requested disclosing what has occurred as to ART's assets that were fraudulently transferred since ART's bankruptcy was dismissed. The Defendants are stonewalling any of Plaintiffs' efforts to obtain this very basic information. Plaintiffs have sought this information from the Defendants **for over a year**.   There is simply no basis to prevent further discovery from commencing.  The Defendant ART dragged the litigation in the original proceeding on for over 15 years before a final judgment was entered.  During that time, ART (at the hands of the Defendants here) fraudulently  transferred all of its hundreds of millions in assets, including the EQK and TIC publicly held stock.  It is clear that the Defendants here intend to try and drag this case on for just as long. In both cases, the Defendants have the same goal in mind –avoid and hinder their creditors at all costs.

WHEREFORE,  for all of the foregoing reasons, and the fact that Plaintiffs have been attempting to obtain the same information from the Defendants for over a year,  the Defendants' Joint Motion to Stay Discovery should be DENIED.

Respectfully submitted,

SICILIANO MYCHALOWYCH & VAN DUSEN, PLC

By: /s/ Andrew W. Mychalowych
       Andrew W. Mychalowych (P39602)
       Meghan W. Cassidy (P60356)
       Attorneys for  David M. Clapper,
       Atlantic XIII, LLC and Atlantic Midwest, LLC
       37000 Grand River Ave., Ste. 350
       Farmington Hills, MI  48335
       (248) 442-0510

### *CERTIFICATE OF SERVICE*

The undersigned hereby certifies that on July 30, 2015, the undersigned filed the foregoing document bearing this Certificate of Service with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court, which will provide notification of this filing to all attorneys of this case who are registered ECF users.  The undersigned hereby certifies that he has served all counsel of record electronically or by another manner authorized by the Federal Rules of Civil Procedure 5(b)(2).

/s/ Andrew W. Mychalowych