THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DAVID M. CLAPPER, individually,
ATLANTIC MIDWEST L.L.C., a
Michigan limited liability company, and
ATLANTIC XIII, L.L.C., a Michigan
limited liability company,                                    Case No: 14-02970-P

Plaintiffs,

and

AMERICAN REALTY INVESTORS, INC., a Nevada corporation,
AMERICAN REALTY TRUST, INC., a Georgia corporation,
TRANSCONTINENTAL REALTY INVESTORS, INC., a Nevada corporation,
INCOME OPPORTUNITY REALTY INVESTORS, INC., a Nevada corporation,
PILLAR INCOME ASSET MANAGEMENT, INC., a Nevada corporation,
PRIME INCOME ASSET MANAGEMENT, INC., a Nevada Corporation,
PRIME INCOME ASSET MANAGEMENT, LLC, a Nevada limited liability company,
EQK HOLDINGS, INC., a Nevada corporation,
BASIC CAPITAL MANAGEMENT, a Nevada corporation,
SYNTEK WEST, INC., a Nevada corporation,
REALTY ADVISORS, LLC, a Nevada limited liability company,
REALTY ADVISORS, INC., a Nevada corporation,
REALTY ADVISORS MANAGEMENT, INC., a Nevada corporation,
THE MAY TRUST,  THE MARTIN TRUST,
GENE E. PHILLIPS, individually, HENRY A. BUTLER, individually,
ROBERT A. JAKUSZEWEKI, individually, SHARON HUNT, individually,
TED R. MUNSELLE, individually, DANIEL J. MOOS, individually,
DONALD PHILLIPS, individually, MICKEY PHILLIPS, individually,
RYAN PHILLIPS, individually, GENE BERTCHER, individually,
LOUIS CORNA, individually, JOHN DOE, JANE DOE,
ABC COMPANY, and XYZ COMPANY,

Defendants.

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO GENE PHILLIPS'
MOTION TO DISMISS AT DE 155**

## TABLE OF CONTENTS

Table of Contents..................................................................................………-i-

Table of Authorities ..................................................................................-iii-

I.      INTRODUCTION………………………………………….………… 1

II.     FACTUAL BACKGROUND …………………………..………………….....1

III.    STANDARD OF REVIEW………………………………………..…..…1

IV.     PLAINTIFFS' RICO CLAIM ……………………………………………..3

        A.      Plaintiffs' 2nd Amended Complaint Sufficiently Pleads the Existence
                of An   "Enterprise" and/or an
                "Association In Fact" ……………………………………………....3

        B.      Defendants' Argument That Plaintiffs Fail to State A Cause of Action
                Based on a Claim Plaintiffs Have Not Distinguished the Liable Party
                from the Enterprise Is Contrary to Fifth Circuit Law………………………....4

        C.      Plaintiffs' Have Plead Cognizable Racketeering Activity……..………….…....6

                i.       18 USC §1348……………………………………………..……..7

                ii.      18 USC §1028………………………………………………….....8

                iii.     18 USC §1341, 1343 (Mail Wire Fraud)………………………..….8

        D.      State Law Claims………………………………………………...…9

        E.      Plaintiffs' Have Plead A Pattern of Racketeering…………….………….…9

        F.      Defendants' Standing Argument and Proximate Case Arguments……………...11

        G.      Defendants' Motion as to a RICO Conspiracy Claim……………….………13

V.      PLAINTIFF'S UNJUST ENRICHMENT CLAIM……………………………..…18

        A.      Defendants' Want the Court to Apply The Wrong Standard of Law for
                Plaintiffs' Unjust Enrichment Claim…………………………………………13

        B.      Even if The Court Applies The Erroneous Legal Standard to Plaintiffs'
                Unjust Enrichment Claim, the Defendants' Motion Should Be Denied………..16

        C.      Defendants' "Direct Benefit' Argument Fails………………………………18

        D.      Plaintiffs' Have Adequately Plead Fraud In Their
                Second Amended Complaint…………………………………………………20

VI.     DEFENDANTS' TUFTA ARGUMENT FAILS…………………………………….21

VII.    PLAINTIFFS' ALTER EGO CLAIM…………………………………………..

VIII.   CONCLUSION……………………………………………………………….22

**TABLE OF AUTHORITIES**

**United States Supreme Court**

*Ashcroft v. Iqbal,* 556 US 662 (2009)………………………………….………………………….2

*H.J. Inc. v. Northwestern Bell Tel., Co.* 492 U.S. 229, (1989)………………….…………..8

*Sedima S.P.R.L. v. Imrex Co., Inc.,*
473 U.S. 479, 499, 105 S. Ct. 2375, 87 L. Ed. 2d 346 (1985)………………….…..………10

**Fifth Circuit Court of Appeals**

*Bishop v Corbitt Marine Ways, Inc.,* 802 F.2d 122 (5th Cir. 1986)………………….……...4

*Blackburn v. City of Marshall,* 42 F.3d 925 (5th Cir. 2013)………………………………1

*In re Bruzynski,* 989 F.2d 733, (5th Cir. Tex. 1993)……………………………….……..3, 4

*Lone Star Fund V (U.S.), L.P., v. Barclays Bank PLC,*
594 F.3d 383 (5th Cir. 2010)…………………………………………………………...2

*Ocean Energy II, v. Alexander & Alexander,* 868 F.2d 740 (5th Cir. 1989)……………..……10

*St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, (5th Cir. La. 2000)………………….4,5

*Texport Oil Co. v. Lloyd's Underwriters, Etc.,*
1996 U.S. App. LEXIS 44988 (5th Cir. Tex. Oct. 22, 1996)………………………………13

*United States v. Elliott,* 240 F.2d 880 (5th Cir. 1978)…………………………………….4

*United States ex rel. Grubbs v. Ravikumar Kanneganti,*
65 F.3d 180 (5th Cir. Tex. 2009)………………………………………………….………2

**Other Circuit Court of Appeals**

*Haroco, Inc. v American Nat'l Bank & Trust Co.,* 747 F.2d 384 (7th Cir. 1984)………………..4

**U.S. District Court Case – Texas**

*LaBarbera v. Angel,* 95 F. Supp. 2d 656 (E.D. Tex. 2000)………………………………..10

*Newby v. Eron Corp. (In re Eron Corp. Sec.),* 623 F. Supp. 2d 798, 812 (S.D. Tex. 2009)…...11

*United States v. Americus Mortg. Corp.,*
2013 U.S. Dist. LEXIS 128968. (S.D. Tex. Sept. 9, 2013)………………………………2

**Other Circuit Court Cases**

*United States v. Sardariani,* 754 F.3d 1118 (9th Cir. 2014)…………………..…………….…….7

**Other U.S. District Courts**

*Department of Economic Dev. V. Arthur Anderson & Co.,*
683 F. Supp. 1463, (S.D.N.Y. 1988)…………………………………………………..…….7

**Texas State Court Cases**

*Cappuccitti v. Gulf Indus. Prods., 222 S.W.3d 468, (Tex. App. Houston 1st Dist. 2007)*……….20

*Heldenfels Bros. v. City of Corpus Christi,* 832 S.W.2d 39 (Tex. 1992)………..………….12, 16

*Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*
300 S.W.3d 348, (Tex. App. Dallas 2009, pet. Denied)…………………….……………12, 16

*Tryco Enters. V. Robinson,* 390 S.W.3d 497 (Tex. App. Houston 1st Dist. 2012)..……….....…19

*Wilson v. Davis*, 305 S.W.3d 57, (Tex. App. Houston 1st Dist. 2009)………………………….19

**Federal Rules of Civil Procedures**

Fed. R. Civ. P. 9(b)……………………………………………………….…….…2, 8, 9

Fed. R. Civ. P. 8(a)…………………….……………………………………………1, 2

Fed. R. Civ. P. 12(b)(6)……………………………………….……………….....1, 6, 7

**United States Code**

18 U.S.C. §1028…………………………………………………………………..8

18 U.S.C. §1341…………………………………………………………….……..8

18 U.S.C. §1343…………………………………………………………..………..8

18 U.S.C. §1348……………………………………………………………...…….7

18 U.S.C. §1961…………………………………………………………………….9

18 U.S.C. §1962…………………………………………………………….5, 6, 13

18 U.S.C. §1964…………………………………………………………………..12

## I.     INTRODUCTION

Judge Hale already found that Gene Phillips controls the Judgment Debtor ART and the publicly traded entities.   These allegations are set out in the Plaintiffs' Second Amended Complaint.   The allegations against Gene Phillips are detailed, extensive and provide the factual basis to bring every claim against him.   Gene Phillips is ringleader of the association in fact, directs all enterprises and this is not his first foray into allegations of racketeering.   As will be discussed more fully below, Gene Phillips must finally be held accountable for his fraud, his racketeering activities and his continued use of all of the publicly traded and private entities as his own private bank.

## II.     FACTUAL BACKGROUND

By now, this Court is aware of the history of litigation between the Plaintiffs and ART and the other Defendants from review of the Preliminary Injunction Motion filed by the Plaintiffs hereby fully incorporated by reference.   As Defendants' Motion is brought pursuant to Fed. R. Civ. P. 12(b)(6), the history and factual background leading up to the entry of the Judgment is largely immaterial. There is a substantial judgment against American Realty Trust, Inc. that remains unsatisfied.   ART now claims it has no assets to satisfy the Judgment.   The evidence, however, supports the claims asserted against the Defendants in this action and seeks to hold the Defendants responsible not only for the amounts owed by ART in the Judgment, but also, for their concerted fraudulent conduct and the additional resulting damages sustained by Plaintiffs. For the reasons set forth more fully below, Gene Phillips' Motion at DE 155 should be denied.

## III.     STANDARD OF REVIEW

When faced with a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). To overcome a motion to dismiss, a plaintiff need only plead facts

1

sufficient to state a "legally cognizable claim that is plausible" on its face. *Lone Star Fund V (U.S.), L.P., v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). When there are well-pleaded factual allegations, **a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief**. *Ashcroft v. Iqbal,* 556 US 662, 679, (2009).

The Supreme Court has confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft supra.* The complaint must be liberally construed in favor of the plaintiff, and when there are well-pleaded factual allegations, courts should presume they are true. Only then may the court determine whether they "plausibly give rise to entitlement to relief." *United States v. Americus Mortg. Corp*., 2013 U.S. Dist. LEXIS 128968, 7-8 (S.D. Tex. Sept. 9, 2013).

The heightened pleading standard of Rule 9(b), which provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). In applying the requirements of Rule 9(b), the Courts are aware that Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading. Rule 9(b) does not "reflect a subscription to fact pleading" and requires only  "simple, concise, and direct" allegations of the "circumstances constituting fraud," which makes relief plausible when taken as true. *Id.* at 185-186 (5th Cir. 2009).

## IV.   PLAINTIFFS RICO CLAIM

### A.   Plaintiffs' 2nd Amended Complaint Sufficiently Pleads the Existence of An "Enterprise" and/or an "Association In Fact"

Defendants' first argument is that Plaintiffs' 2nd Amended Complaint fails to allege facts to establish an enterprise or an association in fact. The Defendants do not specify any specific deficiencies in the 2nd Amended Complaint or otherwise explain how the Plaintiffs' allegations

as to the "enterprise" or "association in fact" are not properly plead as to these specific Defendants.   Accordingly, for this reason, the Motion should denied.

In addition, the 2nd Amended Complaint makes the same factual allegations regarding the RICO claim as Plaintiffs' First Amended Complaint (with minor changes only).   To the extent the Court already found the allegations by Plaintiffs sufficient as to which Defendants are alleged to be a part of the association in fact or the enterprise and which Defendants participated in the improper activity, Plaintiffs submit that the same finding should be made here.   The Court is again directed to Paragraphs 185-186 of Plaintiffs' 2nd Amended Complaint.   These allegations survived 12(b)(6) scrutiny once already and the same finding should be made again by the Court. (Compare Para. 174-189 of DE 65, with Para 183-199 of DE 147 and the Court's Order at DE 145, Page Id:  5539-5343). Defendant's  Motion should be denied.

**B.     Defendants' Argument That Plaintiffs Fail to State A Cause of Action Based on a Claim Plaintiffs Have Not Distinguished the Liable Party from the Enterprise Is Contrary to Fifth Circuit Law**

The Defendants argue Plaintiffs fail to allege an "enterprise" or "association in fact" distinct from a named RICO defendant.  The Defendants cite primarily to cases in other Circuits, relying on cases that are factually distinguishable.  However, those cases and the Fifth Circuit case that these Defendants primarily rely upon in their Motion, (*In re Burzynski*, 989 F.2d 733 5th Cir. Tex. 1993), are inapplicable here as the Defendants ignore the actual allegations made by Plaintiffs and ignore the Fifth Circuit decision that unequivocally demonstrates that the Plaintiffs' have sufficiently plead their RICO claim against these Defendants.

Defendants rely on *In re Burzynski*, 989 F.2d 733, (5th Cir. Tex. 1993) for the proposition that a RICO Defendant cannot be alleged to be the enterprise and also be a participant held liable, under RICO.  The Defendants intentionally ignore the actual allegations in Plaintiffs' 2nd Amended Complaint. Paragraph 123 alleges that Gene Phillips is a part of the "association in fact" that is likely to continue. Virtually every paragraph that mentions Gene Phillips alleges that

3

he controls/directs the activities of all of the Defendants included in the association.  Paragraph 186 alleges Gene Phillips directed the activities of the enterprises that are separately in themselves each an enterprise and collectively, a part of an association in fact.

The evidence will show that at times, certain entities were used by the association in fact as the "enterprise" by certain individual Defendants or at other times, another entity was used by to perpetrate the fraud.  Hence, each Defendant entity has been identified separately as an "enterprise".  More importantly, however, and what is fatal to Defendants' Motion, is that Plaintiffs have alleged that Mr. Phillips is a part of the "association".

In the case of *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, (5th Cir. 2000), decided 7 years after *In re Burzynski*, the Fifth Circuit discussed its holding in *In re Burzynski* and its application in detail.  The Fifth Circuit Court of Appeals has held that:

> Nonetheless, reviewing *Elliott* and some of the other decisions that led to the *Burzynski* and *Crowe* decisions, we believe that St. Paul makes a meritorious argument. In *Elliott*, the government prosecuted six individuals for RICO violations. See *Elliott*, 571 F.2d at 895. Those six individuals comprised the association-in-fact enterprise. See id. at 898 n.18. Of the six, two were charged as defendants for violating § 1962(c). See id. at 896. Notwithstanding the fact that both individuals charged with violating § 1962(c) were named as RICO persons and as members of the association-in-fact, the *Elliott* panel affirmed their convictions. See id. at 900.

> Thus, when *Bishop*, the decision to which the *Burzynski* court cited for support, held that to state a §1962(c) claim, a plaintiff had to distinguish between the RICO person and the RICO enterprise, **it was not making the sweeping generalization that any congruence between a RICO person and a member of an association-in-fact, which constituted a RICO enterprise, violated the person/enterprise distinction. (*emphasis added*).**  Instead, *Bishop* merely concurred with the vast majority of the circuits that held that a § 1962(c) claim requires a distinction between the RICO person and the RICO enterprise. Those circuits were discussing the person/enterprise distinction where the plaintiffs were alleging a corporate entity as both a RICO defendant and a RICO enterprise. *Bishop* itself involved a plaintiff who sought a § 1962(c) claim against a single corporate defendant, which was also named as the RICO enterprise. See *Bishop,* 802 F.2d at 122.

> The reason for differentiating in the § 1962(c) context between cases where a corporation is identified as both the enterprise and the defendant and cases where it is not was aptly noted in the *Harocco* decision, to which *Bishop* heavily deferred. See *Haroco, Inc. v. American Nat'l Bank & Trust Co*., 747 F.2d 384, 399 (7th Cir. 1984). The RICO statute distinguishes between a corporation and an association-in-fact with respect to the "person" element. See id. According to the *Haroco* court: Where persons

4

associate "in fact" for criminal purposes, . . . each person may be held liable under RICO for his, her or its participation in conducting the affairs of the association in fact through a pattern of racketeering activity. But the nebulous association in fact does not itself fall within the RICO definition of "person[]" . . . . In the association in fact situation, each participant in the enterprise may be a "person" liable under RICO, but the association itself cannot be. By contrast, a corporation obviously qualifies as a "person" under RICO and may be subject to RICO liability. Id. at 401. Thus, courts have routinely required a distinction when a corporation has been alleged as both a RICO defendant and a RICO enterprise, **but a similar requirement has not been mandated when individuals have been named as defendants and as members of an association-in-fact RICO enterprise. (*emphasis added).***

Indeed, "**[a] collective entity is something more than the members of which it is comprised.**'" Although a defendant may not be both a person and an enterprise, **a defendant may be both a person and a part of an enterprise. In such a case, the individual defendant is distinct from the organizational entity.**" Otherwise, an individual member of a collective enterprise, such as an association-in-fact, could not be prosecuted for violating § 1962(c) because he or she would not be considered distinct from the enterprise. *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 446-447, (5th Cir. La. 2000) (internal citations omitted).

   **The Fifth Circuit's holding in *St. Paul Mercury Ins.* is dispositive.**  Plaintiffs have alleged that Mr. Phillips is a part of the association with the other Defendants that regularly as a matter of regular business, conduct activities that violate federal laws, including those enumerated as racketeering activities.  (See Para. 123, 185-186 of  DE 147 as well as the factual allegations regarding Mr. Phillips).  **As a member of an association in fact, the holding of the Fifth Circuit is that Gene Phillips may be held liable under RICO.**   *St. Paul Mercury Ins. Co. at*  446-447, (5th Cir. 2000).  The Defendants want the Court to make factual findings that no association exists.  However, that is not the purpose of a Rule 12(b)(6) Motion. On the face of the pleading, the Plaintiffs have adequately and sufficiently plead that Gene Phillips is a member of the association in fact, that he directed and participated in the associations affairs and as such, he may also be held liable for actions under RICO.   Defendant's Motion should be denied.

   **C.    Plaintiffs' Have Plead Cognizable Racketeering Activity**

   Again, in its Opinion and Order ruling on Defendants' first motion to dismiss, directed at Plaintiffs' first amended complaint, the Court found that "[m]any (if not most) of these alleged acts constitute "racketeering activity," as defined in the RICO statute". (See DE 145 at Page id:

5342.) That same holding should be made here where the allegations in the 2nd Amended Complaint are the same as to the activities involved.

The Defendants, Motion, however, tries to go beyond the face of the complaint and instead argues as though it is a Rule 56 Motion asking the Court to go beyond the allegations of the Complaint in its analysis.  As Plaintiffs have sufficiently plead racketeering activities, the Motion should be denied.  However, even if the Court were to entertain the arguments by the Defendants in their Motion, the result is still the same. (Again, the Court is asked to compare Para. 174-189 of DE 65, with Para. 183-199 of DE 147; DE 145, Page Id:  5539-5343).

Within Plaintiffs' 2nd Amended Complaint, the Plaintiffs allege that the racketeering activities that represent the predicate acts are based on violations **"of one or more of the following"** and then identify the various statutes. (Para. 186 at DE 145).  The Defendants now want the Court to analyze each statute cited and decide now (by going beyond the pleadings) as to whether the RICO claim can be supported by the facts.  The Plaintiffs submit that they have adequately alleged the racketeering activity necessary to survive Defendants' 12(b)(6) Motion. The allegations of racketeering activity in the 2nd Amended Complaint at DE 147, are the same as those the Court found were sufficient in Plaintiffs' First Amended Compliant and Defendants motion should be denied.  While the Plaintiffs do not believe it is necessary to address the specific statutes they rely upon as the basis for asserting the racketeering activity to withstand a 12(b)(6) motion, the Defendants have asked the Court to do so and out of an abundance of caution, the Plaintiffs believe it prudent to respond briefly to same.

        i.        **18 USC §1348**

Plaintiffs do not allege that Defendants defrauded the Plaintiffs in the sale of securities to the Plaintiffs, which is the exception that the Defendants refer to in their motion.  Accordingly, no exception applies as argued by the Defendants as to whether 18 USC 1348 may provide a basis for finding "racketeering activities".  Moreover, the issuance of fraudulent financial reports

6

in violation of §10(b) of the Securities Exchange Act of 1934, 15 USCS §78j(b), qualifies as a "racketeering activity". See e.g: *Department of Economic Dev. v. Arthur Andersen & Co.*, 683 F. Supp. 1463, 1468, (S.D.N.Y. 1988). Accordingly, whether the issuance of false and fraudulent SEC reports by publicly traded ARI, or reports filed with the SEC by ARI, BCM or EQK is in violation of 18 USC §1348 or the Securities and Exchange Act at 15 USC 78, the Plaintiffs have adequately plead "racketeering activities" in relation to the false and fraudulent SEC reports issued by the Defendants regarding as to the fraudulent transfers that occurred.

### ii.       18 USC §1028

The Defendants argue that there are no facts plead that could give rise to racketeering activities based on predicate acts as described in 18 USC §1028. The Defendants erroneously argue that this statute pertains only to drivers licenses and birth certificates in reference to "identification documents". However, 18 USC §1028 also refers to fraud in reference to "authentication features". (Se 18 USC 1028). The allegations included in Plaintiffs' 2nd Amended Complaint include allegations that false and fraudulent notaries were used to perpetrate the fraudulent scheme. Notary seals are "authentication features" applied to means of identification to determine if the document is counterfeit, altered, or otherwise falsified. 18 USC § 1028(d)(1). As such, the use of false notary seals to authenticate signatures was the use of an authentication feature as defined in §1028(d)(1). *U.S. v. Sardariani*, 754 F.3d 1118, 1122, (9th Cir. 2014).

### iii.      18 USC §§1341, 1343 (Mail and Wire Fraud)

The argument made by the Defendants as to allegations plead regarding mail and wire fraud, is that the Plaintiffs failed to sufficiently plead the allegations pursuant to Rule 9(b). However, once again, the Court already found that as to Plaintiffs' RICO claim in its First Amended Complaint, (DE 65) that Plaintiff had satisfied the 9(b) requirements, stating:

7

Defendants' 2nd argument is that plaintiffs have not satisfied their burden under Rule 9(b) to "allege[] any acts on the part of the [Individual Defendants, the Entity Defendants, or the Unrelated Defendants] to support a claim for relief against them." Indiv.Ds. Br. 17; Entity Ds. Br. 14; Unrelated Ds. Br. 17. The court denies defendants' motions to the extent they are made on this ground. In addition to other allegations in the amended complaint, plaintiffs plead the following specific acts in support of their RICO Claim: (See DE 145, Pg id: 5341).

The Court then listed various allegations from the Plaintiffs' First Amended Complaint that the Court also found as a basis to deny that the RICO claims were sufficiently pleaded to meet the Rule 9(b) pleading requirements.  Those same allegations are included in Plaintiffs' 2nd Amended Complaint.  (Compare Para. 174-189 of DE 65, with Para 183-199 of DE 147 and the Court's Order at DE 145, Page Id:  5539-5343).  .  The  same standard should apply here. Paragraph 186 provides the allegations sufficient to allege RICO claims against Gene Phillips (as previously found by the Court) and accordingly, Defendants' Motion should be denied.

**D.     State Law Claims**

Defendants argue that the entirety of Plaintiffs' RICO claim is based on Plaintiffs' assertion of its fraudulent transfer claim.  These are two distinct theories of liability.  The RICO claim is based on the specific actions of the Defendants whereby they violated federal laws and committed other wrongs that are enumerated as racketeering activity. The fact that Plaintiffs have also alleged fraudulent conveyance claims is irrelevant to whether they may also bring a RICO claim. This is not a "single transaction" to defraud. These Defendants committed racketeering act after racketeering act over years.  This is separate any apart from Plaintiffs' State Law claims and accordingly, Defendants' Motion should be denied.

**E.     Plaintiffs' Have Plead A Pattern of Racketeering**

"Racketeering activity" consists of two or more predicate offenses, defined by the statute to include acts violating federal wire or mail fraud statutes. 18 U.S.C. § 1961.  To establish a pattern of racketeering activity, the Supreme Court explained in *H.J. Inc. v. Northwestern Bell Telephone, Co*. 492 U.S. 229, (1989), that a plaintiff "must show that the racketeering predicates

8

are related, and that they amount to or pose a threat of continued criminal activity." Id. at 239. The element of relatedness is established if the acts have the "same or similar purposes, results, participants, victims, or methods of commission." Id. at 240, 109 S. Ct. at 2901 (internal quotation and citation omitted).  The Defendants again, do not identify the so called deficiencies in Plaintiffs' 2nd Amended Complaint to explain to the Court how the Plaintiffs have allegedly failed to sufficiently plead a "pattern of racketeering".   For this reason again, Defendants' Motion should be denied.

Plaintiffs have alleged that at least 15 separate transactions that occurred where false notaries were used and that the fraudulent documents were transmitted via mail or wire. (See Paragraphs 117-120 of DE 147. Plaintiffs have alleged that over a course of years, false and fraudulent financial records and reports were transmitted by wire or mail to the Securities and Exchange Commission and that fraud was committed upon the bankruptcy court, (also a racketeering activity) over a period of years and that it continues today. (See para. 183-196).

As previously found by the Court in its Order at DE 145, the Plaintiffs alleged sufficient predicate acts.  Those same predicate acts are alleged in Plaintiffs' 2nd Amended Complaint. The Plaintiffs have alleged that these predicate acts have been repeated over and over again in separate transactions over the course of not less than 6 or more years and that they are the regular manner in which the Defendants association in fact and/or enterprises regularly operate.

Defendants reference case law of various district courts in other jurisdictions citing to language that they hope the Court will look to for their argument that a pattern of racketeering has not been sufficiently plead. Plaintiffs have not alleged a single fraudulent predicate act –they have alleged hundreds of predicate acts have occurred.  How Defendants can claim that a single act is alleged is neither explained nor clear from the face of the Motion.   Under any circumstance, the Plaintiffs submit that they have met the requirements of sufficiently pleading a "pattern of racketeering" over a period of and as such, Defendant's Motion should be denied.

9

### F.      Defendants' Standing Argument and Proximate Cause Arguments

The Defendant's argument as to standing is baseless.  Defendants cite actual language from other jurisdictions. While they refer to a single 5th Circuit case, they do not cite to its language because an actual review of the case would defeat the argument being made to the Court.  In *Ocean Energy II v. Alexander & Alexander*, 868 F.2d 740, (5th Cir. 1989), the Fifth Circuit discussed the standing requirement under 18 USC 1964 stating:

> Section 1964(c) embodies the only standing requirement which the civil RICO statute itself imposes. Only persons who have been injured "by reason of" the commission of predicate acts have standing to bring suit under section 1964(c). *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496, 105 S. Ct. 3275, 3285, 87 L.E.2d 346 (1985). Interpreting the "by reason of" language the Supreme Court in *Sedima* noted that "the compensable injury necessarily is the harm caused by predicate acts sufficiently related to constitute a pattern" and that "recoverable damages . . . will flow from the commission of predicate acts." 105 S. Ct. at 3285 (emphasis added). In *Zervas v. Faulkner*, 861 F.2d 823 (5th Cir. 1988), we rejected the position taken by the Seventh, Eleventh and possibly Third Circuits interpreting the language in *Sedima* as allowing recovery only for direct injuries. Instead, we stated that "[a] requirement that the nexus between the injury and a predicate act be 'direct' may, at least in some circumstances, be overly restrictive." *Id*. at 833.
>
> Rather than construing section 1964(c) as imposing an artificial distinction between direct and indirect injuries, we believe that *Sedima's* "caused by" and "flow from" language instructs us to employ a traditional causation analysis in determining whether a RICO plaintiff has been injured "by reason of" a section 1962 violation. Thus, a person will be considered injured "by reason of" a RICO violation if the predicate acts constitute (1) factual (but for) causation and (2) legal (proximate) causation of the alleged injury. (internal citations omitted). *Ocean Energy II v. Alexander & Alexander*, 868 F.2d 740, 744, (5th Cir. 1989)

The Defendant argues that the only damages alleged are that Plaintiffs' judgment was not paid. He then argue that a corporate creditor cannot bring a RICO claim based on damages that result solely from the "depletion of corporate assets".  Plaintiffs' however, have suffered additional damages.  Damages under RICO include the attorney fees and litigation expenses incurred as a result of the conspiracy. *LaBarbera v. Angel*, 95 F. Supp. 2d 656, 663, (E.D. Tex. 2000). Here, the Gene Phillips' predicate acts has caused Plaintiffs to incur millions in attorneys fees and expenses.  If the predicate acts had not been completed, those damages would not have occurred.

10

Plaintiffs submit that the arguments by the Defendant as to damages and causation are not the proper subject of a Rule 12(b)(6) Motion where the Plaintiffs have alleged the requirements necessary to establish the elements of their RICO claims.   Plaintiffs submit that it is sufficient that the Plaintiffs have alleged that they suffered damage as a result of the predicate acts of racketeering activities perpetrated by the Defendants. Issues of causation and damages are issues of fact that cannot be decided on the pleadings. Whether something constitutes a proximate cause of an event is a question of fact particularly within the province of a jury. Circumstantial evidence and reasonable inferences therefrom are a sufficient basis for a finding of causation. *Newby v. Enron Corp. (In re Enron Corp. Sec.),* 623 F. Supp. 2d 798, 812, (S.D. Tex. 2009).  Defendant's Motion as to standing and causation of damages should be denied.

### G.    Defendants' Motion as to a RICO Conspiracy Claim

Defendant asserts that the Plaintiffs have failed to plead facts sufficient to give rise to a RICO conspiracy claim pursuant to 18 USC 1962(d).  The 2nd Amended Complaint is filled with allegations as to how each Defendant within the association in fact and those that operated and maintained it, conspired together on every transaction.  In their first Motion to Dismiss, the Defendants argued that there was "group pleading" and that this was improper.  However, as Plaintiffs pointed out, each Defendant was listed when describing certain acts **because they all participated and conspired together to complete the predicate acts**.  It is unclear what additional allegations could be made by the Plaintiffs to satisfy the Defendants as to pleading a RICO conspiracy where the Plaintiffs identify all of the actors as to each predicate act, allege what the predicate act of racketeering was and alleging that the identified what defendants conspired to perform that predicate act.  Defendant's Motion should be denied.

11

## V.        PLAINTIFFS' UNJUST ENRICHMENT CLAIM

### A.       Defendant Wants the Court to Apply The Wrong Standard of Law for Plaintiffs' Unjust Enrichment Claim

The Defendant argues that for an unjust enrichment claim to be permitted, that the Defendant must be in "current possession" of "property" that Plaintiff alleges unjustly enriches the Defendant.  Nowhere in any case cited by the Defendants is it required that a party be in possession of tangible property at issue for an unjust enrichment claim to be raised. (Receiving money as a result of fraudulent conveyance clearly provides a basis for unjust enrichment - -even if the person spent the money and does not have "possess" it any longer –they still received a benefit).   The Defendants confuse the standards of a fraudulent conveyance action with unjust enrichment.    Defendant asks this Court is to apply this "possessory" standard to Plaintiffs' unjust enrichment claim where no such standard applies.

Unjust enrichment is an equitable principle holding that one who receives benefits unjustly should make restitution for those benefits, regardless of whether the defendant engaged in wrongdoing. *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc*., 300 S.W.3d 348, 367 (Tex. App.—Dallas 2009, pet. denied) (citations omitted); *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) (citations omitted)  Unjust enrichment occurs when the person sought to be charged has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain. Id.   A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage. *Heldenfels Bros*. at 41 (Tex. 1992).

The Fifth Circuit has ruled that there need not be any wrongdoing on the part of a party for an unjust enrichment claim to be alleged against them, if they received a benefit passively.

The Fifth Circuit held that the Texas law of unjust enrichment can be explained by distinguishing between active and passive receipt of a benefit. If a defendant receives a benefit

12

passively, he would not have committed any bad act in the process. In such a case the sole inquiry would be whether the money belonged by right to the plaintiff. *Texport Oil Co. v. Lloyd's Underwriters Etc.*, 1996 U.S. App. LEXIS 44988, *9-10 (5th Cir. Tex. Oct. 22, 1996).  On the other hand, when a defendant receives a benefit as the result of his active efforts, courts focus on the propriety of the defendant's conduct.  Id.  It is fundamental that for a person to be entitled to restitution, he must show not only that there was unjust enrichment, but also that the person sought to be charged had wrongfully secured a benefit or had passively received one which it would be unconscionable for him to retain. . When the benefit flows from the defendant's active conduct, the plaintiff must show some wrong act by the defendant and that the defendant was unjustly enriched, i.e. that he retains monies which do no rightfully belong to him. Id.

According to Defendants' theory as to the standard for unjust enrichment, a Defendant who wrongfully receives fraudulently transferred property, could sell the property for cash but because he no longer possesses the property, can avoid an unjust enrichment claim.  This undermines the entire equitable principle behind unjust enrichment.  There is simply no possessory requirement to allege an unjust enrichment claim.  All that Plaintiff need allege is that benefit was received whether by fraud or passively.

Black's Law Dictionary defines "benefit" as:  Advantage; profit; fruit; privilege; gain; interest.  Black's Law Dictionary, 6th Ed. 1991.  Defendants ask the Court to modify the meaning of the term "benefit"  to mean only property that currently is in a Defendant's possession. A benefit does not mean only property one possesses. It could of course, but Plaintiffs found no cases anywhere in Texas or in any Federal Court in the country, where a Court ruled that the term "benefit" in the context of unjust enrichment, means property currently possessed by a Defendant.

After the Court found Plaintiffs' First Amended Complaint deficient, the Plaintiffs provided more specific factual allegations as to what benefits  were received by the various

13

Defendants as a result of the fraudulent conduct which Plaintiffs allege would be unjust for the Defendant to maintain. The Second Amended Complaint alleges that Gene Phillips has received significant tax benefits and other profits and things of value as a result of the fraudulent transfers. (Paras. 17, 53-55, 60, 87-97).   Plaintiffs have alleged that Gene Phillips received (and continues to receive) benefits (whether directly or passively) in the form of funds for financing, fees related to the transactions which were fraudulently obtained, the avoidance of loans being called in, obtain financing for his personal projects, all by using the fraudulently transferred property. Plaintiffs have alleged that Defendant Gene Phillips received significant benefits as a result of the fraudulent transfers that were perpetrated. (See Para. 91-106; 133-135; 150-154 of DE 147).

Accordingly, the Plaintiffs have sufficiently plead that Defendant Gene Phillips received "a benefit" (having identified the "benefit" ) and that the retention of which would be unjust, (Para. 156) and that the benefits were received by Gene Phillips as a result of the <u>actual fraud</u> committed. (Para. 158). Plaintiffs have sufficiently plead facts that could give rise to a valid unjust enrichment claim against Gene Phillips and accordingly, his Motion should be denied.

> **B.     Even if The Court Applies The Erroneous Legal Standard to Plaintiffs' Unjust Enrichment Claim, the Defendant's Motion Should Be Denied**

Even if the Court were to find that the argument (unsupported by any case law) made by Defendants,  that to find a "benefit" the Defendant must still possess some form of "property" (this is the standard to bring a fraudulent transfer claim), the Defendants' Motion should still be denied.  **Contrary to what Defendant states in his Motion,  Paragraph 133 alleges that based on information and belief, Gene Phillips is a recipient of fraudulently transferred assets.**

Plaintiffs have sufficiently plead every element of an unjust enrichment claim against Defendant Gene Phillips.  Accordingly, his motion should be denied.

### C.      Defendants' "Direct Benefit" Argument Fails

Defendants claim that the Plaintiffs' Second Amended Complaint fails to allege that Defendant Gene Phillips received any "direct" benefit from the Plaintiff. Although Defendants cites to Plaintiffs' allegations in Paragraphs 152-154, the Defendants dispute that none of the benefits described in those paragraphs "are direct benefits to Defendants that were conferred by Plaintiffs".   First, Plaintiffs have plead that Mr. Phillips received fraudulently transferred property –property that would otherwise belong to ART and thus Plaintiffs based on their judgment.  Further, the Defendants ignore the legal standard applied and also, ask the Court to go beyond the pleadings and make factual findings that no benefits were actually received by this Defendant.  Again, that is improper at this stage where the Defendants seek dismissal based on Rule 12(b)(6).

While Defendant can deny he received any benefit as a result of fraudulent transfers, whether direct property, funds to fund personal projects, tax avoidance, loans not being called in by lenders or receiving favorable financing, he cannot deny that the Plaintiffs have alleged that these benefits were received.  Defendant argues that nowhere have Plaintiffs alleged what specific loans Gene Phillips guaranteed or how precisely Mr. Phillips saved millions in taxes or would specifically incur millions in liabilities but for the fraudulent transfers.  The Defendants are now trying to impose a summary judgment standard to Plaintiffs' Second Amended Complaint.  At this stage Plaintiffs do not need to allege or prove precisely what agreements exist and how taxes were computed to prove a benefit was received.  It is enough that Plaintiffs have alleged the nature of the benefit received.  To impose a higher standard would render Rule 12(b)(6)'s language meaningless.

Putting that aside, however, the Plaintiffs submit that as to Gene Phillips, the 2nd Amended Complaint explains how the benefits are conferred upon him –he controls ever single Defendant entity for his own benefit and that all ongoing operations of the Defendants were

15

treated collectively as a single unit controlled by and for the benefit of Gene Phillips and his family.  (Para. 60-72; 79-93; 103-106; 123-125; 133-134,).  Unjust enrichment occurs when the person sought to be charged has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain. *Tex. Integrated Conveyor Sys., Inc*. at 367 (Tex. App.—Dallas 2009, pet. denied); *Heldenfels Bros*. at 41 (Tex. 1992).   It would be unconscionable to allow Gene Phillips and the other Defendants to keep the benefits they received as a result of their fraudulent conduct.

Plaintiffs have alleged that Gene Phillips acted in concert and with a unity of interest, association in fact, with all of the Defendants, to commit fraud.  Plaintiffs have alleged that Gene Phillips directly and indirectly received property and benefits as a result of that conduct.  The issue is whether it would be unjust given the fraud committed by Gene Phillips, to allow him to keep the benefit.  Plaintiffs submit that the answer is "yes" and that Plaintiffs have sufficiently plead facts that could lead a jury to find in favor of the Plaintiffs against Gene Phillips on their unjust enrichment claim.  Accordingly, Gene Phillips' Motion, pursuant to Rule 12(b)(6) should be denied.

### D.   Plaintiffs' Have Adequately Plead Fraud In Their Second Amended Complaint

Defendant argues  that there are no allegations of "actual fraud" made by Plaintiffs in conjunction with their Unjust Enrichment claim and therefore, they claim, it must be dismissed pursuant to Rule 9(b).  Defendants refer only to Para. 158 of Plaintiffs' Second Amended Complaint as being the only time Plaintiffs' even discuss "actual fraud".  Defendants then provide the elements for "fraudulent misrepresentation" and argue that no allegations regarding representations made by Mr. Phillips are included.  It is entirely unclear why the Defendant even references fraudulent misrepresentation –no such allegation is involved here.

16

In any event, the very paragraph cited by Defendant, refers to the nature of the actual fraud, referring to the prior allegations incorporated in Paragraphs 1-148 (See Para. 147), of Plaintiffs' unjust enrichment claim.  It is upon the factual allegations alleged in Paragraphs 1-148 that Plaintiffs rely upon to provide the factual basis for the detailed allegations of actual fraud, hence, the incorporation by reference of same under Count II for Unjust Enrichment.

However, so that the Court is not required to sift through the allegations, the Plaintiffs direct the Court to the following Paragraphs (by example only and not limitation) of actual fraud alleged against various Defendants that Plaintiffs alleged has resulted in Defendant Gene Phillips receiving some kind of benefit:  See Paragraphs 47-52; 53-57;  59-60; 87-100; 102-104; 107-117; 120-121; 123-129; 133-148; 183-199 of DE 147.  These Paragraphs specifically detail what the fraudulent conduct that Plaintiffs have alleged occurred which resulted in Gene Phillips being unjustly enriched either by transfers of property directly or by his receipt of benefits that occurred as a result of those transfers.  The Plaintiffs have adequately plead a cause of action for unjust enrichment and have adequately plead the requirements of the fraud giving rise to the benefit conferred as required by Rule 9.  Defendant's Motion in this regard should also be denied.

## VI.     DEFENDANT' S TUFTA ARGUMENT FAILS

Defendant argues that the Plaintiffs have failed to plausibly plead that Gene Phillips is a recipient of fraudulently transferred assets notwithstanding the allegations of Paragraph 133. The Plaintiffs have alleged all of the elements of a TUFTA claim against Gene Phillips and if taken as true, they provide a basis for a claim against him under TUFTA.   Moreover, the transfers were made to benefit Gene Phillips - -Plaintiffs have alleged all elements of a TUFTA claim against this Defendant. The Defendant does not even reference Paragraph 133 of DE 147 which should be dispositive of his Motion.

17

Plaintiffs have alleged that ART owed an obligation to Plaintiffs. That ART's assets were fraudulently transferred, with the intent to hinder and delay creditors, and that Gene Phillips is a recipient of the fraudulently transferred assets and/or the transfers were done for his benefit. Accordingly, Plaintiffs have adequately plead this claim against Mr. Phillips and his Motion should be denied.

## VII.   PLAINTIFFS' ALTER EGO CLAIM

The Defendant argues that Plaintiffs fail to allege facts sufficient to maintain an alter ego claim against Gene Phillips. Defendant argues that there are no factual allegations that could support an alter ego claim. However, the Defendant only refers to a few paragraphs in DE 147. Moreover, the Defendants argue that because there is no allegation that Gene Phillips commingled his personal accounts with those of the Defendants, that the alter ego claim fails. This assertion ignores all law that provides the various factors, that include but certainly is not limited to commingling of funds, as it pertains to alter ego liability. It also completely ignores that a Court of competent jurisdiction has found that Gene Phllips, in fact, controls the entities involved!

Defendant argues that the allegations of Plaintiffs "go so far as to" allege that no transaction is completed "if Gene Phillips did not grant his approval." While the Defendant seems to argue that this allegation is false, the reality is that Plaintiffs have a plethora of evidence gathered over the last 15 years that Plaintiffs have been involved in litigation, (including testimony, emails and letters) that fully support this allegation. The Defendant wants the Court to apply a different standard to this Motion. Whether the Defendant agrees with the allegation or not, the standard required is whether a cognizable claim has been alleged if the allegations are taken as true. Applying that standard, Plaintiffs have clearly met this standard.

Alter ego applies when there is such unity between corporation and individual that the separateness of the corporation has ceased and holding only the corporation liable would result in

18

injustice. **It shown from the total dealings of the corporation and the individual, including the degree to which corporate formalities have been followed and corporate and individual property have been kept separately, the amount of financial interest, ownership and control the individual maintains over the corporation, and whether the corporation has been used for personal purposes**. Its rationale is that 'if the shareholders themselves disregard the separation of the corporate enterprise, the law will also disregard it so far as necessary to protect  individual and corporate creditors. *Wilson v. Davis*, 305 S.W.3d 57, 69-70, (Tex. App. Houston 1st Dist. 2009)

The corporate form normally insulates shareholders, officers, and directors from liability for corporate obligations. However, the corporate veil may be pierced on an alter ego theory where a corporation is organized and operated as a mere tool or business conduit of another. *Tryco Enters. v. Robinson*, 390 S.W.3d 497, 508, (Tex. App. Houston 1st Dist. 2012) (citations omitted). Alter ego applies when there is such unity between corporation and individual that the separateness of the corporation has ceased and holding only the corporation liable would result in injustice. *Id*. It is shown from the total dealings of the corporation and the individual, including the degree to which corporate formalities have been followed and corporate and individual property have been kept separately, the amount of financial interest, ownership and control the individual maintains over the corporation, and whether the corporation has  been  used for **personal** purposes. Id.

To pierce the corporate veil and impose liability under an alter ego theory of liability, a plaintiff must show: (1) that the persons or entities on whom he seeks to impose liability are alter egos of the corporation (2) that the corporate fiction was used for an illegitimate purpose, in satisfaction of the requirements of article 2.21—now Business Organizations Code section 21.223(a) and (b). *See id*. at 456 & n. 57.  *Tryco Enters. v. Robinson*, 390 S.W.3d 497, 508, (Tex. App. Houston 1st Dist. 2012)

19

Thus, to determine whether an alter ego relationship exists in either situation, courts look to the total dealings of the corporation and the individual, including the degree to which corporate and individual property have been kept separately, **the amount of financial interest, ownership, and control the individual maintains over the corporation, and whether the corporation has been used for personal purposes.** *Cappuccitti v. Gulf Indus. Prods*., 222 S.W.3d 468, 481, (Tex. App. Houston 1st Dist. 2007).

The suggestion by Defendants that the Plaintiffs have not alleged adequate facts as to Gene Phillips that if taken as true, could lead a jury to find that Mr. Philliops is the alter ego of every entity Defendant is disingenuous.  As Defendant failed to specify the allegations they claim are deficient in DE 147, the Plaintiffs direct the Court to the following paragraphs that clearly provide a basis for the alter ego claim against Mr. Phillips.  Paragraphs:  60-86 provide allegations that describe and explain how all of the Defendant entities form a single unified business enterprise.  Paragraph 87 alleges that all of the Defendant entities are controlled by and have a unity of interests with Gene Phillips. Paragraph 88 – 97 and 106 alleges and describes how Gene Phillips controls the minute details and aspects of every Defendant, makes all business decisions, approves every check.  Paragraph 93 specifically alleges how all Defendants and those who work for them, are lead to believe and do believe that all of the assets of all of the Defendants belong and are controlled by Gene Phillips and are considered his family's assets.

 Paragraph 98 -101 describes how the accounting for all of the Defendant entities is commingled with Gene Phillips having the ultimate control over same. Paragraphs 102-103 allege that Gene Phillips directed the fraudulent transfers for his own personal financial gain and to protect his personal assets as well as to fund his personal projects. The allegations set out under Count IV of Plaintiffs' 2nd Amended Complaint, incorporate the foregoing factual allegations and further provide additional factual support for the claim. (See Para. 165-182).

The Defendant, of course, ignores Paragraph 173 – 174 that alleges the factual findings made by the Bankruptcy Court in ART's bankruptcy and alleges that Mr. Phillips is bound by those findings - -which include that he controls the entity Defendants.

The Plaintiffs submit that on its face, the Plaintiffs have adequately and sufficiently detailed the allegations that if taken as true, could lead a jury to find that Gene Phillips is the alter ego of the entity Defendants whether under Texas or Georgia law.  Further, the Defendants argument that no "actual fraud" has been plead, is without basis.  The allegations as to the fraudulent transfers as well as the fraud committed in conjunction with the RICO claims cannot be ignored. Plaintiffs have met their burden under 12(b)(6) and accordingly, Defendant's Motion should be denied.

## VIII.   CONCLUSION

The Plaintiffs' 2nd Amended Complaint  fully details the "who, what, where and when" as to Gene Phillips conduct, control and his racketeering activities that have been ongoing for decades. .  As this Honorable Court recognized in its Opinion issued almost fifteen years ago in *Steiner v. Southmark Corp*., 734 F. Supp. 269 (N.D. Tex. 1990) (J. Fitzwater), (**where ironically, the very same Defendant Gene E. Phillips was a Defendant alleged to have committed fraud),** the Court held:

> Rule 9(b) neither serves as a throwback to the hypertechnical pleading requirements of the Field Code nor requires needlessly repetitive pleading. . . Instead, Rule 9(b) is read in conjunction with Fed. R. Civ. P. 8 which requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief'. . . **To satisfy Rule 9(b), a complaint need only apprise the defendant of the time, place, and nature of fraudulent behavior and defendant's relationship thereto.** *Steiner v. Southmark Corp*., at 273 (N.D. Tex. 1990)

Here, the Plaintiffs have asserted claims that demonstrate the time, place and nature of the fraudulent behavior and Gene Phillip's relationship thereto. Plaintiffs have demonstrated that the TUFTA claims, unjust enrichment claim, RICO and alter ego claims are sufficiently plead

21

and represent real claims that are not barred based on any argument raised in Defendant's Motion to Dismiss.

This is not ordinary fraud. Gene Phillips and those he controls have engaged in a long pattern and practice of fraudulent conduct, including but not limited to mail fraud, wire fraud, fraudulent reporting to the SEC, bankruptcy fraud and other egregious acts, over a period of decades.  Perhaps Defendants consider this "ordinary fraud" because they have been doing this for so long and its just their ordinary way of doing business.

The Plaintiffs submit that for the reasons set forth above, Defendant Gene Phillips' Motion at DE 155 should be denied in its entirety.

Respectfully submitted,

SICILIANO MYCHALOWYCH & VAN DUSEN, PLC

By:/s/ Andrew W. Mychalowych
     Andrew W. Mychalowych (P39602)
     Meghan W. Cassidy (P60356)
     Attorneys for  David M. Clapper,
     Atlantic XIII, LLC and Atlantic Midwest, LLC
     37000 Grand River Ave., Ste. 350
     Farmington Hills, MI  48335
     (248) 442-0510

### *CERTIFICATE OF SERVICE*

The undersigned hereby certifies that on August 21, 2015 the undersigned filed the foregoing document bearing this Certificate of Service with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court, which will provide notification of this filing to all attorneys of this case who are registered ECF users.  The undersigned hereby certifies that he has served all counsel of record electronically or by another manner authorized by the Federal Rules of Civil Procedure 5(b)(2).

/s/ Andrew W. Mychalowych