**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| DAVID M. CLAPPER, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CASE NO: 3:14-cv-02970-D |
| | § | |
| AMERICAN REALTY INVESTORS, INC., | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' AMERICAN REALTY INVESTORS, INC., EQK HOLDINGS, INC., AND AMERICAN REALTY TRUST, INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) AND RULE 19, AND TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' FOURTH AMENDED COMPLAINT PURSUANT TO RULE 41**

# TABLE OF CONTENTS

Table of Contents......................................................................................................................ii

Table of Authorities...............................................................................................................iii

I.     INTRODUCTION...............................................................................................................1

II.    STANDARD OF REVIEW................................................................................................3

III.   LAW AND ARGUMENT....................................................................................................4

        A.  DEFENDANTS' MOTION SHOULD BE DENIED IN ITS ENTIRETY.................4

               1.Defendants' argument that Atlantic XIII is an indispensable party fails.........4

                  a.   Review of Rule 19 factors.........................................................................5

                  b.   Defendants willfully misrepresent that Plaintiffs Atlantic Midwest
                     and Mr. Clapper seek damages that were awarded jointly to Atlantic
                     XIII.......................................................................................................13

               2.Defendants' argument regarding the Partnership is completely
                 without merit................................................................................................16

                3.Defendants' claim that Plaintiffs knew Atlantic XIII was not diverse
                 is not supported by any evidence..................................................................20

                4.The Court should permit the Fourth Amended Complaint to stand................21

IV.   CONCLUSION....................................................................................................................23

## TABLE OF AUTHORITIES

**Cases**

*Allen v. McCurry*, 449 U.S. 90; 101 S. Ct. 411; 66 L. Ed. 2d 308 (1980)........................................19

*Americold Realty Trust v. Conagra Foods, Inc*., 136 S.Ct. 1012; 194 L.Ed.2d 71 (2016)...............21

*Bates v. Laminack*, 938 F. Supp. 2d 649 (S.D. Tex. Apr. 1, 2013)................................................4, 5

*Bry-Man's, Inc. v. Stute,* 312 F.2d 585 (5th Cir. 1963).......................................................................4

*Cf. Prescription Plan Service Corp. v. Franco*, 552 F.2d 493 (2nd Cir. 1977)................................12

*Delgado v. Plaza Las Ams*., 139 F.3d 1 (1st Cir. 1998).......................................................................7

*Hobbs v. Hawkins*, 968 F.2d 471 (5th Cir. 1992)..............................................................................3

*Hood ex rel Mississippi v. City of Memphis*, 570 F.3d 625 (5th Cir. 2009).......................................5

*IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc.*,
    676 F.2d 152 (5th Cir. 1982)........................................................................................................4

*Jefferson v. Certain Underwriters at Lloyd's London*, 658 Fed. Appx. 738 (5th Cir. 2016)..............2

*JPMorgan Chase Bank, N.A. v. Sharon Peters Real Estate, Inc.*,
    2013 U.S. Dist. LEXIS 98174 (W.D. Tex. Jul. 15, 2013)..............................................5, 8, 11

*Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530 (5th Cir. 1978)...............7, 18

*Maiden v. N.A. Stainless, L.P.*, 125 F. Appx. 1 (6th Cir. 2004).........................................................18

*McClinton v. State Farm Lloyds*, 2016 U.S. Dist. LEXIS 119753 (N.D. Tex. Sept. 6, 2016).......5, 11

*Moreau v. Oppenheim*, 663 F.2d 1300 (5th Cir. 1981)......................................................................4

*Navarro Sav. Ass'n v. Lee*, 446 U.S. 458; 10 S. Ct. 1779; 64 L.Ed.2d 425 (1980).........................18

*Newby v. Enron Corp.*, 2008 U.S. Dist. LEXIS 21560 (S.D. Tex. Mar. 19, 2008)...........................7

*New England Mutual Life Ins. Co. v. Brandenburg*, 8 F.R.D. 151 (S.D.N.Y. 1948).........................4

*Newman-Green Inc. v. Alfonzo-Larrain*,
    490 U.S. 826; 104 L.Ed.2d 893; 109 S.Ct. 2218 (1989)......................................................1, 4

*Provident Tradesmen's Bank & Trust Co. v. Patterson,*

390 U.S. 102; 88 S. Ct. 733; 19 L. Ed. 2d 936 (1968).............................................................15

*Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305 (5th Cir. 1986).....................................4, 5, 7, 11

*R & R White Family Ltd. P'ship v Jones*, 182 S.W.3d 454 (Tex. App.—Texarkana 2006)...............17

*Saraw Partnership v. United States*, 67 F.3d 567 (5th Cir. 1995).........................................3

*Shelton v. Exxon Corp.*, 843 F.2d 212 (5th Cir. 1988)....................................................4, 5

*Shermoen v. United States*, 982 F.2d 1312 (9th Cir. 1993).................................................6

*Shields v. Barrow*, 58 U.S. 130; 15 L. Ed. 158 (1855)......................................................4

*Sorrels Steel Co., Inc. v. Great Southwest Corp.*, 906 F.2d 158 (5th Cir. 1990)..................8

*Whitmire v. Victus Ltd.*, 212 F.3d 885 (5th Cir. 2000)...................................................12

*Ynclan v. Department of the Air Force*, 943 F.2d 1388 (5th Cir. 1991)............................3

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 12(b)(1)...................................................................................3, 23

Fed. R. Civ. P. 19(a)(1)(B)(i)....................................................................................6

Fed. R. Civ. P. 19(a)(1)(B)(ii)...................................................................................7

Fed. R. Civ. P. 19(a)(1)........................................................................................4, 5

Fed. R. Civ. P. 19(a)............................................................................................4, 7

Fed. R. Civ. P. 19(b)...........................................................................7, 8, 9. 10, 11, 12

Fed. R. Civ. P. 19..................................................................................................5

Fed. R. Civ. P. 21.............................................................................................2, 14

**Code**

28 U.S.C. §1332...................................................................................................22

28 U.S.C. §1927...................................................................................................22

**Additional Sources**

*Moore's Federal Practice PP* 19.03[4][d]-[e] (3d. ed. 2007)...........................................7

## I.    INTRODUCTION

Defendants American Realty Trust, Inc. ("ART"), American Realty Investors, Inc. ("ARI"), and EQK Holdings, Inc. ("EQK") (collectively, "Defendants") filed their Motion to Dismiss (DE 657) on January 16, 2018.  Defendant Gene Phillips ("Phillips") filed a separate Motion to Dismiss (DE 658). This Response is in response to Defendants' Motion to Dismiss. However, the Court will note that throughout most of their briefs, Defendants and Phillips raise identical or similar arguments. As a result, in many respects, Plaintiffs' responses to the Motions are substantially similar.

Defendants argue that this case must be dismissed because the Court lacks subject matter jurisdiction. As a result of the federal RICO claim being dismissed by the Court, diversity jurisdiction is the sole remaining jurisdictional basis that this Court can assert over this case. In December of 2017, Plaintiffs discovered that four nominal members of Atlantic XII, L.P. ("Atlantic XII"), which is a member of Atlantic XIII, LLC ("Atlantic XIII"), are Georgia citizens, which could impair this Court from exercising diversity jurisdiction in this case, as Defendant ART is a Georgia corporation. Plaintiffs have sought leave from the Court to remove Atlantic XIII as a Plaintiff for diversity jurisdiction purposes to permit this case to move forward to trial; briefing on that Motion recently concluded. Defendants filed this Motion to Dismiss while the Court's decision on Plaintiffs' Motion for Leave remains pending.

Defendants argue that the district court cannot retroactively create jurisdiction if it did not exist when the complaint was filed.  This Court clearly had federal question jurisdiction at the time the complaint was filed (i.e., RICO). Additionally, the Fifth Circuit has held: "In neither *Newman-Green* nor *Caterpillar* did the absence of complete diversity at the time of filing or the time of removal preclude the later exercise of diversity jurisdiction. Put differently, **the absence of complete diversity at the time of commencement of an action can generally be cured—and diversity**

1

**jurisdiction established—by the dismissal of non-diverse parties.**" *Jefferson v. Certain Underwriters at Lloyd's London*, 658 Fed. Appx. 738, 741 (5th Cir. 2016) (emphasis added).

Defendants admit in their Motion that some of the awards contained in the Final Judgment ("Final Judgment") (DE 962) in Case No. 99-cv-2355 ("the 1999 case") were awarded individually; however, they insist regardless that Atlantic XIII is a joint judgment creditor or co-obligee with Atlantic Midwest, LLC ("Atlantic Midwest") and David Clapper ("Mr. Clapper"). Defendants argue that because Atlantic XIII is a joint obligee of amounts awarded to Atlantic Midwest and Mr. Clapper, Atlantic XIII is an indispensable party to this case, and cannot be removed by the Court. However, Defendants intentionally misled the Court when they failed to disclose to the Court that Plaintiffs provided their Fifth Amended and Restated Rule 26 Disclosures ("Amended Disclosures"), which precisely specify which damages each Plaintiff is seeking (Ex. 1, App. 1-30).  Plaintiffs' Amended Disclosures explicitly state that Atlantic Midwest and Mr. Clapper are <u>not</u> seeking any damages in this matter that were awarded to Atlantic XIII, <u>either individually or jointly in the Final Judgment</u>.  Mr. Clapper and Atlantic Midwest only seek judgment for those amounts that were awarded to them individually. As none of the judgment amounts Atlantic Midwest and Mr. Clapper are seeking were awarded to them jointly with Atlantic XIII, Atlantic XIII is a dispensable party, and the Court may, in its discretion under Fed. R. Civ. P. 21, remove it as a party so that complete diversity exists among the remaining parties.  **Although Defendants allege that Atlantic XIII's judgment claims cannot be separated from Atlantic Midwest's and Mr. Clapper's, Defendants cite to no authority to support this allegation.**

Defendants further argue that the Final Judgment in the 1999 case awards $35,730,652.70 ("$35 million") "as damages owned and recovered by, and on behalf of, ART Midwest L.P. ("the Partnership")" and that the "$35 million represents almost 60 percent of the total judgment amount." (DE 657 at PgID 32200). <u>This statement by Defendants is incredibly deceptive; it implies that the Partnership was awarded damages in its own name as a party in that case.</u>  Defendants fail to disclose

2

to this Court that Atlantic Midwest was awarded $35 million <u>on behalf of</u> the Partnership. Defendants further fail to divulge that the parties stipulated to dismiss the Partnership from the 1999 case, as all agreed it was a "nominal party" (and the Court entered an Order to that effect); that Joe Kendall's office filed a Complaint against Atlantic Midwest and Mr. Clapper in September of 2014, making the same argument that Defendants make in their Motion to Dismiss regarding the Partnership (which was voluntarily dismissed the following month, after Plaintiffs' counsel served a Rule 11 letter upon Mr. Kendall's office), and that <u>both Judge Godbey and the Fifth Circuit found that Atlantic Midwest, as the managing general partner of the Partnership, was entitled to bring the legal claims on behalf of the Partnership, and to enforce the Judgment entered in Atlantic Midwest, LLC's name, without the Partnership remaining a party to that litigation</u> (Ex. 2, App. 31-55). Furthermore, because the Partnership was not a party in the 1999 case at the time of judgment and did not receive a judgment in its name, it is not an indispensable or even *necessary* party to this action.

## II.      STANDARD OF REVIEW

Defendants' Motion fails to set forth the standard of review for a Fed. R. Civ. P. 12(b)(1) Motion. In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), dismissal is proper when it appears certain that the plaintiffs cannot prove any set of facts in support of their claim which would entitle them to relief. *Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995), citing *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992). A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ynclan v. Department of the Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991).

## III.    LAW AND ARGUMENT

### A.    DEFENDANTS' MOTION SHOULD BE DENIED IN ITS ENTIRETY

#### 1.    <u>Defendants' argument that Atlantic XIII is an indispensable party fails.</u>

Defendants argue that Atlantic XIII is an indispensable party and that therefore, it cannot be dismissed from this action. **Dismissal for failure to join indispensable parties is disfavored.** *Bates v. Laminack*, 938 F. Supp. 2d 649, 661 (S.D. Tex. Apr. 1, 2013) (emphasis added). **Those whose interests are separable are not indispensable parties.** *Shields v. Barrow*, 58 U.S. 130, 137; 15 L. Ed. 158 (1855) (emphasis added); *Bry-Man's, supra* at 587. **"[t]he court will 'strain hard' to find interests to be separable so that an action need not be dismissed."** *Bates, supra*, citing *New England Mutual Life Ins. Co. v. Brandenburg*, 8 F.R.D. 151, 154 (S.D.N.Y. 1948) (emphasis added).

<u>"Under the flexible federal joinder rules, 'pragmatic concerns rather than conclusory labels now control.' . . . Rule 19 permits courts to retain jurisdiction 'where the interests of substantial justice require it.'"</u> *Moreau v. Oppenheim*, 663 F.2d 1300, 1309-10 (5th Cir. 1981) (emphasis added). "The very nature of the intensely factual inquiry called for by Rule 19 precludes establishment of any bright-line rule." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1313 (5th Cir. 1986). As the Supreme Court noted in *Newman-Green Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832; 104 L.Ed.2d 893; 109 S.Ct. 2218 (1989), **dispensable, non-diverse parties may be dropped from a suit at any time, even after judgment has been entered**.  **A party is indispensable only if the claims raised cannot be adjudicated without it.**  *Shelton v. Exxon Corp.*, 843 F.2d 212, 216 (5th Cir. 1988).  <u>Unless the Court finds that a party is indispensable</u>, it has no discretion, except in the most exceptional cases, to dismiss the case even if a necessary party cannot be joined. *Id.*, citing *IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc.*, 676 F.2d 152 (5th Cir. 1982).

> Determining whether to dismiss a case for failure to join an indispensable party requires a two-step inquiry. First the district court must determine whether the party should be added under the requirements of Fed. R. Civ. P. 19(a). Rule 19(a)(1)

requires that a person subject to process <u>and whose joinder will not deprive the court of subject-matter jurisdiction</u> be joined if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. *Hood ex rel Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009) (emphasis added); Fed. R. Civ. P. 19(a)(1).

a.   **Review of Rule 19 factors**

<u>Rule 19(a)(1)(A)--The Court can accord complete relief among the remaining parties</u>

As stated earlier in this Response, none of the amounts that Plaintiffs are seeking as damages were awarded jointly with Atlantic XIII; only Mr. Clapper's and Atlantic Midwest's individual judgment amounts are sought, as was clearly indicated in Plaintiffs' Amended Disclosures (See Ex. 1, App. 1-30). **"A court may be able to afford complete relief if the plaintiff seeks damages only for itself."** *JPMorgan Chase Bank, N.A. v. Sharon Peters Real Estate, Inc.*, 2013 U.S. Dist. LEXIS 98174 at 14-15 (W.D. Tex. Jul. 15, 2013) (emphasis added), citing *Pulitzer-Polster*, *supra* at 1309 (5th Cir. 1986). **The fact that judgment creditors may have to compete against other judgment creditors to satisfy their claims against the debtor's assets does not trigger indispensable party status.** *Bates, supra* (emphasis added). "Rule 19 does not contemplate joinder of any party who might possibly be affected by a judgment in any way." *Shelton, supra* at 218. The Fifth Circuit has found that a court may be able to afford complete relief if the plaintiff seeks damages only for itself, as Atlantic Midwest and Mr. Clapper do.  Atlantic XIII's absence would not deprive the Court of the ability to render complete relief.  In *McClinton v. State Farm Lloyds*, 2016 U.S. Dist. LEXIS 119753 (N.D. Tex. Sept. 6, 2016), this Court found that even when facts and arguments that would be relevant to an absent party would be identical to a party currently in the case, the Court could still accord complete to the current parties to the case without the absent party's presence as a party-

5

plaintiff. *Id*. at 5-6. Therefore, this factor weighs in favor of finding that Atlantic XIII is not an indispensable party.

> Rule 19(a)(1)(B)(i)--Disposing of Atlantic XIII's interest in this case would not impair or impede its ability to protect its interest

Permitting Plaintiffs to remove Atlantic XIII from this case would not impair or impede Atlantic XIII's ability to protect its interest, as Atlantic XIII has its own judgments against ART, and can bring suit in State Court to enforce those judgments. Absent parties are not necessary parties if their interests are adequately represented by existing parties. The "impair or impede" factor focuses on protecting the interest of the absent party. A Ninth Circuit Court case is instructive in this regard: *Shermoen v. United States*, 982 F.2d 1312, 1318 (9th Cir. 1993). In *Shermoen*, the Court found that it was appropriate to consider: (1) whether the interests of a present party to the suit are such that it will undoubtedly make all of the absent party's arguments; (2) whether the party is capable of and willing to make such arguments; and (3) whether the absent party would offer any necessary element to the proceedings that the present parties would neglect to offer. *Id.*

Here, the interests of Atlantic Midwest and Mr. Clapper are such that they will undoubtedly make all of Atlantic XIII's arguments, and they are capable of and willing to make such arguments. Additionally, Atlantic XIII would not offer any necessary element to the proceedings that Atlantic Midwest and Mr. Clapper would neglect to offer. The theories of recovery in this suit are the same for all three Plaintiffs. Therefore, upon consideration of these factors, this Court should find that Atlantic Midwest and Mr. Clapper can adequately represent Atlantic XIII's claims; thus, Atlantic XIII is not a necessary party. Moreover, Atlantic XIII does not object to its claims being severed from this action. Atlantic XIII's interests would therefore be protected if it was removed from this case.

<u>Rule 19(a)(1)(B)(ii)--Disposing of Atlantic XIII's interest in this case would not leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of Atlantic XIII's interest.</u>

Permitting Plaintiffs to remove Atlantic XIII from this case would not leave any Defendant subject to a substantial risk of incurring double, multiple, or inconsistent obligations. Defendants argue that there can be no doubt that Atlantic XIII asserts claims against Defendants that are identical to those asserted by the other Plaintiffs. **This is simply untrue.** Each judgment amount is a separate claim. **All claims sought in the underlying litigation are merged into the Final Judgment.** *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). None of the claims Atlantic XIII was awarded jointly are sought in the Fourth Amended Complaint, and there is no legal requirement that they be pursued together with the Judgment amounts individually awarded to Mr. Clapper and Atlantic Midwest. Those claims are clearly severable.

Defendants cite to negative precedent and res judicata as reasons for this Court to find Rule 19(a)(1)(B)(ii) satisfied. <u>This factor only looks to double, negative, or inconsistent obligations, not to prejudice.</u> Prejudice is addressed in Rule 19(b). Courts have found that "inconsistent obligations" are not equivalent to inconsistent adjudications or results. *Delgado v. Plaza Las Ams.*, 139 F.3d 1 (1st Cir. 1998); see also James Wm. Moore et al., *Moore's Federal Practice PP* 19.03[4][d]-[e] (3d. ed. 2007); also cited in *Newby v. Enron Corp.*, 2008 U.S. Dist. LEXIS 21560 (S.D. Tex. Mar. 19, 2008). "Inconsistent obligations occur when a party cannot comply with one court's order without breaching the order of another court that pertains to the same incident." *Delgado, supra*. "…[o]bligations cannot be equated with litigation...Instead, the subsection is intended to prevent a double or otherwise inconsistent liability." *Pulitzer-Polster, supra at 1312.* "<u>Unlike a risk of inconsistent obligations, a risk that a defendant who has successfully defended against a party may be found liable to another party in a subsequent action arising from the same incident—i.e. a risk of inconsistent obligations or results—does not necessitate joinder of all of the parties into one action pursuant to Fed. R. Civ. P. 19(a).</u>" *Delgado, supra* (emphasis added). Any obligations imposed in

7

this case would only be with regard to the claims asserted by Mr. Clapper and Atlantic Midwest individually, as specifically delineated by reference to the applicable paragraphs of the underlying Judgment (paragraphs 1 and 5); therefore, Defendants would not be subject to double liability for the same claims.

A review of the factors listed in Rule 19(a) shows that <u>Atlantic XIII is not a necessary party</u>. The Court can afford complete relief among the existing parties with regard to the claims at issue. Dismissing Atlantic XIII from this case would not impede its ability to protect its interests because Atlantic XIII has its own judgments against ART and can sue in State Court to enforce those judgments. Finally, dismissing Atlantic XIII from this case would not subject Defendants to inconsistent obligations, as it would only impose obligations asserted by Mr. Clapper and Atlantic Midwest individually. <u>A court must only consider whether a party is indispensable under Rule 19(b) if it first finds that the party is necessary under Rule 19(a)</u>. *Sorrels Steel Co., Inc. v. Great Southwest Corp.*, 906 F.2d 158, 168 (5th Cir. 1990). Since Atlantic XIII is not a necessary party, this Court need not proceed to Rule 19(b) to determine whether Atlantic XIII is indispensable.

In the alternative, if this Court determines that Atlantic XIII is a necessary party, it is clear that it is not feasible for Atlantic XIII to remain a party, as its inclusion in the case would deprive the Court of subject-matter jurisdiction.  As the Court found in *JPMorgan Chase*, *supra*, if this Court does not permit Atlantic XIII to be removed from this case as a Plaintiff, this Court would not have diversity jurisdiction, as jurisdiction exists only if there is complete diversity. Because Defendant ART and four minority shareholders in Atlantic XII, L.P., (which is a shareholder in Atlantic XIII) are citizens of Georgia, if this Court were to refuse to permit Plaintiffs to remove Atlantic XIII as a Plaintiff, this Court would be deprived of diversity jurisdiction, which the *JPMorgan Chase* Court found to be "not feasible." *Id*. at 11. Therefore, it is not possible for Atlantic XIII to remain in this suit.

Therefore, the Court must next look to Rule 19(b), which requires that the Court consider the following factors:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>> (A) protective provisions in the judgment;
>> (B) shaping the relief; or
>> (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Rule 19(b)(1)--Prejudice to the absentee or existing parties

Defendants wrongly argue that they would be prejudiced if Atlantic XIII was removed from this case because it possesses or asserts claims against Defendants identical to those asserted by Atlantic Midwest and Mr. Clapper; therefore, they allege that judgment in this case would pose no barrier to re-litigation of identical issues. Defendants deliberately misstate that Atlantic Midwest and Mr. Clapper are pursuing identical claims to the claims asserted by Atlantic XIII (or Defendants fail to understand that *claims* are distinguishable from *theories of liability)*. All the *claims* held by the Plaintiffs in this matter arise from the Final Judgment entered on February 10, 2016, which awarded separate damages (in separate paragraphs) to each Plaintiff. While the theory of liability (fraudulent transfer, alter ego, unjust enrichment) for the claims may be the same, the claims themselves are separate, and therefore separable. No claims that were awarded to Atlantic XIII individually or jointly are sought by Atlantic Midwest and Mr. Clapper in this suit. While the *theories of liability* may have to be litigated by Atlantic XIII in State Court in the event that this Court permits Plaintiffs to remove Atlantic XIII from this case (**no different than any other creditor of ART—which claims would never have to be joined with Mr. Clapper's or Atlantic Midwest's separate claims**), it is a blatant misstatement to allege that Atlantic Midwest and Mr. Clapper are pursuing identical *claims* to Atlantic XIII.

9

**Defendants would not be prejudiced if the Court permitted Atlantic XIII to be removed from this case because <u>all</u> Defendants would have a full opportunity to defend the claims against them in this action.** Once liability is determined in this case, collateral estoppel would likely apply in any State Court suit—whether liability was assessed against Defendants in this case, or if this Court found in Defendants' favor—and would prevent the State Court from having to re-litigate liability.  If Plaintiffs do not prevail on liability in this matter, Defendants would argue that Plaintiffs would be estopped from recovering on those theories of liability in State Court, which would benefit Defendants.

While Defendants argue that Atlantic XIII would be prejudiced if the Court permitted it to be removed as a party, the reality is that Atlantic XIII would suffer the same prejudice either way. If this Court dismissed this entire case, all the claims, including Atlantic XIII's, would be dismissed without prejudice.[1] If the Court permitted Atlantic XIII to be removed from this action, Atlantic XIII would also be dismissed from this case without prejudice. Either way, the end result for Atlantic XIII is the same—Atlantic XIII is dismissed without prejudice. Again, Atlantic XIII does not object to being dismissed from this case.

Rule 19(b)(2)--Extent to which prejudice could be avoided by shaping relief

The Court should consider the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures. **Defendants make no real argument regarding the ability of the Court to fashion a judgment that would avoid prejudicing Atlantic XIII or Defendants; they merely baldly state that "in light of the broad relief requested, it is difficult to envision any conceivable way to fashion a meaningful**

---

[1] Notably, if the Court did not grant Plaintiffs' Motion for Leave to Remove Atlantic XIII as a Party, the same theories of liability would have to be litigated in State Court as well.  The outcome is the same, but dismissal in this case (on the eve of trial after discovery has concluded, experts have provided reports, and the matter fully litigated) would be a tremendous waste of both judicial and the parties' resources.

10

**judgment that will not affect Atlantic XIII's interests or prejudice Defendants."** However, the Court can clearly fashion relief to avoid any prejudice to the parties. Any judgment entered by the Court would clearly be awarded only for Atlantic Midwest's and Mr. Clapper's individual claims against the Defendants, that emanate only from specific paragraphs in the Final Judgment (i.e. paragraphs 1 and 5). Atlantic XIII's absence would not deprive the Court of the ability to render complete relief to the existing parties. See *McClinton, supra*. The Court can indicate in its Order that only those claims that are not joint with Atlantic XIII are being decided, and that Atlantic XIII's individual and joint claims against the Defendants are dismissed without prejudice.

Rule 19(b)(3)--Adequacy of the judgment

Defendants next argue that any judgment rendered in Atlantic XIII's absence will necessarily be inadequate. Any judgment rendered in this case if Atlantic XIII was removed would be adequate, because it would only address those claims individually awarded to Atlantic Midwest and Mr. Clapper, and would settle those claims in their entirety. Atlantic XIII would still have the opportunity to litigate its individual and joint claims in State Court, and Defendants would have the opportunity to defend against those claims in State Court.

One of the factors courts often review to determine the adequacy of remedies is the current stage of the litigation. Courts have found if a federal case is in the early stages of litigation, the burden of re-filing is minimal. *JPMorgan Chase, supra; Pulitzer-Polster, supra*. This case has proceeded for three and a half years in the federal court at this point; it is fully litigated and on the eve of trial. The burden of re-filing the entire case in State Court at this point would be substantial. Defendants disingenuously argue that the State Court is as convenient to Plaintiffs as the Federal Court. Given the necessity for counsel to appear on a regular basis in State Court, Texas State Court would be extremely inconvenient for Plaintiffs' counsel, given that their offices are in Michigan. Defendants incredulously argue that this case is "still in the pleadings stage" (DE 660, PgID 32805).

11

This is a blatant mischaracterization of the stage of the case. Until this Court entered an Order vacating the Trial Setting Order on January 22, 2018 (DE 662), this case was scheduled for trial on the February 20, 2018 docket, and the parties were ready for trial. Plaintiffs recently filed their Amended Disclosures in order to ensure all witnesses, documents, and experts were properly disclosed in advance of trial. Plaintiffs also filed their expert, Thomas Frazee's, last supplemental expert report 30 days prior to the scheduled trial date. (Defendants have noticed Mr. Frazee's deposition for Feb. 6, 2018.) *Whitmire v. Victus Ltd.*, 212 F.3d 885 (5th Cir. 2000) is instructive: **"Defendant has completed discovery and plaintiff's amendment does not seek to inject any new facts or causes of action in the case, merely to see it through to its conclusion in the same forum in which it started."** *Id*. at 890 (emphasis added). The parties here have completed discovery (and are ready for trial) and Plaintiffs here do not seek to inject any new facts or causes of action into the case, but merely to see this case to conclusion in the same forum in which it started.

<u>Rule 19(b)(4)--The adequacy of Plaintiffs' remedy if the case was dismissed</u>

Finally, the Court must assess whether the Plaintiffs would have an adequate remedy if the case was dismissed without prejudice for lack of diversity. Plaintiffs would not. If this case was dismissed and had to re-filed in State Court, Defendants would have a strong statute of repose argument, given that fraudulent transfers occurred in 2011. Plaintiffs would be forced to file in State Court at least seven years after some of the transfers, possibly barring some of their fraudulent transfer claims. Additionally, this case has been litigated in Federal Court for nearly three and a half years; millions of dollars have been spent on attorney fees, expert witness fees, and discovery, all of which will have been for nothing if this case is dismissed.

Courts are to look to pragmatic considerations when evaluating Rule 19 issues [e.g. "The present controversy has been pending for five (5) years. Considerable time, effort, and money has been spent by both parties. **This we believe weighs very heavily against dismissing**…" *Cf.*

12

*Prescription Plan Service Corp. v. Franco*, 552 F.2d 493 (2nd Cir. 1977) (emphasis added)]. Equity weighs heavily in favor of this Court permitting this case to proceed without Atlantic XIII, as discovery in this case has revealed that Defendants fraudulently transferred over $200 million worth of TCI stock on the eve of the January 2011 trial in the 1999 case. Defendants also fraudulently transferred more than $400 million in cash (the so-called "deemed dividends"), which they failed to disclose to the Bankruptcy Court, which dismissed the ART bankruptcy after trial as a bad faith filing. This Court should also consider why Defendants are pushing so hard for a dismissal of this action.  Plaintiffs suspect that Defendants hope to persuade this Court to dismiss this matter to enable them to buy more time to make additional transfers to avoid the substantial liability already imposed by Judge Godbey and affirmed by the Fifth Circuit **Equity insists that it would be patently unfair for the Court to permit Defendants to be rewarded for their unlawful actions and delay.** Upon weighing all of the Rule 19 factors, this Court should find that, in equity and good conscience, Atlantic XIII is not an indispensable party. This Court should therefore permit Plaintiffs to remove Atlantic XIII as a party from this matter, and this case should proceed to trial with the remaining parties.

    a.  **Defendants willfully misrepresent that Plaintiffs Atlantic Midwest and Mr. Clapper seek damages that were awarded jointly to Atlantic XIII.**

Defendants appear to solely rely on the fact that the Final Judgment provides damages awards to Atlantic Midwest, Atlantic XIII and Mr. Clapper to support their contention that the Plaintiffs are joint obligees. Defendants argue that in only one paragraph of the Final Judgment is Atlantic XIII listed as a creditor separate and apart from any other creditor. What is relevant for this Court's purposes is whether Atlantic Midwest and Mr. Clapper are seeking amounts that were awarded jointly with Atlantic XIII, which they are not.

Defendants argue that Atlantic XIII seeks to recover damages awarded jointly with Atlantic Midwest and Mr. Clapper in the Final Judgment. This is a blatant misrepresentation. Upon

13

Defendants' request (Ex. 3, App. 56-57), Plaintiffs served Fifth Amended Disclosures on Defendants on January 11, 2018 (Ex. 1, App. 1-30), which specifically clarify the damages Plaintiffs are seeking. Each of the amounts Atlantic Midwest and Mr. Clapper seek were awarded to Atlantic Midwest or Mr. Clapper individually; **no amounts that were awarded jointly with Atlantic XIII are sought in the Fourth Amended Complaint.** Defendants cite to no authority that states that joint and individual claims cannot be litigated separately.

The Amended Disclosures set forth the following statement as to damages Plaintiffs Atlantic Midwest and Mr. Clapper are seeking:

> Subject to Plaintiffs' pending Motion for Leave to Remove Plaintiff Atlantic XIII, LLC as a Party in Plaintiffs' Fourth Amended Complaint Pursuant to Fed. R. Civ. P. 21 (DE 652) and the Court's Order dated December 27, 2017 (DE 653), Plaintiffs David M. Clapper and Atlantic Midwest, LLC claim the following damages in this matter, as set forth in Case No. 99-cv-2355 in the U.S. District Court for the Northern District of Texas, in the Final Judgment ("Final Judgment") entered by Hon. David C. Godbey on February 10, 2016 (DE 962):

> In addition to the turnover relief requested in Count I of Plaintiffs' Fourth Amended Complaint, Plaintiff David M. Clapper seeks damages in the amount of $5,000,000.00 together with prejudgment interest at 10%, from March 22, 1999 through October 11, 2011, in the amount of $11,564,882.93, plus post-judgment interest at the rate of 0.11%, compounded annually, beginning October 12, 2011, until paid in full, **as set forth in paragraph 1 of the Final Judgment**, plus punitive damages in an amount exceeding $5,000,000.00, prejudgment interest, post-judgment interest, attorneys fees, and costs in this matter.

> In addition to the turnover relief requested in Count I of Plaintiffs' Fourth Amended Complaint, Atlantic Midwest, LLC seeks damages in the amount of $10,554,914, together with prejudgment interest from March 22, 1999 through October 11, 2011, at the rate of 19% simple interest per annum in the amount of $25,175,738.70, for a total amount through October 11, 2011 of $35,730,652.70, plus post-judgment interest at the rate of 0.11%, compounded annually, beginning October 12, 2011 until paid in full, **as set forth in paragraph 5 of the Final Judgment**, plus punitive damages in an amount exceeding $10,000,000.00, prejudgment interest, post-judgment interest, attorneys fees, and costs in this matter.

> **No amounts (or other relief) that were directly, individually, or jointly awarded to Atlantic XIII, LLC in the Final Judgment, or to which Atlantic XIII, LLC may be otherwise entitled, are sought as damages by Plaintiffs**

14

**David M. Clapper and Atlantic Midwest, LLC in the proposed Fourth Amended Complaint**, and as set forth in Plaintiffs' Motion for Leave to Remove Plaintiff Atlantic XIII, LLC as a Party (DE 652) (emphasis added).

Plaintiffs specifically state in the foregoing paragraph of the Amended Disclosures that they are not seeking any amounts that were awarded to Atlantic XIII, either individually or jointly, but Defendants instead chose to misrepresent the same to the Court. Plaintiffs Atlantic Midwest and Mr. Clapper even went so far as to identify in which paragraph of the Final Judgment the amounts they are seeking in this case can be found (paragraphs 1 and 5). Defendants intentionally chose to ignore the express language that clearly stated that no amounts that were awarded to Atlantic XIII individually or jointly are being sought as damages because it did not suit the purposes of their Motion (to get the entire case dismissed). Defendants acted in bad faith when they failed to disclose to the Court that the Amended Disclosures contained language expressly stating that Atlantic Midwest and Mr. Clapper are not seeking any amounts that were awarded to Atlantic XIII individually.

Defendants' Motion cites to paragraphs 3, 7, 8, and 9 in the Final Judgment that jointly award damages to Atlantic XIII as proof that Atlantic Midwest and Mr. Clapper seek damages that were awarded jointly to Atlantic XIII. Defendants allege that "Atlantic XIII is awarded judgments with, and is listed almost entirely as a joint creditor with Mr. Clapper and Atlantic Midwest." (DE 657, PgID 32205). **Plaintiffs Atlantic Midwest and Mr. Clapper do not seek damages pursuant to those Paragraphs, as they clearly indicated in their Amended Disclosures**.

In *Provident Tradesmen's Bank & Trust Co. v. Patterson,* 390 U.S. 102; 88 S. Ct. 733; 19 L. Ed. 2d 936 (1968), the United States Supreme Court found:

> The decision whether to dismiss (i.e., the decision whether the person missing is 'indispensable') must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests. Rule 19 does not prevent assertion of compelling substantive interests; it merely commands the courts to

15

examine each controversy to make certain that the interests really exist. To say that a court 'must' dismiss in the absence of an indispensable party and that it 'cannot proceed' without him puts the matter the wrong way around: a court does not know whether a particular person is 'indispensable' until it had examined the situation to determine whether it can proceed without him.  *Id*. at 109-11.

## 2. Defendants' argument regarding the Partnership is completely without merit.

Defendants allege that Plaintiffs have attempted to conceal the recovery of the Partnership's claims in this case, as Plaintiffs did not include the Partnership as a party in this lawsuit.  Defendants allege that Plaintiffs failed to disclose the Partnership's interests in this case. Defendants claim that Plaintiffs failed to disclose the Partnership's interests in this case because the presence of the Partnership in this action would destroy diversity. However, it is Defendants who attempt to deceive this Court. **Plaintiffs did not include the Partnership as a party in this case because both Judge Godbey and the Fifth Circuit ruled in the 1999 case that Atlantic Midwest, as general managing partner, could assert and enforce legal claims in its own name on behalf of the Partnership.**

Defendants incorporate by reference Section IV of Defendant Gene Phillips' Motion to Dismiss regarding his claim that Atlantic Midwest lacks standing to recover damages for the Partnership.[2] Defendants argue that this case must be dismissed as to Atlantic Midwest because it lacks standing to bring claims relating to the portion of the judgment that was attributable to the Partnership, but was expressly awarded to Atlantic Midwest ($35 million). This argument was addressed by the Fifth Circuit in the 1999 case.  In its Feb. 3, 2014 Opinion, the Fifth Circuit held:

> The ART entities argue that the Clapper entities lacked standing "to bring a claim for loss of Partnership property" under section 4.02(d).  **However, a**

---

[2] Note that any standing issues should have brought to the Court's attention by the motion cut-off date pursuant to the Court's Order of Joint Agreed Motion to Amend Scheduling Order (DE 397). The motion deadline in this case was August 31, 2017. Defendants were clearly aware prior to the motion deadline that the Partnership was not a party to this suit and failed to object that it was an indispensable party. At a minimum, Defendants should have raised this issue with the Court prior to the August 31, 2017 motion deadline; therefore, raising this issue at this time is a violation of the Court's Order.

16

> **partner may individually sue for the benefit of the partnership and other partners.**" *R & R White Family Ltd. P'ship v Jones*, 182 S.W.3d 454, 458 (Tex. App.—Texarkana 2006, no pet.).  The parties do not dispute that Atlantic Midwest, a Clapper entity, was a partner, and the record indicates that, since the inception of this case, Atlantic Midwest has argued that the ART entities owed contributions to the Partnership under section 4.02(d). Thus, **the Clapper entities "sue[d] for the benefit of the partnership and other partners**," see *Jones*, 182 S.W.3d at 458, **and therefore have standing**. (Ex. 2, App. 31-55, 5th Cir. Op. Feb. 3, 2014) (emphasis added).

The Fifth Circuit has therefore already reviewed and rejected the argument that Atlantic Midwest lacks standing to bring claims to the Partnership claims. ART was a party in that case; therefore, ART was well aware of the Fifth Circuit's holding, yet it attempts to hoodwink this Court, hoping that Plaintiffs would fail to bring the Fifth Circuit opinion to the attention of this Court.

Additionally, **the Final Judgment entered by Judge Godbey on February 10, 2016, specifically addressed the Partnership: "Atlantic Midwest has declaratory judgment that it is the managing general partner of the ART Midwest L.P. ("the Partnership") as of December 9, 1999, <u>and is entitled to assert legal claims on behalf of the Partnership</u> and wind up the Partnership's affairs**, and further that the interest of Plaintiff/Counter-Defendant ART Midwest, Inc. ("ART Midwest") in the Partnership is that of a Class B limited partner." (Ex. 2, App. 31-55, ¶4) (emphasis added). It further states: "Atlantic Midwest, on behalf of the Partnership, has judgment against ART for its breach of section 4.02(d) of the Partnership Agreement in the amount of $10,554,914, together with prejudgment interest from the date of the breach, March 22, 1999, through October 11, 2011, at the rate of 19% simple interest per annum in the amount of $25,175,738.70, for a total amount through October 11, 2011 of $35,730,652.70." (This is the "$35 million" referred to by Defendants in their Motion). Defendants cannot credibly assert that they were unaware of the Final Judgment or the language contained therein, particularly when they included the Final Judgment as Exhibit 7 in their Appendix to their Motion. The Final Judgment does not

17

award amounts specifically to the Partnership, but rather awards them to Atlantic Midwest, general partner, on behalf of the Partnership; therefore, the Partnership is not a necessary party in this case.

Although Defendants argue that the Partnership had its own legal claims and that the Partnership should be a party to this suit to enforce those claims, the parties agreed to dismiss the Partnership from the 1999 case, as it was only a nominal party (Ex. 4, App. 58-74, DE 594, p. 2 FN 4). The Court entered an Order dismissing the Partnership from that case on April 12, 2000 (Ex. 5, App. 75-76). Both Judge Godbey and the Fifth Circuit, when reviewing the history of the case, referenced the Partnership as a "nominal" party in later Orders (Ex. 4, App 58-74, DE 594, p. 2 and Ex. 6, App. 77-87).

The U.S. Supreme Court has instructed federal courts to "disregard nominal or formal parties and rest jurisdiction only upon the citizenship or real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461; 10 S. Ct. 1779; 64 L.Ed.2d 425 (1980). "The real party in interest is the person who is entitled to enforce the right asserted under the governing substantive law." *Maiden v. N.A. Stainless, L.P.*, 125 F. Appx.1, 3 (6th Cir. 2004). Therefore, judgment was properly issued in Atlantic Midwest's name. Any claims in the underlying 1999 case are merged into the judgment; *Kaspar Wire Works*, *supra*. Therefore, the Partnership is not a necessary party in this action to collect the judgment. There has never been an attempt by Plaintiffs to "hide the ball" regarding the Partnership. Plaintiffs have been forthcoming with this Court in that they have acknowledged in multiple documents filed with this Court that if Plaintiffs prevail in this case, Judge Godbey will determine which persons/entities, *including the Partnership*, are to receive monies awarded under the Final Judgment, after any judgment is collected, as part of the Partnership's windup, ordered by Judge Godbey.

Moreover, in September of 2014, attorneys Joe Kendall ("Mr. Kendall") and Jamie McKey, counsel for ART in this matter, filed a Complaint on behalf of the Partnership alleging breach of fiduciary duty. On September 5, 2014, Mr. Mychalowych served a Rule 11 letter/motion upon Mr. Kendall's office for filing a frivolous complaint (Ex. 7, App. 88). Mr. Kendall's office then filed an Amended Complaint in response to the Rule 11 Motion. Mr. Mychalowych served a second Rule 11 letter/motion on Mr. Kendall's office on October 14, 2014, in which he noted: "Judge Godbey ruled Atlantic Midwest to be the Managing General Partner (based on ART's default under a specific provision of the parties' agreements), and the jury determined the liabilities of the Partnership, including the amounts owed to Atlantic XXXI (which ART was to contribute to the Partnership so that the Partnership could pay those specific liabilities)." (Ex. 8, App. 89-90). Following receipt of the second Rule 11 letter/motion, Mr. Kendall's office filed Plaintiffs' Notice of Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Ex. 9, App. 91-92).

Clearly, the issue of the Partnership has been raised numerous times, and specifically resolved by both Judge Godbey and the Fifth Circuit Court of Appeals.  Additionally, the parties themselves agreed that the Partnership was a nominal party, and therefore not a necessary party in the litigation.  Defendants' attempt to create an issue regarding the Partnership at this stage of the litigation, when they are <u>well aware</u> that it has already been addressed and resolved, evidences pure gamesmanship. This argument of Defendants is again, nothing more than an attempt to collaterally attack the findings of Judge Godbey and the Fifth Circuit, which is not permitted, as it is a Final Judgment after all appeals have been exhausted. *Allen v. McCurry*, 449 U.S. 90, 94; 101 S. Ct. 411; 66 L. Ed. 2d 308 (1980).

### 3.  **Defendants' claim that Plaintiffs knew Atlantic XIII was not diverse is not supported by any evidence**

Defendants allege that Plaintiffs did not recently become aware that Atlantic XIII had four investors who are citizens of the State of Georgia, but that Plaintiffs have known this since the time this case was initially filed. This allegation is preposterous and utterly unsupported by anything more than pure speculation and innuendo on the part of Defendants.

Defendants claim that Mr. Clapper has been the managing member of all of the Atlantic entities throughout the 1999 case. Mr. Clapper's deposition was not noticed as a 30(b)(6) deposition (DMC dep notice, Ex. 4, App. 59-62 to our Reply), which would have required him to testify about information known or reasonably available to the entities. Further, the majority of the investors in Atlantic XII, LP ("Atlantic XII") were not personally known to Mr. Clapper, as they were solicited by national brokers in the early 1980s, when the partnership was originally formed. Mr. Clapper has been involved in dozens of real estate projects over the last 40 years, and he cannot possibly be expected to know the identity (and citizenship) of all the partners on all of his projects, without prior notice, in the context of an individual deposition.

Defendants claim that Mr. Mychalowych has represented the Atlantic entities for 18 years, and that therefore, he must have been acutely aware of the citizenship status of all of the partners of Atlantic XII. The original Complaint filed August 19, 2014, in this matter pled as follows: "Plaintiff Atlantic XIII, LLC is a Michigan Limited Liability Company whose principal place of business is Farmington Hills, Michigan." Plaintiffs, at that time, believed that pleading the State of formation and principal place of business of the entity was sufficient. Additionally, the Counter-Complaint in the 1999 case alleged that Atlantic XIII was a Michigan citizen. Mr. Mychalowych was not counsel for Plaintiffs at the time the 1999 case was filed; the Counter-Complaint filed on behalf of Atlantic Midwest, Atlantic XIII and Mr. Clapper was filed by Karen Corallo of Akin, Gump, Strauss, Hauer

20

& Feld, L.P. As all parties are well aware, it was not until 2016 that the U.S. Supreme Court ruled that the citizenship of an LLC is determined by the citizenship of all of its members. *Americold Realty Trust v. Conagra Foods, Inc*., 136 S.Ct. 1012, 1015; 194 L.Ed.2d 71 (2016).

Defendants claim that it is extremely difficult to believe that Plaintiffs and Mr. Mychalowych were not aware of the membership and citizenship status of all the Atlantic entities at the time of filing this action. Defendants' disbelief regarding Plaintiffs' candid statement in its Motion for Leave to Remove Atlantic XIII as a Party (DE 652) regarding its recent discovery of the citizenship of each of the members of Atlantic XIII is not evidence that contradicts Plaintiffs' forthrightness, wherein they admitted in their Motion that they discovered in December of 2017 that one of the entities comprising Atlantic XIII has four nominal partners that are citizens of Georgia.

### 4. <u>The Court should permit the Fourth Amended Complaint to stand</u>.

Defendants object that Plaintiffs added new factual allegations unrelated to the citizenship of the parties to their Fourth Amended Complaint (DE 651). Plaintiffs removed allegations referring to Atlantic XIII from their Fourth Amended Complaint, as Plaintiffs believed that the Court's Order instructing Plaintiffs to plead the citizenship of the artificial entities and the individual parties permitted them to do so (DE 643). Plaintiffs also made changes to the prayers for relief to clarify which damages they were seeking since they sought to remove Atlantic XIII as a party. The amended prayer actually <u>reduced</u> the amount of damages previously sought by Plaintiffs, which is to Defendants' benefit. Plaintiffs made two other nominal changes, including a request for prejudgment interest and an allegation that Phillips has various undisclosed interests in the Defendant entities. These changes do not change the nature of the case or raise additional defenses; therefore, they should be permitted.

Defendants argue that when an amended complaint is filed without leave of the Court, it is to be stricken.  Defendants argue that Plaintiffs violated the Court's Orders when it filed both the Third Amended and Fourth Amended Complaints.[3] Plaintiffs sought leave to file the Third Amended Complaint, which the Court granted.  This Court not only granted leave to file the Fourth Amended Complaint, but instructed Plaintiffs to do, stating clearly, "…no later than 21 days from the date of this order, plaintiffs must file a fourth amended complaint that alleges diversity of citizenship, in conformity with 28 U.S.C. §1332; otherwise, this action will be dismissed without prejudice for want of subject matter jurisdiction." (DE 643, PgID 31757).  Plaintiffs filed their Fourth Amended Complaint within 21 days of the Order.

Defendants claim that Plaintiffs changed the nature of this lawsuit by their allegedly untimely and unauthorized pleadings.  Plaintiffs' pleadings were clearly timely.  The Court granted leave for Plaintiffs to file a Third Amended Complaint and ordered them to file a Fourth Amended Complaint. They did so, and Defendants now object. The nominal changes made by Plaintiffs to the Fourth Amended Complaint do not justify the imposition of sanctions under 28 U.S.C. §1927.  For sanctions to be awarded under that section, a person must have multiplied the proceedings in a case unreasonably and vexatiously. Making nominal changes in a Fourth Amended Complaint, <u>as ordered by the Court</u>, has not multiplied these proceedings. Again, this Court should consider why Defendants are pushing so hard for dismissal of this action. Defendants would reap significant benefits if this Court dismissed this action altogether, including possible avoidance of fraudulent transfer claims as a result of the statute of repose.

---

[3] Note that Defendants previously filed Motions to Dismiss/Strike Plaintiffs' Third Amended Complaint (DE 398, 399, 401, & 402.  Plaintiffs filed Responses to those Motions (DE 450, 451, 454, & 457), which they incorporate by reference as though fully set forth herein.  Those Motions to Dismiss remain pending.

## IV.     CONCLUSION

As Plaintiffs have met their burden under 12(b)(1), Defendants' Motion must be denied and Defendants should be ordered to file an Answer to Plaintiffs' Fourth Amended Complaint within 14 days of the Court's Order denying its Motion to Dismiss.

WHEREFORE, Plaintiffs respectfully request that this Court DENY Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) and Rule 19, and DENY Defendants' Motion to Strike Plaintiffs' Fourth Amended Complaint Pursuant to Rule 41 and enter an Order to that effect.

Respectfully submitted,

SICILIANO MYCHALOWYCH & VAN DUSEN, PLC

By:/s/ Andrew W. Mychalowych
          Andrew W. Mychalowych
          Cora L. Morgan
          Attorneys for Plaintiffs
          40950 Woodward Ave., Suite 350
          Bloomfield Hills, MI 48076
          (248) 442-0510

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 6, 2018, the foregoing document and this Certificate of Service were filed with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court, which will provide notification of this filing to all attorneys of this case who are registered ECF users.

/s/ Andrew W. Mychalowych