IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID M. CLAPPER, Individually, et al., | § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:14-CV-2970-D |
| VS. | § § § | |
| AMERICAN REALTY INVESTORS, INC., et al., | § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant American Realty Investors, Inc. ("ARI") objects to the United States Magistrate Judge's November 9, 2016 order that ARI's corporate representative Gene Bertcher ("Bertcher") re-appear for a deposition on December 6, 2016 and order that ARI pay reasonable expenses, including travel expenses, deposition costs, and attorney's fees associated with the deposition.[1] Plaintiffs object to the United States Magistrate Judge's

---

[1]Plaintiffs maintain that ARI's objections to the November 9, 2016 order are untimely because ARI filed them on November 28, 2016. The court disagrees.

Under Fed. R. Civ. P. 72(a), when a magistrate judge issues a decision in a nondispositve matter, "[a] party may serve and file objections to the order within 14 days *after being served* with a copy." *Id.* (emphasis added). According to the court docket, the November 9, 2016 order was not entered until November 10, which means it was not served on the parties until at least November 10. Fourteen days after November 10, 2016 was Thanksgiving Day, Thursday, November 24, 2016. Under Rule 6(a)(1)(C), the 14-day period does not end on a legal holiday. Friday, November 25, 2016, although not a legal holiday, was a day when the clerk's office was closed at the direction of the Chief Judge in observance of the Thanksgiving holiday period. Therefore, under Rule 6(a)(3)(A), the clerk's office was "inaccessible," and the 14-day period was "extended to the first accessible day that is not a Saturday, Sunday, or legal holiday." Because November 26 and 27 were,

November 2, 2017 order denying plaintiffs' August 25, 2017 motion to sanction defendants for contempt and motion to strike errata sheet and accompanying exhibits to Bertcher's June 21, 2017 Rule 30(b)(6) deposition, or, in the alternative, motion *in limine* and plaintiffs' August 28, 2017 motion to strike defendants' July 2017 supplemental production, or, in the alternative, motion *in limine*. The court AFFIRMS the magistrate judge's orders.[2]

Because the magistrate judge's orders involve nondispositive matters (discovery rulings), the parties' objections are governed by Fed. R. Civ. P. 72(a), which provides, in pertinent part: "[t]he district judge . . . must . . . modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." *Id.* "When a party appeals a magistrate judge's order, [it] must demonstrate how the order is reversible under the applicable standard of review—*de novo* for error of law, clear error for fact findings, or abuse of discretion for discretionary matters." *Jefferson-Pilot Life Ins. Co. v. Bellows*, 2003 WL 21501904, at *1 (N.D. Tex. June 24, 2003) (Fitzwater, J.). "The clearly erroneous standard applies to the factual components of the magistrate judge's decision." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D. Tex. 1996) (Fitzwater, J.) (quoting *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (Fitzwater, J.)) (internal quotation

---

respectively, a Saturday and Sunday, ARI's objections were not due until Monday, November 28, 2016. Because ARI filed its objections that day, they were timely.

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

marks omitted). "The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks and brackets omitted). "If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it." *Id.* (internal quotation marks omitted). The legal conclusions of the magistrate judge are reviewed *de novo*, and the district judge "reverses if the magistrate judge erred in some respect in [her] legal conclusions." *Id.* "[T]he abuse of discretion standard governs review of that vast area of . . . choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous." *Id.* (alteration and ellipsis in original) (internal quotation marks omitted).

The court reviews the magistrate judge's discovery decisions under the abuse of discretion standard, and it does not substitute its own judgment for that of the magistrate judge. *See Nunn v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 2044477, at *4 (N.D. Tex. May 24, 2010) (Fitzwater, C.J.) ("And in matters of discretion—and discovery decisions are usually quintessential examples of the exercise of discretion—district judges do not substitute their own judgment for that of the magistrate judge."); *see also Hoffman v. L & M Arts*, 2013 WL 655014, at *2 (N.D. Tex. Feb. 21, 2013) (Fitzwater, C.J.) (reviewing discovery decision for abuse of discretion).

Accordingly, having considered the parties' objections and analyzed them under the apposite standard of review, the court holds that the magistrate judge did not commit clear

error in fact findings, err as a matter of law, or abuse his discretion. The court therefore OVERRULES the parties' objections to the November 9, 2016 and November 2, 2017 orders of the United States Magistrate Judge, and it AFFIRMS the orders.

August 9, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE