IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID M. CLAPPER, et al., | § | |
| | § | |
|     Plaintiffs, | § | |
| v. | § | No. 3:14-CV-2970-D |
| AMERICAN REALTY INVESTORS, | § | |
| INC., et al., | § | |
| | § | |
|     Defendants. | § | |

## **ORDER**

Before the Court are two motions filed by Plaintiffs in response to prior Court orders on discovery matters: (1) Motion for Expenses and to Sanction Defendants for Discovery Abuse Relating to the Court's October 6, 2017 Order Granting Plaintiffs' Motion for Protective Order and Motion to Quash Deposition of Andy Mychalowych; and (2) Motion for Expenses Relating to the Court's October 24, 2017 Order Granting Plaintiffs' Motion to Compel Production of Documents. For the following reasons, Plaintiffs' Motion Relating to the Court's October 6, 2017 Order Granting Plaintiffs' Motion for Protective Order [ECF No. 673] is GRANTED, in part, and Plaintiffs' Motion Relating to the Court's October 24, 2017 Order Granting Plaintiff's Motion to Compel [ECF No. 676] is GRANTED in its entirety.

### **Motion Relating to the Court's October 6, 2017 Order**

On October 6, 2017, United States Magistrate Judge Paul D. Stickney granted Plaintiffs' Motion for Protective Order and to Quash [ECF No. 416] the

deposition of Andy Mychalowych, Plaintiffs' lead trial counsel and a non-party in this litigation. 10/6/17 Order [ECF No. 602]. Although Plaintiffs raised several objections to the Mychalowych deposition notice, Judge Stickney granted the motion for a protective order on the sole ground that Defendants had not served Mychalowych with a deposition subpoena pursuant to Fed. R. Civ. P. 45. *Id.*

As part of Plaintiffs' Motion, Plaintiffs made the following cursory request for sanctions:

> Defendants, by filing their Notice to take Mr. Mychalowych's deposition while refusing to identify the purpose for or testimony requested at the deposition, have acted in bad faith. Pleadings, motions, or other papers filed in bad faith are subject to Rule 11 sanctions. The Court has the power to impose sanctions under Rule 11 unilaterally and Plaintiffs would ask them to do [sic], and award Plaintiffs fees and costs.

Mot. 17 [ECF No. 416]. Judge Stickney denied this request with equally cursory treatment, stating "[w]ith respect to Plaintiffs' request for Rule 11 sanctions, . . . Plaintiffs may raise this request by a separate motion." 10/6/17 Order 3 [ECF No. 602]. More than four months later, on February 19, 2018, Plaintiffs filed their Motion Relating to the Court's October 6, 2017 Order Granting Plaintiffs' Motion for Protective Order, seeking $10,250.00 in attorneys' fees for more than 30 hours of attorney time incurred in preparing the Motion for Protective Order, under Fed. R. Civ. P. 26(c)(3), and 37(a)(5). Plaintiffs' Motion further seeks sanctions under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's inherent powers.

2

On February 28, 2018, the District Court granted Defendants' motion to dismiss this civil action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and denied without prejudice Plaintiffs' Motion Relating to the Court's October 6, 2017 Order, among other motions. Mem. Op. & Order 14-15 [ECF No. 684]. However, on July 6, 2018, the District Court granted the parties' separate requests to reopen the case and specifically advised the parties that it would decide Plaintiffs' Motion Relating to the Court's October 6, 2017 Order Granting Plaintiffs' Motion for Protective Order. Order 3, ¶ 13 [ECF NO. 719]. Despite specific notice that the Court would consider the Motion and ample time to file a response, Defendants never filed a response to the Motion. Accordingly, the Court considers Plaintiffs' Motion Relating to the Court's October 6, 2017 Order Granting Plaintiffs' Motion for Protective Order without the benefit of a response.

The Court initially observes that sanctions are not appropriate under Fed. R. Civ. P. 11. Rule 11, by its terms, does not apply to discovery disputes. Fed. R. Civ. P. 11(d) ("This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."); *see also id.* advisory committee's note to 1993 amendment (explaining that "[n]ew subdivision (d) removes from the ambit of this rule all discovery requests, responses, objections, and motions subject to the provisions of Rule 26 through 37."). Having realized this, Plaintiffs' Motion seeks attorneys' fees primarily

under Rules 26(c)(3) and 37(a)(5).[1] To the extent Plaintiffs seek sanctions under Rule 11 for statements made in Defendants' brief in response to Plaintiffs' Motion for Protective Order [ECF No. 443], their Motion is DENIED.

Rule 26(c)(3) provides that, in connection with a motion for a protective order—like Plaintiffs' Motion that resulted in the October 6, 2017 Order—Rule "37(a)(5) applies to the award of expenses." Fed. R. Civ. P. 26(c)(3). Rule 37(a)(5), in turn, provides the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the request for a protective order, or attorney advising that conduct, or both, to pay the party who filed the motion for a protective order its reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A)-(B). But, the court must not order this payment if the movant filed the motion before attempting in good faith to resolve the matter without court action, the discovery request that prompted the motion for protective order was substantially justified, or other circumstances make an award of expenses unjust. *Id.* The award of fees is thus mandatory unless the Court finds the movant did not attempt to resolve the matter without court intervention prior to filing the motion, the discovery request was substantially justified, or other circumstances make an award of expenses unjust.

Having reviewed the record in this case, the Court finds that Plaintiffs attempted to resolve the dispute regarding Mychalowych's deposition without

---

[1] Plaintiffs acknowledge—in a footnote—that Rule 11 does not apply to discovery disputes. Mot. 16, n.3 [ECF No. 673].

4

court intervention before they filed their Motion. Among other evidence, Plaintiffs have submitted emails between counsel showing that Plaintiffs objected to the deposition notice and asked Defendants to withdraw the deposition notice or explain why Mychalowych's deposition was required. Pls.' App. [ECF No. 674]. The Court further finds that Defendants's deposition notice to Mychalowych was not substantially justified. In this context, "substantially justified" means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Booth v. City of Dallas*, 312 F.R.D. 427, 435 (N.D. Tex. 2015) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "'Substantial justification' entails a 'reasonable basis in both law and fact,' such that 'there is a genuine dispute . . . or if reasonable people could differ [as to the appropriateness of the contested action].'" *Id.* The Court does not find that Defendants' had a reasonable basis in law and fact to pursue discovery from Plaintiffs' lead trial counsel in this case. Defendants provided no "substantial justification" for serving the notice and seeking to depose Mychalowych. The only justification Defendants offered was an argument in response to Plaintiffs' Motion for Protective Order that they sought to depose Mychalowych to obtain discovery regarding attorneys' fees. Resp. 1-2, 4 [ECF No. 443]. However, discovery as to attorneys' fees was premature at the time the deposition was noticed. Additionally, Judge Stickney previously found that Defendants' deposition notice to Mychalowych was not substantially justified and granted Plaintiffs' Motion for a Protective Order with respect to that deposition notice.

*See* Order [ECF No. 602]. Finally, the Court does not find that any other circumstances make an award of expenses unjust in this case. Indeed, by failing to file a response, Defendants have failed even to propose any such circumstances. Plaintiffs are, therefore, entitled to recover their reasonable expenses incurred in opposing Defendants' efforts to depose Mychalowych, including their attorneys' fees.

Once a court has determined that a party is entitled to attorneys' fees, then it must determine the amount. The Court uses a well-established two-part method to determine the appropriate amount. *Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002) (using the "lodestar" method to award attorney's fees under Rule 37). "First, the court calculates a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)). "The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case." *Id.* "In making a lodestar adjustment the court should look to twelve factors, known as the Johnson factors, after *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Id.*[2] "The fee applicant bears the burden of proving that

---

[2] The Johnson factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved

the number of hours and the hourly rate for which compensation is requested [are] reasonable." *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

Plaintiffs seek attorney fees for bringing the Motion for Protective Order as follows: (1) 8.0 hours at a rate of $400.00/hour for the services performed by lead counsel Andrew Mychalowych, plus (2) 23.5 hours at a rate of $300.00/hour for the services performed by attorney Cora Morgan. Plaintiffs support their request with Mychalowych's affidavit and a detailed billing summary. Pls.' App. [ECF No. 675]. The Court finds that the rates charged by Plaintiffs' counsel are reasonable. Mychalowych has practiced law for more than 30 years, is admitted in numerous courts in several states and throughout the federal system, including the United States Supreme Court, and is a principal in the law firm of Siciliano, Mychalowych, and Van Dusen in Bloomfield Hills, Michigan; Morgan has been licensed to practice law since 2001 and is an associate in Mychalowych's law firm. The Court also has reviewed the detailed billing summary and—especially since Defendants did not object—finds that the time submitted is reasonable for the

---

and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Castro v. Precision Demolition, LLC*, 2017 WL 6381742, at *2 n.2 (N.D. Tex. Dec. 14, 2017) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). "The Supreme Court has barred any use of the sixth factor." *Castro*, 2017 WL 6381742, at *2 n.2 (citing *Merrick*, 2011 WL 1938188, at *1 n.3; *Rutherford v. Harris Cty.*, 197 F.3d 173, 193 (5th Cir. 1999)). "And the second factor generally cannot be used as a ground for enhancing the award." *Castro*, 2017 WL 6381742, at *2 n.2 (citing *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010)).

various tasks described. *Vanliner Ins. Co. v. DerMargosian*, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees). The resulting lodestar is $10,250.00.

Although "[t]here is a 'strong presumption that the lodestar award is the reasonable fee[,]' . . . 'the court must consider whether the lodestar amount should be adjusted upward or downward, depending on the circumstances of the case and after addressing the *Johnson* factors.'" *Id.* at *2 (quoting *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1044 (5th Cir. 1999); *Sec. & Exch. Comm'n v. AmeriFirst Funding, Inc.*, 2008 WL 2185193, at *1 (N.D. Tex. May 27, 2008)). Upon consideration of the *Johnson* factors, the Court does not find that any adjustment to the lodestar is necessary. *See DerMargosian*, 2014 WL 1632181, at *2 n.6 ("[C]ourts 'need not specifically discuss the *Johnson* factors where [they] have] applied the *Johnson* framework.'") (quoting *E.E.O.C. v. Agro Distribution, LLC*, 555 F.3d 462, 473 (5th Cir. 2009)). Accordingly, the Court GRANTS Plaintiffs' request for attorneys' fees under Rules 26(c)(3) and 37(a)(5) and ORDERS Defendants to pay Plaintiffs' the sum of $10,250.00 for fees incurred in connection with bringing Plaintiffs' Motion for Protective Order.

The Court does not find that it should exercise its discretionary powers to further sanction Defendants for their alleged bad faith abuse of the litigation process, nor does it find that the record is sufficiently developed to support sanctioning Defendants' counsel under 28 U.S.C. § 1927.

**Motion Relating to the Court's October 24, 2017 Order**

On October 24, 2017, the Court entered an Order [ECF No. 615] granting Plaintiffs' Motion to Compel American Realty Investor, Inc.'s Production of Documents [ECF No. 502]. As part of its Order, the Court provided that Plaintiffs may file a separate motion for sanctions. Order 5. In response, Plaintiffs filed their Motion for Expenses Relating to the Court's October 24, 2017 Order Granting Plaintiffs' Motion to Compel [ECF No. 676], which seeks attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5). Plaintiffs' Motion Relating to the Court's October 24, 2017 Order, was among the motions the District Court dismissed without prejudice on February 28, 2018, when it granted Defendants' Rule 12(b)(1) motion to dismiss this case for lack of subject matter jurisdiction. Mem. Opn. & Order [ECF No. 684]. Plaintiffs' Motion also was among the motions the District Court advised the parties that it would decide when it granted the parties' separate requests to reopen the case on July 6, 2018. Order 3, ¶ 13 [ECF NO. 719]. Despite specific notice that the Court would consider the Motion and ample time to file a response, Defendants never filed a response to the Motion. Accordingly, the Court considers Plaintiffs' Motion Relating to the Court's October 24, 2017 Order Granting Plaintiffs' Motion to Compel without the benefit of a response.

As noted above, Plaintiffs are entitled—under Rule 37(a)(5)—to recover their attorneys' fees incurred in bringing their Motion to Compel. The Court's October 24, 2017 Order established that Defendants' failure to produce the discovery requested was not substantially justified. The evidence submitted by

Plaintiffs further shows Plaintiffs filed the Motion only after they attempted in good faith to obtain the discovery without court action. The Court also finds there are no other circumstances that make an award of expenses unjust.

Having determined Plaintiffs are entitled to fees, the Court turns to the question of the amount to be awarded. Plaintiffs seek attorney fees for bringing the Motion to Compel as follows: (1) 6.0 hours at a rate of $400.00/hour for the services performed by lead counsel Andrew Mychalowych, plus (2) 14.5 hours at a rate of $300.00/hour for the services performed by attorney Cora Morgan. Plaintiffs support their request with Mychalowych's affidavit and a detailed billing summary. Pls.' App. [ECF No. 677]. Consistent with its prior finding, the Court determines that the rates charged by Plaintiffs' counsel are reasonable. The Court reviewed the detailed billing summary submitted in support of this Motion for fees and finds that the time spent on various tasks related to bringing the Motion to Compel is reasonable for the tasks described. The resulting lodestar is $6,750.00. Upon consideration of the *Johnson* factors, the Court does not find that any adjustment to the lodestar is necessary. Accordingly, the Court ORDERS Defendants to pay Plaintiffs the sum of $6,750.00.

## Conclusion

For the reasons stated, the Court GRANTS Plaintiffs' Motion Relating to the Court's October 6, 2017 Order [ECF No. 673], in part, and ORDERS Defendants to pay Plaintiffs' attorneys' fees in the amount of $10,250.00. The Court also GRANTS Plaintiffs' Motion Relating to the Court's October 24, 2017

Order [ECF No. 676] and ORDERS Defendants to pay Plaintiffs' attorneys' fees in the amount of $6,750.00. Defendants must pay all sums due to Plaintiffs under this Order on or before **October 19, 2018**.

SO ORDERED.

September 21, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE