IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID M. CLAPPER; ATLANTIC MIDWEST LLC; and ATLANTIC XIII, LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:14-CV-2970-L** |
| AMERICAN REALTY INVESTORS, INC.; AMERICAN REALTY TRUST, INC.; TRANSCONTINENTAL REALTY INVESTORS, INC.; PILLAR INCOME ASSET MANAGEMENT, INC.; PRIME INCOME ASSET MANAGEMENT, INC.; PRIME INCOME ASSET MANAGEMENT, LLC; EQK HOLDINGS, INC.; BASIC CAPITAL MANAGEMENT, INC.; GENE E. PHILIPS, | § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is American Realty Investors, Inc. ("ARI"), EQK Holdings, Inc. ("EQK"), American Realty Trust, Inc. ("ART"), and Gene Phillips's ("Phillips") (collectively "Defendants") Motion for Leave to File Defendants' Emergency Motion to Amend Scheduling Order and to Extend Expert Discovery and Motion for Continuance (Doc. 774), filed December 10, 2018; and David M. Clapper, Atlantic Midwest, LLC, and Atlantic XIII, LLC's (collectively "Plaintiffs") Response to Defendants' Motion for Leave to File Emergency Motion to Amend Scheduling Order and to Extend Expert Discovery and Motion for Continuance (Doc. 778), filed December 13, 2018. In a separate order, the court denied as moot Defendants' Motion for Leave to File Motion for Continuance. (Doc. 795). After reviewing the record in this action and applicable authority, the

**Memorandum Opinion and Order – Page 1**

court **denies** Defendants' Motion for Leave to File Motion to Amend Scheduling Order and to Extend Expert Discovery.

The court will not repeat the full history and facts of this case, as the parties have been involved in this action since August 19, 2014, and there have been numerous orders issued by the previous presiding judges, United States District Judges Jorge A. Solis and Sidney A. Fitzwater.[1] The action was recently transferred to this court on December 12, 2018, after Judge Fitzwater requested that it be reassigned because of his taking senior status. Due to the reassignment, complex nature of the case, and court's busy docket, the court entered an order on January 16, 2019, *sua sponte* vacating the March 2019 trial setting. The court advised the parties that it would reset the trial, pretrial conference, and pretrial material deadlines by separate order once it addressed all pending motions. On January 11, 2019, several motions to dismiss were filed by ARI, EQK, Phillips, and ART in response to Plaintiffs' Fifth Amended Complaint, filed December 7, 2018. The court has advised the parties it will not allow further amendment of pleadings. (Doc. 784).

For purposes of this opinion, the narrow issue[2] before the court is whether to grant Defendants' request for a modification of the scheduling order entered on March 24, 2016 (Doc. 218) and amended scheduling order (Doc. 397) entered on April 19, 2017, which, in relevant part, set deadlines of December 31, 2016, for designating expert witnesses; August 31, 2017, for filing

---

[1] A comprehensive list of the previous memorandum opinions and orders filed by Judge Fitzwater setting forth the background facts and procedural history of this action prior to its reassignment can be found in footnote 3 of Document 770.

[2] Defendants filed a motion for leave to file the motion to amend the scheduling order and to extend expert discovery. They attached as "Exhibit A" their proposed motion. Defendants filed the motion for leave pursuant to Judge Fitzwater's previous orders in Documents 684 and 712 requiring that the parties move for and obtain leave of court prior to filing any prejudgment motion of any kind. In resolving Defendants' current motion, the court will consider the arguments set forth in Defendants' proposed motion as they relate to whether Defendants establish good cause as required under Federal Rule of Civil Procedure 16(b)(4).

motions for summary judgment; and July 31, 2017, for completing discovery. Defendants contend that Plaintiffs' Third Amended Complaint, filed March 24, 2017 (Doc. 373), added an alter ego claim against ARI[3] after the deadline for expert designations had passed, and that they now need leave of court to extend that deadline to obtain an expert on alter ego law to adequately defend against that claim. Since Plaintiffs filed their Third Amended Complaint, Defendants have moved to modify the deadline for designating experts on two previous occasions, and Judge Fitzwater delayed ruling on the merits of both requests. Specifically, on June 7, 2017—two and one-half months after Plaintiff filed the Third Amended Complaint—Defendants filed a motion for continuance and motion to extend deadlines for expert designations and completion of discovery on the same grounds as set forth in this motion. (Doc. 466). In a July 28, 2017 order, Judge Fitzwater continued the trial setting but declined to consider amending the scheduling order and continuing any other pretrial deadlines until he decided the pending motions to dismiss, so that the court would "be better able to gauge the need for any such scheduling revisions." (Doc. 501). On February 28, 2018, Judge Fitzwater ruled on the motions to dismiss, determining the case should be dismissed for lack of subject matter jurisdiction. (Doc. 684). On June 6, 2018, Judge Fitzwater entered an opinion and order concluding that the court should exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over the remaining state-law claims in the lawsuit. (Doc. 712). On September 12, 2018, Defendants moved a second time to extend the deadline to designate experts

---

[3] Defendants' motion states that Plaintiffs' Third Amended Complaint adds alter ego claims for the first time against both Defendants ARI and EQK. After reviewing the Third Amended Complaint and comparing it to those previously filed, the court notes that it only alleges alter ego claims against ARI and Gene Phillips, not EQK. The alter ego claim against ARI alleges that ARI "influences and controls" its subsidiaries, ART, EQK, and Basic Capital Management, Inc., such "that there is no separation between ARI and these entity Defendants." Moreover, as discussed more fully in this opinion, Plaintiffs' First Amended Complaint, filed December 15, 2014, alleged alter ego claims against ARI, Gene Phillips, and EQK. Defendants' argument that the claim was newly presented in the Third Amended Complaint, therefore, is misleading.

**Memorandum Opinion and Order – Page 3**

specific to Plaintiffs' alter ego claims against ARI and Phillips. (Doc. 737). In his final memorandum opinion and order in this action, Judge Fitzwater ruled on a number of motions in an opinion dated November 16, 2018. (Doc. 770). The order denied without prejudice Defendants' motion to amend the scheduling order in light of Judge Fitzwater's request that the case be reassigned and his determination that a successor judge "should be able to exercise complete discretion concerning all aspects of scheduling in this case, including, if warranted, with respect to any ground for amending the scheduling order contained in defendants' motion." (Doc. 770 at 16). Defendants now make their third request for a modification of the scheduling order to extend the deadline for designating experts for the alter ego claim against ARI.

I. Parties' Contentions

Defendants contend that they need the following "urgent relief": (1) an extension of at least 90 days after the court's ruling to "hire and designate expert witnesses, and/or provide ample time for those experts to prepare for the current trial setting"; (2) an extension of at least 120 days after the court's ruling to "conduct discovery on the new alter ego claims or otherwise prepare an adequate defense"; and (3) an extension of not less than 120 days after the court's ruling to "have adequate time to prepare and file a motion for summary judgment on the new alter ego claims." Def.'s Mot., Doc. 774 ¶ 18. Defendants contend that they have established good cause for their request for four reasons. First, Defendants contend that they have not failed to act timely or failed to act with diligence because the Third Amended Complaint was filed four months after the December 31, 2016 deadline for designating experts and, therefore, they never had an opportunity to designate experts in defense of the Third Amended Complaint's "new" alter ego claims. Defendants contend that their request to amend the scheduling order should "be viewed simply as Defendants' initial opportunity to designate experts under Rule 26, which any other litigant is

**Memorandum Opinion and Order – Page 4**

permitted to do when served with a new cause of action for damages." Def.'s Mot., Doc. 773 ¶ 24. Defendants contend that none of the designated experts have qualified themselves as being competent to provide alter ego opinions, that the expert reports filed in this case have never addressed alter ego allegations against ARI, and that the designated experts did not provide alter ego opinions or conclusions during their depositions. Defendants contend that, once they obtain their experts' recommendations and analysis on the alter ego claims, they will center additional discovery on that analysis and identify documents to support their defenses. Defendants contend that this work could not have been done before the July 31, 2017 discovery deadline because they were not able to designate and retain the expert prior to that date. They also contend that, even though an alter ego claim was alleged against ARI in Plaintiffs' First Amended Complaint, it was dismissed on June 13, 2015 (Doc. 145) and, therefore, between the period of dismissal and Plaintiff's re-allegation of that claim in the Third Amended Complaint, Defendants "had no right to conduct discovery, and no reason to designate an expert, on the alter ego claim against ARI."

Second, Defendants contend that the deadline extensions are "critical to the preparation of an adequate defense by Defendants" because Plaintiffs' alter ego claims will be based on facts spanning a period of eleven years, which will require experts who can "study and analyze this time frame" and provide testimony about the "historical interactions and business relationships between ARI and its subsidiaries, as well as the customary and ordinary interplay of transactions and business relationships that exist between a parent company and its subsidiaries generally." Def.'s Mot., Doc. 773 ¶ 27. Defendants state that they specifically intend to hire two experts qualified in Georgia and Nevada law alter ego issues because ARI is incorporated in Georgia and EQK is incorporated in Nevada. Defendants also contend that they need extra written discovery, as well as depositions, "to aggressively discover Plaintiffs' alter ego claims" and "vigorously identify and

**Memorandum Opinion and Order – Page 5**

require Plaintiffs to specify with particularity, each and every transaction on which Plaintiffs intend to base their claims of alter ego during this eleven-year period." Def.'s Mot., Doc. 774 ¶ 26.

Third, Defendants contend that Plaintiffs will suffer no prejudice should the scheduling order be amended by "narrowly tailor[ing]" it to "the discovery and designation of expert witnesses" specific to alter ego law. Defendants contend that, rather, an injustice would occur if Plaintiffs were permitted to file a new claim and Defendants were "not permitted time to discover those claims and/or designate experts relating to the same." Def.'s Mot., Doc. 774 ¶ 34. Defendants' final argument is that the court's continuance of the trial would cure any alleged prejudice suffered by Plaintiffs.

Plaintiffs respond that Defendants are not entitled to the requested amendments of the scheduling order due to bad faith, undue prejudice to Plaintiffs, and futility of the proposed amendments. Plaintiffs believe that Defendants' motive in filing this motion is to "again attempt to delay this matter without any valid basis for doing so." Pl.'s Resp., Doc. 778 at 13. Plaintiffs contend that Defendants do not require an extension of discovery because they had ample opportunity to conduct discovery, as the discovery deadline expired on July 31, 2017, four months after the filing of the Third Amended Complaint, and during that time, ARI served only one set of discovery requests on Plaintiffs. Plaintiffs further contend that "[e]xtensive deposition testimony and written discovery regarding the alter ego claims has already been provided." Pl.'s Resp., Doc. 778 at 9. Moreover, Plaintiffs contend that further discovery is not necessary regarding the alter ego claim against ARI and points to language written by Judge Fitzwater in a previous opinion, in which the court stated that "Plaintiffs' proposed new alter ego claim against ARI appears to share many factual predicates with their existing claims of fraudulent conveyance under TUFTA [Texas

Uniform Fraudulent Transfer Act], unjust enrichment/constructive trust, and alter ego (against Phillips). And the evidence relating to plaintiffs' new alter ego claim is presumably in defendants' possession." (Doc. 367 at 10). Underscoring Judge Fitzwater's point about Defendants' access to discovery, Plaintiffs contend that they are unable to specify with particularity each and every transaction on which they base their alter ego claims because all information regarding those transactions are within Defendants' possession and Defendants refused to produce it during discovery. Plaintiffs also note that the alter ego claim against ARI alleged in the Third Amended Complaint arose as a direct result of Defendants' designated corporate representative's deposition testimony on December 6, 2016, in which he made statements regarding the extent to which ARI treated EQK and ART's assets as if they belonged to ARI.

With respect to Defendants' request for an extension on expert designations, Plaintiffs contend that Defendants had ample time to designate additional experts prior to the December 2016 deadline because their First Amended Complaint, filed on December 15, 2014, contained alter ego claims against both ARI and Phillips and, therefore, Defendants were on notice as early as 2014 that Plaintiffs sought to assert alter ego claims against them. The Second Amended Complaint—though it did not contain the alter ego claim against ARI—did assert the claim against Phillips and alleged that he was the alter ego of numerous entities, including ARI and EQK—and, therefore, Defendants had an opportunity to designate alter ego experts qualified in the state laws governing those two entities. Plaintiffs also contend that Defendants had ample opportunity to get expert testimony on the alter ego claim against ARI because they deposed their experts after the filing of the Third Amended Complaint, during which the experts, in particular Goolsby, testified extensively regarding the historical interactions and business relationships between ARI and its subsidiaries, as well as the customary and ordinary interplay of transactions and business

**Memorandum Opinion and Order – Page 7**

relationships that exist between a parent company and its subsidiaries generally. Plaintiffs also contend that additional experts are not required because the expert reports authored in this case extensively address the facts supporting the alter ego claims.

With respect to Defendants' request for an extension to file summary judgment motions, Plaintiffs note that ARI filed its Motion for Summary Judgment on August 31, 2017, requesting summary judgment on the alter ego claim against ARI, and the motion was denied. Defendants' request for the deadline extension, Plaintiff contends, seeks to relitigate what the court has already decided.

Plaintiffs contend that, should the court grant Defendants' requested relief, they would be prejudiced, as their expert has concluded his work in this matter and Plaintiffs would "again be left scrambling to address Defendants' entirely new theories." Plaintiffs urge the court to bring this action to a conclusion as soon as possible, "as Defendants continue to transfer assets out of the publicly traded companies" and, in doing so, "place more assets out of Plaintiffs' reach."

## II. Standard for Modifying a Scheduling Order

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." The party seeking the modification must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Financial Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009). A court considers four factors when deciding whether to modify a scheduling order: "(1) the explanation for failure to timely [meet the deadlines]; (2) the importance of the [request to modify the deadlines]; (3) potential prejudice in allowing the [modification to the deadline]; and (4) the availability of a continuance to cure such prejudice." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). A trial court has "broad discretion to

**Memorandum Opinion and Order – Page 8**

preserve the integrity and purpose of the pretrial order, which, toward the end of court efficiency, is to expedite pretrial procedure." *Id*. at 535 (citations omitted). Stated another way, a district court has the authority to control its docket and is not required to give litigants who have not been diligent "a second chance to develop their case." *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (citation omitted).

### III. Analysis

#### A. Explanation for Failure to Timely Meet the Deadlines

Defendants' main argument is that Plaintiffs filed a new alter ego claim against ARI "for the first time on March 24, 2017, in their Third Amended Complaint" and, because the expert designation deadline expired in December 2016, their window of opportunity to hire an expert to defend against alter ego claims had closed. This characterization is oversimplified and misleading.

Each version of Plaintiffs' pleadings prior to March 2017 alleged alter ego claims based on an inextricable "unity" and cessation of "separateness" between Defendants Phillips, ARI, EQK, and ART, and other named Defendants in the case ("Complaint," Doc. 1 ¶¶ 91-105; "First Amended Complaint," Doc. 65 ¶¶ 156-166; and "Second Amended Complaint," Doc. 147 ¶¶ 165-182). Since the filing of the original pleading, Plaintiffs have consistently alleged that Phillips influenced and controlled entities ART, ARI, and EQK and that he created and controlled these entities to avoid debt collection owed to Plaintiffs in the underlying litigation. The Third Amended Complaint, by adding the separate claim against ARI, merely expands upon the extent to which Phillips allegedly used various entities and their subsidiaries to improperly transfer assets.

Also, the addition of the separate claim against ARI in the Third Amended Complaint arose based on admissions by ARI's corporate representative, Gene Bertcher ("Bertcher"), regarding the great degree of control that the entity exerted over its subsidiaries, including ART and EQK. The

**Memorandum Opinion and Order – Page 9**

factual basis for the "new" alter ego claim against ARI should, therefore, not have caused any undue surprise to Defendants, and the court sees no reason why it should require additional discovery "to vigorously identify and require Plaintiffs to specify with particularity" the basis for that claim. As noted by Judge Fitzwater in an earlier opinion, Bertcher's initial deposition took place in July 2016, but he was unprepared to answer Plaintiffs' questions, and, accordingly, the magistrate judge granted a motion for sanctions and required him to appear for a second deposition—the one conducted in December 2016. (Doc. 367 at 2). Had Bertcher been prepared to testify in July 2016, as originally planned, the facts giving rise to Plaintiffs' alter ego claim could have been revealed then, with several months remaining for Defendants to designate experts prior to the December 2016 deadline. Defendants' lack of diligence in this respect contributes to their current predicament.

Moreover, Defendants' admitted failure to designate *any* expert on alter ego law is a result of their lack of diligence and decisions made regarding trial strategy. In their motion, Defendants state that "none of the designated experts have qualified themselves as being competent to provide alter ego opinions." (Doc. 774 ¶ 37). At all times in the litigation, there has been an alter ego claim alleged against Phillips. Defendants had ample opportunity to designate at least one alter ego expert who was familiar with the state law governing each entity over which Phillips allegedly exerted control. Had Defendants designated such an expert, that individual would presumably be qualified to advise on the defense against the claim against ARI. Phillips, EQK, ARI, and ART have presented a joint defense in several filings over the course of the litigation, most recently in a joint motion filed on January 11, 2019 (Doc. 785), and as early as October, 14, 2014, in a joint response (Doc. 39). The court does not see any persuasive justification as to why the parties, in conjunction with this joint defense, did not retain an expert to advise on the claim against Phillips

and be prepared to discuss the several entities he is alleged to have controlled and abused, including ARI.

The court, however, sees no reason why the experts Defendants have retained on the other claims are not helpful in defending against the alter ego claims. At the core of each of Plaintiffs' claims is the same set of facts describing the alleged fraudulent scheme devised by Phillips to evade payment of the Final Judgment in the underlying case. Accordingly, the court is not persuaded that Defendants have shown "good cause" based on their explanation that "new" alter ego claims were presented after the expert designation deadline had passed.

Further, the court does not believe Defendants' request is timely. The court understands that, since the filing of the Third Amended Complaint, Defendants have made three attempts for these particular extensions and Judge Fitzwater delayed reaching the merits of such requests. The court believes, however, that Defendants' first request to Judge Fitzwater on June 7, 2017 (Doc. 466), was not timely, in light of the procedural history of the case at that time. On April 18, 2017, the parties filed a Joint Agreed Motion (Doc. 395) to amend the scheduling order, **in light of the court allowing Plaintiffs to file a Third Amended Complaint to add their alter ego claim against ARI**. The parties asked for more time to conduct discovery and to file summary judgment motions "made necessary due to the filing of Plaintiffs' Third Amended Complaint" to "add an alter ego claim against one Defendant." (Doc. 395 ¶¶ 1-2). The following day, the court granted the motion and extended the deadline for completing discovery to July 31, 2017, and the deadline for filing motions for summary judgment to August 31, 2017—deadlines that Defendants now wish to further extend. The joint motion, however, **made no mention** of any need to extend the expert designation deadline, and ARI did not, contemporaneously with or shortly after filing the joint motion, timely request that they also needed an extension of the expert designation deadline

**Memorandum Opinion and Order – Page 11**

to conduct discovery and file motions for summary judgments on the alter ego claim. Defendants, rather, waited until June 6, 2017, to ask the court to also extend the expert designation deadline—*more than 45 days after the court considered the request for discovery and summary judgment motion extensions, and with one and one-half months remaining until the close of discovery.*

In their motion, Defendants now tell the court that retaining alter ego experts is "crucial" to conducting alter ego discovery and, presumably, filing a motion for summary judgment on that issue. If retaining an alter ego expert were essential to conduct adequate discovery and file dispositive motions as Defendants now contend, they should have made that argument to Judge Fitzwater in the April 2017 Joint Motion, when that court was in a position to make a comprehensive determination about the impact of the recently-filed Third Amended Complaint on the needs of the parties. Defendants' argument, accordingly, does not present an urgent or serious concern that could not have been resolved at an earlier and more efficient stage of the litigation. For these reasons, the court determines that this factor weighs heavily in favor of denying Defendants' request for a modification of the scheduling order.

### B.     Importance of Defendants' Request to Modify the Deadlines

Defendants contend that the deadline extensions are "critical to the preparation of an adequate defense." As the court has noted, however, Defendants had ample time to prepare an adequate defense against the alter ego claims since the litigation was filed in 2014. Moreover, with respect to the alter ego claim against ARI, Judge Fitzwater noted in a memorandum opinion that Plaintiffs' alter ego claim against ARI "appears to share many factual predicates with their existing claims of fraudulent conveyance under TUFTA, unjust enrichment/constructive trust, and alter ego (against Phillips)" and that "the evidence relating to plaintiffs' new alter ego claim is presumably in defendants' possession." (Doc. 367 at 10). Moreover, the expert depositions were taken after

the filing of the Third Amended Complaint, when Defendants could have elicited expert testimony favorable to their defense. Defendants maintain that the depositions never used the explicit phrase "alter ego"—but that does not explain why the experts were unqualified or incapable of providing opinions useful to an alter ego defense, in light of their familiarity with the facts underlying the other claims.

Defendants also do not require an extension to file additional motions for summary judgment. Defendants have already filed motions for summary judgment in this action. The deadline for filing motions for summary judgment was August 31, 2017. On August 31, 2017, ARI submitted a motion for summary judgment, in which it thoroughly briefed its defense on the alter ego claim alleged in the Third Amended Complaint. (Doc. 549, pp. 27-45). Defendants Phillips, ART, and EQK also filed motions for summary judgment by the August 31, 2017 deadline. (Docs. 375, 539, and 551). When Judge Fitzwater dismissed the case for lack of subject matter jurisdiction, he dismissed all previously pending motions, including Defendants' motions for summary judgment. When the court reopened the case after exercising supplemental jurisdiction, it permitted the parties to request that any previously pending motions be statistically reopened. (Doc. 712). Defendants Phillips, ART, ARI, and EQK requested that their motions for summary judgment be reopened, and the court granted the request. (Doc. 719). On August 14, 2018, the court ruled on the merits of the pending motions for summary judgment. (Doc. 725). With respect to the alter ego claim against ARI, the court determined that Plaintiffs produced sufficient evidence that ARI is an alter ego of ART and EQK and, accordingly, denied ARI's motion as to that claim. With respect to Plaintiffs' alter ego claim against Phillips, the court determined that there was sufficient evidence that Phillips is an alter ego of ARI and EQK, but not ART. Phillips

**Memorandum Opinion and Order – Page 13**

subsequently moved for the court to reconsider its summary judgment ruling as to the claim that Phillips is an alter ego of ARI and EQK, but the court declined. (Doc. 770).

In light of the motions for summary judgment already decided in this case, the court agrees with Plaintiffs that Defendants are seeking to attempt to relitigate what the court has already decided and have not shown good cause for doing so. Pl.'s Resp. at 9. Moreover, Defendants' request is contrary to Local Rule 56.2(b), which states that "[u]nless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment." Defendants have not been directed by the court to file a second motion for summary judgment, and they have offered no adequate basis in law to support their request. As the court is unpersuaded that an extension to file additional motions for summary judgment is warranted, it determines that the second factor weighs in favor of denying Defendants' request.

### C. Potential Prejudice to Plaintiffs and Availability of a Continuance to Cure Such Prejudice

Plaintiffs contend that that they will be prejudiced if the scheduling order is amended because their expert has concluded his work in this matter and they will be forced to "scramble" to address Defendants' new theories. Plaintiffs also contend that they will be prejudiced by any further delays in resolving the action because "Defendants continue to transfer assets out of the publicly traded companies," which further reduces the assets available to Plaintiffs to satisfy the Final Judgment in the underlying 1999 case.

The court has already *sua sponte* vacated the trial setting and determined that a continuance is required for the court to resolve the pending motions to dismiss and familiarize itself with the background history of this procedurally lengthy and complex action. The court recognizes that its continuance will further delay Plaintiffs' efforts to collect on the Final Judgment; however, any

continuance beyond what is necessary for the court to rule on pending matters is unwarranted, as Plaintiffs, who have attempted for nearly four and one-half years to recover the Final Judgment entered in the underlying case, will be unduly prejudiced. If the court were to grant the requested extensions regarding the designation of experts, discovery deadline, summary judgment deadline, and trial date, this action would not be tried until July 22, 2019, almost five years after the action was filed on August 19, 2014—assuming all proceeded smoothly, which has not occurred given the tortuous and torturous history of this action. The court, therefore, determines that amending the scheduling order to permit Defendants additional time for obtaining experts, conducting discovery, and filing additional motions for summary judgment is not warranted or in the interest of justice. Any delay, other than that necessarily required for the court to familiarize itself with this action and rule on the outstanding motions, will unnecessarily delay the resolution of this action and cause undue prejudice to Plaintiffs. Accordingly, these last two factors weigh in favor of denying Defendants' motion.

### IV. Conclusion

After reviewing the four factors, the court **determines** that each weighs against modifying the scheduling order, and Defendants have failed to meet their burden under Rule 16(b)(4) to establish good cause to amend the scheduling order in this action. Accordingly, the court **denies** Defendants' Motion for Leave to File Motion to Amend Scheduling Order and to Extend Expert Discovery (Doc. 774).

**It is so ordered** this 23rd day of January, 2019.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge