## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| DAVID M. CLAPPER; ATLANTIC MIDWEST LLC; and ATLANTIC XIII, LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:14-CV-2970-L** |
| AMERICAN REALTY INVESTORS, INC.; AMERICAN REALTY TRUST, INC.; TRANSCONTINENTAL REALTY INVESTORS, INC.; PILLAR INCOME ASSET MANAGEMENT, INC.; PRIME INCOME ASSET MANAGEMENT, INC.; PRIME INCOME ASSET MANAGEMENT, LLC; EQK HOLDINGS, INC.; BASIC CAPITAL MANAGEMENT, INC.; GENE E. PHILIPS, | § § § § § § § § § § § | |
| Defendants.[1] | § § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court are the Joint Motion to Strike All or Portions of Plaintiffs' Fifth Amended

Complaint Pursuant to Rules 15(a)(2) and 41(b) of the Federal Rules of Civil Procedure (Doc.

785), filed January 11, 2019; Defendant Gene E. Phillips' Motion to Dismiss Plaintiffs' Complaint,

and Memorandum in Support Thereof, filed January 11, 2019 (Doc. 787); Defendant American

Realty Investors, Inc.'s Motion to Dismiss Fifth Amended Complaint and Memorandum in

---

[1] The sole remaining Defendants are American Realty Investors, Inc.; American Realty Trust, Inc.; EQK Holdings, Inc.; and Gene Phillips. On August 16, 2019, Defendant Gene Phillips passed away. On August 28, 2019, Plaintiffs filed a Suggestion of Death Upon the Record (Doc. 848). On September 10, 2019, Plaintiffs filed a Motion for Leave to File Motion for Substitution of Party Pursuant to Fed. R. Civ. P. 25(a)(1) (Doc. 849), which the court granted. Plaintiffs' Motion for Substitution of Party Pursuant to Fed. R. Civ. P. 25(a)(1) is not yet ripe.

**Memorandum Opinion and Order – Page 1**

Support (Doc. 788), filed January 11, 2019; Defendant American Realty Trust, Inc.'s Motion to Dismiss Fifth Amended Complaint and Memorandum in Support (Doc. 792), filed January 11, 2019; Defendant EQK Holdings, Inc.'s Amended Motion to Dismiss Fifth Amended Complaint and Memorandum in Support (Doc. 794), filed January 11, 2019; Plaintiffs' Motion for Leave to File Motion to Strike or, Alternatively, Motion in Limine (Doc. 836), filed May 1, 2019; and Plaintiffs' Motion for Leave to File Rule 11 Motions (Doc. 837), filed May 14, 2019. Also pending is whether ARI and EQK are entitled to entry of summary judgment on Plaintiffs' unjust enrichment claims, a matter raised sua sponte by the court, and fully briefed by the parties (*see* Docs. 729 and 738).

After carefully considering the motions, responses, replies, pleadings, record, and applicable law, the court **grants in part** Joint Motion to Strike All or Portions of Plaintiffs' Fifth Amended Complaint Pursuant to Rules 15(a)(2) and 41(b) of the Federal Rules of Civil Procedure (Doc. 785); **grants** summary judgment in favor of ARI and EQK on Plaintiffs' unjust enrichment claims, a matter raised sua sponte by the court and fully briefed by the parties; **denies** Defendant Gene E. Phillips' Motion to Dismiss Plaintiffs' Complaint (Doc. 787); **denies** Defendant American Realty Investors, Inc.'s Motion to Dismiss Fifth Amended Complaint (Doc. 788); **denies** Defendant American Realty Trust, Inc.'s Motion to Dismiss Fifth Amended Complaint (Doc. 792); **denies** Defendant EQK Holdings, Inc.'s Amended Motion to Dismiss Fifth Amended Complaint (Doc. 794); **grants** Plaintiffs' Motion for Leave to File Motion to Strike or, Alternatively, Motion in Limine (Doc. 836); and **denies** Plaintiffs' Motion for Leave to File Rule 11 Motions (Doc. 837).

I.      **Factual Background and Procedural History**

On August 19, 2014, Plaintiffs David M. Clapper ("Clapper"), Atlantic Midwest, L.L.C. ("Atlantic Midwest"), and Atlantic XIII, L.L.C. ("Atlantic XIII")—judgment creditors of Defendant American Realty Trust, Inc. ("ART")—filed this lawsuit against ART and numerous other defendants. Plaintiffs allege that ART unlawfully transferred assets to its parent, Defendant American Realty Investors, Inc. ("ARI"), and other entities and persons in an attempt to evade a final judgment entered in their favor by the Honorable David C. Godbey on October 11, 2011, in *ART Midwest, Inc. v. Clapper*, No. 3-99-cv-2355-N.[2]

In the Original Complaint, Plaintiffs alleged the following claims: fraudulent conveyance in violation of the Texas Uniform Fraudulent Transfer Act, Tex. Bus. & Com. Code Ann. § 24.001 et seq. (West 2018) ("TUFTA"); unjust enrichment/constructive trust; alter ego; civil conspiracy to commit fraudulent conveyances; and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. As the basis for federal subject matter jurisdiction, Plaintiffs invoked this court's diversity jurisdiction and also its federal question jurisdiction based on the assertion of their civil RICO claim. *See* Compl. ¶ 1 ("This Court has jurisdiction over this

---

[2] The United States Court of Appeals for the Fifth Circuit, by opinion dated February 3, 2014, affirmed the October 11, 2011 judgment in part and vacated and remanded it in part. On July 31, 2014, Judge Godbey entered a second final judgment. By opinion dated November 9, 2015, the Fifth Circuit affirmed in part and vacated and remanded in part. Based on the mandate, Judge Godbey entered a third final judgment on February 10, 2016. *See* Doc. 962 in *ART Midwest, Inc. v. Clapper*, No. 3-99-cv-2355-N. The complex background facts and procedural history in that case, ultimately leading to this lawsuit, are detailed in numerous prior opinions by Judge Fitzwater, with which the court assumes the parties' familiarity. *See Clapper v. American Realty Investors, Inc.*, 2015 WL 264711 (N.D. Tex. Jan. 21, 2015) ("*Clapper I*"); *Clapper v. American Realty Investors, Inc.*, 2015 WL 3504856 (N.D. Tex. June 3, 2015) ("*Clapper II*"); *Clapper v. American Realty Investors, Inc.*, 2016 WL 302313 (N.D. Tex. Jan. 25, 2016) ("*Clapper III*"); *Clapper v. American Realty Investors, Inc.*, 2017 WL 978098 (N.D. Tex. Mar. 14, 2017) ("*Clapper IV*"); *Clapper v. American Realty Investors, Inc.*, 2018 WL 1083609 (N.D. Tex. Feb. 28, 2018) ("*Clapper V*"); *Clapper v. American Realty Investors, Inc.*, 2018 WL 2739014 (N.D. Tex. June 6, 2018) ("*Clapper VI*"); *Clapper v. American Realty Investors, Inc.*, 2018 WL 3769831 (N.D. Tex. Aug. 9, 2018) ("*Clapper VII*"); *Clapper v. American Realty Investors, Inc.*, 2018 WL 3868703 (N.D. Tex. Aug. 14, 2018) ("*Clapper VIII*"); and *Clapper v. American Realty Investors, Inc.*, 2018 WL 6011182 (N.D. Tex. Nov. 16, 2018) ("*Clapper IX*").

action pursuant to 28 U.S.C. § 1332, (diversity jurisdiction) and based on a federal question being raised pursuant to RICO."). On October 31, 2014, following the recusal of the Honorable Jorge A. Solis, the matter was reassigned to the Honorable Sidney A. Fitzwater. After allowing Plaintiffs leave to amend the pleadings twice, he granted in part Defendants' motion to dismiss Plaintiffs' Second Amended Complaint, dismissing, among other claims, the civil RICO claim, the sole source of federal question jurisdiction, finding it "speculative, conclusory, and insufficient to state a claim on which relief can be granted." *Clapper v. American Realty Investors, Inc.*, 2016 WL 302313, at *10 (N.D. Tex. Jan. 25, 2016) (Fitzwater, J.) ("*Clapper III*") ("[T]he court dismisses plaintiffs' civil RICO claim because the allegations in the second amended complaint do not allow the court to draw the reasonable inference that defendants engaged in a pattern of racketeering activity.").

On March 24, 2017, with leave of court, *see Clapper v. American Realty Investors, Inc.*, 2017 WL 978098 (N.D. Tex. Mar. 14, 2017) (Fitzwater, J.) ("*Clapper IV*"), Plaintiffs filed a Third Amended Complaint that added alter ego claims against ARI. Following the court's rulings in *Clapper III* and *Clapper IV*, the following state law claims remained: fraudulent conveyance in violation of TUFTA against ART, ARI, and EQK Holdings, Inc. ("EQK") (sometimes collectively, the "Entity Defendants"); unjust enrichment/constructive trust against ARI and EQK; and alter ego claims against Gene Phillips ("Phillips") and ARI.

On December 5, 2017, in reviewing Plaintiffs' Third Amended Complaint, the court noted that Plaintiffs predicated subject matter jurisdiction on diversity of citizenship under 28 U.S.C. § 1332, and that they failed to allege properly the various parties' citizenship. The court issued an order, sua sponte, stating, "Because diversity jurisdiction is now the sole basis for the court's

subject matter jurisdiction, the court orders that plaintiffs amend their complaint to properly plead the citizenship of the parties specified in this order." Order 2 (Doc. 643) ("December 5, 2017 Order"). The court further ordered Plaintiffs to "file a fourth amended complaint that alleges diversity of citizenship, in conformity with 28 U.S.C. § 1332[,]" stating that "otherwise, this action will be dismissed for want of subject matter jurisdiction." *Id.* at 3.

In response, on December 26, 2017, Plaintiffs Clapper and Atlantic Midwest—but not Atlantic XIII—filed a Fourth Amended Complaint. On January 16, 2018, Defendants jointly moved to dismiss Plaintiffs' claims in their entirety pursuant to Rule 12(b)(1), for failing to establish complete diversity of citizenship in their pleadings. Alternatively, Defendants moved to strike Plaintiffs' Fourth Amended Complaint ("Motion to Strike Unauthorized Pleadings and Prayer in the Fourth Amended Complaint"), arguing that Plaintiffs included new damages allegations and an expanded prayer for damage relief that was not authorized by Judge Fitzwater's December 5, 2017 Order, allowing amendment only to cure defects in allegations relating to the parties' citizenship.

On February 28, 2018, the court granted Defendants' Rule 12(b)(1) motion to dismiss, concluding that complete diversity of citizenship was lacking. *Clapper v. American Realty Investors, Inc.*, 2018 WL 1083609, at *5 (N.D. Tex. Feb. 28, 2018) (Fitzwater, J.) ("*Clapper V*") ("Because there are Georgia citizens on both sides of the controversy, the court cannot exercise diversity jurisdiction. Accordingly, the Entity Defendants' and Phillips' motion to dismiss are granted."). The court's decision to dismiss rendered moot Defendants' Motion to Strike Unauthorized Pleadings and Prayer in the Fourth Amended Complaint. Rather than dismiss the case for want of federal subject matter jurisdiction, however, the court stated:

**Memorandum Opinion and Order – Page 5**

> Although plaintiffs can now pursue this litigation against defendants in state
> court, because this case has been pending in this court since August 19, 2014,
> the court will give plaintiffs 21 days from the date this memorandum opinion and order
> is filed to move for any available relief that would enable this court to exercise
> subject matter jurisdiction. This may include demonstrating sufficient grounds for
> this court to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a),
> considering that the court had federal-question jurisdiction at the time the lawsuit
> was filed.

*Id.* at *6 (footnote omitted).

In response to *Clapper V*, Plaintiffs moved for leave to file their Fifth Amended Complaint pleading supplemental jurisdiction for the first time, or, in the alternative, to remove the Atlantic entities from the lawsuit. On June 6, 2018, Judge Fitzwater determined that, in his discretion, he would exercise supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367(a), and denied Plaintiffs' motion without prejudice after concluding a formal amendment of the pleadings was not necessary. *See Clapper v. American Realty Investors, Inc.*, 2018 WL 2739014, at *1 (N.D. Tex. June 6, 2018) (Fitzwater, J.) ("*Clapper VI*").

On August 14, 2018, the court addressed multiple outstanding motions, including then-pending motions to dismiss the Fourth Amended Complaint and motions for summary judgment. *Clapper v. American Realty Investors, Inc.*, 2018 WL 3868703 (N.D. Tex. Aug. 14, 2018) (Fitzwater, J.) ("*Clapper VIII*"). In a lengthy opinion, the court granted in part the pending motions, sua sponte raised whether ARI and EQK are entitled to summary judgment on Plaintiffs' unjust enrichment claims, and set out a briefing schedule pertaining to the unjust enrichment claims. *See id.* at *23-24. Following *Clapper VIII*, a dispute arose concerning Judge Fitzwater's reference to the Fourth Amended Complaint as the operative pleading and whether, as Plaintiffs argued, he intended Atlantic XIII to remain a plaintiff in this lawsuit. On October 10, 2018, Plaintiffs filed a

motion for clarification as to the operative complaint or, alternatively, a motion for leave to file a

Fifth Amended Complaint. While Plaintiffs' motion was pending, on November 13, 2018,

Defendants sought leave to file their Motion for Ruling on Defendants' Previously Filed Motion

to Strike Unauthorized Pleadings and Prayer in the Fourth Amended Complaint ("Motion for

Ruling") (Doc. 765), reiterating their argument that Plaintiffs, in the Fourth Amended Complaint,

had added new damages allegations that were unauthorized by Judge Fitzwater's December 5,

2017 Order, and requesting a ruling from the court, stating that, "Though the Court has since ruled

to permit Plaintiffs' case to move forward under supplemental jurisdiction, there has been no

determination or ruling on Defendants' outstanding objections to the defects in the new damage

pleadings and final prayer of Plaintiffs' Fourth Amended Complaint." Defs.' Mot. for Ruling 2, ¶

7 (Doc. 765).

On November 16, 2018, Judge Fitzwater granted Plaintiffs' motion for leave to file a Fifth

Amended Complaint to reinclude Atlantic XIII as a party:

> [B]ecause Atlantic XIII was dropped as a plaintiff before the court decided
> it would exercise supplemental jurisdiction, and it is the court's intention that all
> three plaintiffs named in the 3AC be allowed to participate as plaintiffs, the court
> concludes that it should permit the filing of a 5AC that includes Atlantic XIII as a
> plaintiff.

*Clapper v. American Realty Investors, Inc.*, 2018 WL 6011182, at *3 (N.D. Tex. Nov. 16, 2018)

("*Clapper IX*"). By separate order, Judge Fitzwater denied Defendants' Motion for Ruling without

prejudice, stating:

> Defendants' November 13, 2018 motion for leave to file motion for ruling
> by the court on defendants' previously filed motion to strike unauthorized pleadings
> and prayer in plaintiffs' fourth amended complaint is denied without prejudice. In
> a memorandum opinion and order filed today, the court is granting plaintiffs leave
> to file a fifth amended complaint and granting defendants leave to file responsive

pleadings to the fifth amended complaint. It therefore appears that defendants'
motion to strike is moot. *Even if it is not, the successor judge should be able to
decide whether such leave should be granted.*

Order 1 (Doc. 771) (emphasis added).

On November 16, 2018, after presiding over this matter for over four years, Judge
Fitzwater—who had taken senior status—recused himself, and the matter was reassigned to the
Honorable Sam R. Cummings. On December 7, 2018, as permitted by *Clapper IX*, Plaintiffs filed
their Fifth Amended Complaint. The next day, December 11, 2018, Judge Cummings recused
himself, and the matter was reassigned to the Honorable Karen G. Scholer, who recused herself on
December 12, 2018, after which it was reassigned to this court.

On January 11, 2019, in four separate motions, Defendants Phillips, ARI, ART, and EQK
move to dismiss the Fifth Amended Complaint under Rule 12(b)(6). In a separate motion,
Defendants collectively move to strike newly-added allegations in the Fifth Amended Complaint
pertaining to damages, contending these amended allegations exceeded the scope of court orders
granting leave to amend, and reiterating their arguments previously made in Defendants' Motion
to Strike Unauthorized Pleadings and Prayer in the Fourth Amended Complaint, which became
moot when Judge Fitzwater granted Defendants' Rule 12(b)(1) motion to dismiss. In the
alternative to striking the newly-added damages allegation, Defendants move to dismiss the Fifth
Amended Complaint in its entirety. Plaintiffs oppose the pending motions arguing, among other
things, that Judge Fitzwater previously ruled on the issues presented and that Defendants are
deliberately attempting to mislead the court in arguing to the contrary.

On January 16, 2019, given the complex nature of the case and court's busy docket, the
court vacated the March 2019 trial setting and advised the parties that it would reset the trial,

pretrial conference, and pretrial material deadlines by separate order once it addressed all pending motions.[3] On May 1, 2019, Plaintiffs filed a Motion for Leave to File Motion to Strike or, Alternatively, Motion in Limine (Doc. 836), seeking to strike, among other things, Defendants' designated expert, Davor Rukivina, insofar as Defendants only recently designated him as an expert on the alter ego claims. On May 14, 2019, Plaintiffs filed a Motion for Leave to File Rule 11 Motions (Doc. 837), requesting the court to sanction Defendants for seeking in bad faith to relitigate matters already decided by Judge Fitzwater. Both motions for leave are opposed.

Finally, on October 11, 2019, with leave of court, Defendants filed their Motion to Dismiss Supplemental Claims for Lack of Jurisdiction Under 28 U.S.C. § 1367, urging the court to reverse *Clapper VI*, decline to exercise supplemental jurisdiction over the remaining state law claims, and dismiss this lawsuit. On October 31, 2019, the court issued a memorandum opinion and order, denying Defendants' motion and declining their invitation to reverse Judge Fitzwater's decision to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. *Clapper v. American Realty Investors, Inc.*, 2019 WL 5684436 (N.D. Tex. Oct. 31, 2019) (Lindsay, J.).

## II.    Legal Standards

Prior to addressing the merits of the pending motions, the court sets out the applicable legal standards that govern the disposition of the motions.

---

[3] On January 23, 2019, the court denied Defendants' Motion for Leave to File Defendants' Emergency Motion to Amend Scheduling Order and to Extend Expert Discovery and Motion for Continuance (filed before Judge Cummings), in which Defendants sought to extend the expert witness designation deadline by at least 90 days, to extend discovery on the alter ego claims for at least 120 days, and to extend the summary judgment deadline by 120 days. *Clapper v. American Realty Investors, Inc.*, 2019 WL 317118 (N.D. Tex. Jan. 23, 2019) (Lindsay, J.).

### A.  Federal Rule of Civil Procedure 12(b)(6) – Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679. In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir.

1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with

a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### B.  Rules 15(a) and 15(a)(2) – Amendment of the Pleadings

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course within 21 days of serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1)(A), (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

When a plaintiff amends its complaint without consent or leave of the court, either the entire complaint or that part of the complaint that is added without leave may be stricken. *See Barbour v. City of Forney*, 2015 WL 4094005, at *3 (N.D. Tex. June 17, 2015) (amended complaint stricken when filed without consent or leave to amend); *BPW Rhythmic Records, L.L.C. v. CDNOW, Inc.*, 2000 WL 15126620, at *1 (S.D. Tex. Oct. 12, 2000) (motion to strike second amended complaint granted when complaint filed without consent or leave of court); *CAPPA Fund III v. ACTTHERM Holding, a.s.*, 2010 WL 3766754, at *3 (N.D. Tex. Sept. 27, 2010) (Lindsay, J.) (striking amended complaint filed in violation of Rule 15(a)(2)).

### C.  Rule 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

### D.  Reconsideration of Interlocutory Orders

In the case of an interlocutory order, "Federal Rule of Civil Procedure 54(b) governs whether the court reconsiders its ruling." *Mead v. Lattimore Materials Co.*, 2018 WL 2971128, at *1 (N.D. Tex. Mar. 6, 2018) (Lindsay, J.) (quoting *S.E.C. v. Cuban*, 2013 WL 1091233, at *2 (N.D. Tex. Mar. 15, 2013) (Fitzwater, C.J.) (in turn citing *Dos Santos v. Bell Helicopter Textron, Inc. District*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (Means, J.)); *see also Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2016) (holding that "[b]ecause the order granting partial summary judgment was interlocutory, the court should have analyzed the motion for reconsideration under Rule 54(b) instead of Rule 59(e), which applies to final judgment."). Pursuant to Rule 54(b): "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). There is no dispute that each of Judge Fitzwater's previous orders in this matter was an interlocutory "order or decision" that "adjudicate[d] fewer than all the claims and all the parties' rights and liabilities."  "Although the precise standard for evaluating a motion to reconsider under

Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Dos Santos*, 651 F. Supp. 2d at 553 (citation omitted). The court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Cuban*, 2013 WL 1091233, at *2 (citations omitted).

Rule 54 "does not distinguish between, on the one hand, a situation where a trial judge revises his own order, and, on the other hand, a situation where a second judge revises the earlier order of a previous judge." *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 726-27 (5th Cir. 2012). While the court is cognizant of the principles underlying the law-of-the-case doctrine, such doctrine does not bar it from reconsidering previous rulings in the case. Under the law-of-the-case doctrine, courts will show deference to decisions already made in the case over which they are presiding. *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 171 (5th Cir. 2010). The law-of-the-case doctrine, however, "does not operate to prevent a district court from reconsidering prior rulings." *Id.* Further, when a successor judge replaces another judge, "[t]he successor judge has the same discretion as the first judge to reconsider [the first judge's] order." *Abshire v. Seacoast Products, Inc.*, 668 F.2d 832, 837-38 (5th Cir. 1982). A successor judge may overrule a previous judge's order as long as the successor judge has a "reason [he or she] deems sufficient." *Zarnow*, 614 F.3d at 171.

## III.   Analysis

### A. Defendants' Joint Motion to Strike All or Portions of Plaintiffs' Fifth Amended Complaint Pursuant to Rules 15(a)(2) and 41(b) of the Federal Rules of Civil Procedure (Doc. 785)

Defendants jointly move to strike all or portions of Plaintiffs' Fifth Amended Complaint pursuant to Rules 15(a)(2) and 41(b) of the Federal Rules of Civil Procedure, reiterating many of

the same arguments they previously made in Defendants' Motion to Strike Unauthorized Pleadings and Prayer in the Fourth Amended Complaint, which became moot when Judge Fitzwater granted Defendants' Rule 12(b)(1) motion to dismiss, and in their Motion for Ruling, *supra*, which he denied without prejudice as moot or, alternatively, as an issue the successor judge could decide. *See* Order (Doc. 771).

In support of their Joint Motion to Strike, Defendants argue:

> Paragraph 38 and the Final Prayer on Page 30 of the [Fifth Amended Complaint] should be stricken because these pleadings contain new damages that were not authorized and exceed the scope of any leave granted by the Court (hereinafter the "New Damages"). The New Damages first appeared, and were first pleaded by the Plaintiffs, without the Court's authority, in Plaintiffs' Fourth Amended Complaint [], filed on December 26, 2017, and the Final Prayer, on Page 30 of the [Fourth Amended Complaint].

Joint Mot. to Strike 1, ¶ 2 (internal citations omitted). Defendants further contend:

> Since the filing of the [Fourth Amended Complaint], Defendants have filed motions, on at least two (2) occasions, specifically requesting that this Court strike the New Damages because they were unauthorized and exceeded the scope of the Court's previous orders granting leave. However, before Judge Fitzwater reassigned this case, he deferred ruling on these motions to strike and stated that the successor Court would be in the best position to determine this issue. Therefore, Defendants respectfully request a ruling which strikes the unauthorized pleadings pursuant to FRCP 15(a)(2) and FRCP 41(b).

*Id.* ¶ 3.

In opposition, Plaintiffs argue that Judge Fitzwater previously denied the relief sought in Defendants' Motion to Strike Unauthorized Pleadings and Prayer in the Fourth Amended Complaint, and that Defendants' Motion for Ruling was an attempt to "mislead the court" into believing it had not already denied the relief sought. Pls.' Resp. to Mot. to Strike 4.  According to Plaintiffs, in reasserting these same arguments in the current motion to strike, "Defendants

intentionally delude this Court, claiming that Judge Fitzwater deferred ruling on the motions to strike and that he stated that the successor Judge would be in the best position to determine the issue. **This is untrue; the Court denied both Motions**." *Id.* at 3 (original emphasis). Plaintiffs further maintain:

> Defendants claim that the Court failed to rule on Defendants' Motion to Strike in DE 725, issued by the Court on August 14, 2018. However, this is a **blatant falsehood**. Judge Fitzwater expressly stated in that Memorandum Opinion and Order: "The motions addressed in this memorandum opinion and order are as follows…ARI, ART, and EQK's January 16, 2018 motion to strike fourth amended complaint; Phillips' January 16, 2018 motion to strike fourth amended complaint…" (DE 725, PgID 34737-34738, FN 14). The Court indicated in a footnote: "**The court also <u>denies</u> defendants' motion to strike plaintiff's fourth amended complaint pursuant to Rule 41 and Phillips' motion to strike plaintiffs' fourth amended complaint**, which incorporate the same arguments as defendants' collective motion to dismiss the third amended complaint."

*Id.* at 4 (original emphasis) (internal citations omitted).

To resolve this dispute, the court has been required to study, in microscopic detail, Judge Fitzwater's prior rulings spanning four years and numerous amended pleadings. For the reasons that follow, the court concludes that Defendants' motion to strike portions of paragraph 38 and portions of the Final Prayer on page 30 of the Fifth Amended Complaint should be granted.

Paragraph 38 of the Fifth Amended Complaint alleges:

> On February 10, 2016, the Honorable David C. Godbey of the Northern District of Texas entered a Final Judgment against ART and ART Midwest, Inc. in favor of David Clapper in the amount of $19,138,453.75 plus post-judgment interest; in favor of Atlantic Midwest, LLC in the amount of $42,339,039.13 plus post-judgment interest; and in favor of Atlantic XIII, LLC in the amount of $7,537,143.58 plus post-judgment interest.

The prayer for relief on page 30 of the Fifth Amended Complaint alleges:

> WHEREFORE, the Plaintiffs respectfully request that this Honorable Court enter a preliminary injunction for the relief requested above and render a judgment

against the Defendants as follows: in favor of David Clapper in the amount of $19,138,453.75 plus post-judgment interest, in favor of Atlantic Midwest, LLC in the amount of $42,339,039.13 plus post-judgment interest, in favor of Atlantic XIII, LLC in the amount of $7,537,143.58 plus post-judgment interest, and award all other damages that Plaintiffs are entitled to, including pre-judgment interest, punitive damages, costs, attorneys' fees and any other relief the Court deems just under the circumstances.

While a cursory reading of *Clapper VIII* would appear to support Plaintiffs' position, on closer examination, it is apparent that Judge Fitzwater never ruled on Defendants' Motion to Strike Unauthorized Pleadings and Prayer in the Fourth Amended Complaint.[4] In the absence of a ruling, Plaintiffs included in the Fifth Amended Complaint the new damages allegations to which Defendants had previously objected when they first appeared in the Fourth Amended Complaint. Although Plaintiffs are correct that Judge Fitzwater referred to Defendants' motion to strike in *Clapper VIII*, he made clear that he was only addressing the motion "to strike the parts [Defendants] contend are not compliant with the court's order granting plaintiffs leave to plead the alter ego claims against ARI." *Clapper VIII*, 2018 WL3868703, at *4. Further, although Plaintiffs assert Judge Fitzwater denied the motion to strike the new damages allegations in footnote 25 of *Clapper VIII*, Judge Fitzwater stated in footnote 25 that he was denying these two motions, "which incorporate the same arguments as defendants' collective motion to dismiss the third amended complaint." *Id.* at n.25. As Defendants correctly point out in their reply brief, "As the New Damages Claim was added by Plaintiffs for the first time in the [Fourth Amended Complaint], and

---

[4] **Whether Plaintiffs' misreading of *Clapper VIII* is an effort at legal legerdemain or gamesmanship, as Defendants assert, or mere carelessness, does not merit consideration at this juncture. The court, however, will remain mindful of future attempts by either party to mislead the court, and appropriate sanctions will issue if such is the case. Finally, the parties are sternly admonished to tone down their rhetoric, as the incessant acrimony, hyperbole, invective, and saber-rattling have reached a point that transcends all civility.**

**Memorandum Opinion and Order – Page 17**

was not contained in the [Third Amended Complaint], the Court is clearly not addressing the motion to strike this portion of the [Fourth Amended Complaint]." Defs.' Reply 4, ¶ 12.

The court concludes that, contrary to Plaintiffs' argument, Defendants' motion to strike newly-added damages allegations in the Fifth Amended Complaint is not moot. It is undisputed that the new damages allegations were raised in the Fourth Amended Complaint for the first time without consent of the opposing party or leave of court in violation of Rule 15(a)(2). Plaintiffs do not argue that Judge Fitzwater's December 5, 2017 Order authorized them to amend their damages allegations in the Fourth Amended Complaint. They do not deny that he only gave them leave to amend their complaint to allege the parties' citizenship so that the court could satisfy its obligation to determine whether it had subject matter jurisdiction.

Similarly, Plaintiffs do not deny that, in allowing them leave to file a Fifth Amended Complaint, Judge Fitzwater limited the amendment of the pleading to the reinclusion of Atlantic XIII to reflect that he always considered them a Plaintiff. One thing is clear: Judge Fitzwater did **not** grant Plaintiffs leave to amend the damages allegations or prayer for relief.

For these reasons, pursuant to Rule 15(a)(2), the court will **grant** Defendants' motion to strike all allegations in paragraph 38 and the Final Prayer on Page 30 of the Fifth Amended Complaint that were not previously alleged in the Third Amended Complaint. These new allegations pertaining to damages were not authorized and exceed the scope of any leave granted by the court. The court, however, declines Defendants' invitation to strike the entirety of Plaintiffs' Fifth Amended Complaint under Federal Rule of Civil Procedure 41(b), as such measure is too draconian, unduly prejudicial to Plaintiffs, and unwarranted.

**B.  Summary Judgement in ARI and EQK's Favor on Unjust Enrichment Claims**

The court now turns to whether ARI and EQK are entitled to entry of summary judgment on Plaintiffs' unjust enrichment claims, a matter raised sua sponte by Judge Fitzwater in *Clapper VIII*, in which he stated:

> The court can raise a ground for summary judgment sua sponte, provided it affords the opposing party notice and a fair opportunity to respond. *See, e.g., Nunn v. State Farm Mut. Auto. Ins. Co.*, 729 F.Supp.2d 801, 810 (N.D. Tex. 2010) (Fitzwater, C.J.) (citing *Jackson v. Fed. Express Corp.*, 2006 WL 680471, at \*9 (N.D. Tex. Mar. 14, 2006) (Fitzwater, J.)). The court has previously held that Texas law does not recognize an independent cause of action for unjust enrichment. *See Hancock v. Chi. Title Ins. Co.*, 635 F. Supp. 2d 539, 560 (N.D. Tex. 2009) (Fitzwater, C.J.) (dismissing unjust enrichment claim at summary judgment stage); *see also Redwood Resort Props., LLC v. Holmes Co.*, 2006 WL 3531422, at \*9 (N.D. Tex. Nov. 27, 2006) (Fitzwater, J.) (dismissing unjust enrichment claim at motion to dismiss stage and holding that it is not an independent cause of action). "Moreover, Texas courts of appeals have consistently held that unjust enrichment is not an independent cause of action, but is instead a theory upon which an action for restitution may rest." *Hancock*, 635 F. Supp. 2d at 560 (citing *Argyle Indep. Sch. Dist. v. Wolf*, 234 S.W.3d 229, 246-47 (Tex. App. 2007, no pet.); *Friberg-Cooper Water Supply Corp. v. Elledge*, 197 S.W.3d 826, 831-32 (Tex. App. 2006, pet. granted), rev'd on other grounds, 240 S.W.3d 869 (Tex. 2007); *Mowbray v. Avery*, 76 S.W.3d 663, 680 (Tex. App. 2002, pet. denied) ). In *Hancock* this court explained:
>
> > [i]t is true ... that the Supreme Court of Texas and other courts still occasionally refer to an "unjust enrichment claim." These opinions do not, however, characterize unjust enrichment as a separate cause of action from money had and received; they consider it to be a general theory of recovery for an equitable action seeking restitution. ... Plaintiffs have cited no cases in which the Supreme Court of Texas has recognized a claim for unjust enrichment as independent from an action for money had and received, and the court concludes Texas law indicates that they are not separate and independent claims.
>
> *Id.* at 560-61 (citations omitted).

Accordingly, the court raises sua sponte that ARI and EQK are entitled to summary judgment dismissing plaintiffs' unjust enrichment claim, and it denies

plaintiffs' motion for summary judgment on their constructive trust/unjust enrichment claim. The court grants plaintiffs 21 days from the date this memorandum opinion and order is filed to file an opposition response, brief, and appendix that addresses the ground on which the court has raised summary judgment sua sponte.

*Clapper VIII*, 2018 WL 3868703, at * 17 (footnote omitted).

The matter has now been fully briefed by the parties. *See* Docs. 729 and 738. In their response (Doc. 729), Plaintiffs argue that Texas law is not completely clear on whether unjust enrichment is an independent cause of action, and summary judgment is, therefore, not warranted. Alternatively, Plaintiffs ask the court to construe the unjust enrichment claim as one for money had and received.[5] In reply, Defendants contend that Judge Fitzwater "correctly determined Texas law does not recognize an independent cause of action for unjust enrichment. As a result, this Court's Memorandum Opinion and Order dismissing Plaintiffs' claim for unjust enrichment should be affirmed." Defs.' Reply 5 (Doc. 738). The court agrees that Texas law does not recognize an independent cause of action for unjust enrichment[6] and affirms Judge Fitzwater's determination. Further, the court declines, for the reasons stated in Defendants' Reply, Plaintiffs' alternative request that it construe their unjust enrichment claim as a claim for money had and received. Among other reasons, as evident from the face of the Complaint, such claim, "subject to

---

[5] Plaintiffs also ask the court, in the alternative to granting summary judgment on their unjust enrichment claims, to allow them to file a Fifth Amended Complaint to add a claim for money had and received. This request is moot, as Judge Fitzwater subsequently allowed Plaintiffs leave to file a Fifth Amended Complaint solely to reinclude Atlantic XIII as a party, and not to add new claims.

[6] This court has explained that, although the Texas Supreme Court has referred to "unjust enrichment claims," "those opinions do not characterize unjust enrichment as a separate cause of action from money had and received" and rather "consider it to be a general theory of recovery for an equitable action seeking restitution." *GFRS Equip. Leasing Fund II LLC v. Diane Trang Nguyen*, 2019 WL 3530421, at *4 (N.D. Tex. Aug. 1, 2019) (Lindsay, J.) (quoting *Chapman v. Commonwealth Land Title Ins. Co.*, 814 F. Supp. 2d 617, 725 (N.D. Tex. 2011) (Lindsay, J)). Other federal courts have arrived at the same conclusion. *See id.* (citations omitted).

**Memorandum Opinion and Order – Page 20**

a two-year statute of limitations," would be time-barred. *See Tornado Bus Co. v. Bus & Coach Am. Corp.*, 2015 WL 5164731, at *6-7 (N.D. Tex. Sept. 2, 2015) (Lynn, J.) (citing *Tangelwood Terrace, Ltd. v. City of Texarkana*, 996 S.W.2d 330, 337 (Tex. App.—Texarkana 1999, no pet.)).

Moreover, unjust enrichment and money had and received, while conceptually related, are not synonymous. *Best Buy Co. v. Barrera*, 214 S.W.3d 66, 74 (Tex. App.—Corpus Christi 2006), *rev'd on other grounds*, 248 S.W.3d 160 (Tex. 2007). To prove a claim for money had and received, a plaintiff must show that a defendant holds money which in equity and good conscience belongs to the plaintiff. *L'Arte De La Mode, Inc. v. Neiman Marcus Grp.*, 395 S.W.3d 291, 296 (Tex. App.— 2013, no pet.). "A cause of action for money had and received is not premised on wrongdoing, but looks only to the justice of the case and inquires whether the defendant has received money which rightfully belongs to another." *Id.* (internal quotation marks and citation omitted). As ARI and EQK correctly note, Plaintiffs' allegations "are insufficient to state a claim for money had and received because Plaintiffs' Complaint does not allege specific money that belonged to Plaintiffs and that was transferred to and is held by Defendants. Nor do Plaintiffs identify anything that is the equivalent of money that belonged to Plaintiffs and that was transferred to and is held by Defendants." Reply to Plaintiffs' Response in Opposition to the Court's Sua Sponte Determination that Defendants Are Entitled to Summary Judgment on Plaintiffs' Unjust Enrichment Claim 6 (Doc. 738).

Accordingly, because Texas law does not afford an independent cause of action for unjust enrichment, the court affirms Judge Fitzwater's ruling, sua sponte raising whether ARI and EQK

are entitled to summary judgment on Plaintiff's unjust enrichment claims, and **grants** summary judgment in favor of ARI and EQK on Plaintiffs' unjust enrichment claims.[7]

### C.  Defendant Gene E. Phillips' Motion to Dismiss (Doc. 787)

In the Fifth Amended Complaint, Plaintiffs allege Phillips is the alter ego of ARI and EQK. Defendant Phillips moves to dismiss the alter ego claim pleaded against him. Phillips argues that Nevada alter ego law requires that the purported alter ego influence and govern the corporate entity, and since he was not a stockholder, director or officer of the corporate entity, he was not in a position to govern ARI or EQK. As Plaintiffs correctly note, Phillips previously advanced these same arguments and, after being fully briefed, Judge Fitzwater rejected them both at the summary judgment stage and on reconsideration. *See Clapper VIII*, 2018 WL 3868703, at *22 (denying Phillips' motion for summary judgment as it relates to whether he can be held liable under Nevada law as the alter ego of ARI and EQK); *Clapper IX*, 2018 WL 6011182, at *5 (denying Phillips' motion for reconsideration and "declin[ing] to hold that only a stockholder, director, or officer of a corporation can be subjected to alter ego liability under Nevada law.").

Phillips' attempt to again raise this issue, which Judge Fitzwater has ruled on twice, albeit to his dissatisfaction, is a waste of the court's and parties' resources. The court declines Phillips'

---

[7] The court notes that in Count II of the Fifth Amended Complaint Plaintiffs bring a claim for unjust enrichment and constructive trust. Fifth Am. Compl. ¶¶ 136-145 (Doc. 773). Although the court dismisses the unjust enrichment claim for the reasons previously stated, Plaintiffs' constructive trust claim remains. Under Texas law, a constructive trust is an equitable remedy that may be imposed if there is: "(1) actual or constructive fraud; (2) unjust enrichment of the wrongdoer; and (3) tracing of the property over which the trust is placed to some identifiable res in which the plaintiff has an interest." *American Cancer Soc. v. Cook*, 675 F.3d 524, 529 (5th Cir. 2012) (citation omitted). "The decision to resort to this remedy, however, is entrusted to the discretion of the court." *Id.* In light of Plaintiffs' remaining claims for fraudulent conveyances in violation of TUFTA and related allegations, Plaintiffs have adequately alleged the above-listed elements for imposition of the equitable remedy of constructive trust.

request to consider the matter again and, accordingly, **denies** Defendant Gene E. Phillips' Motion to Dismiss Plaintiffs' Claims.

### D.  The Entity Defendants' Motions to Dismiss

The Entity Defendants have each filed separate motions to dismiss (*see* Docs. 788, 792, and 794), which overlap significantly. Accordingly, the court considers them together.

The Entity Defendants move to dismiss all remaining claims asserted by Plaintiffs in the Fifth Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In addition to repeating many of the same arguments in support of dismissal of the TUFTA claims previously rejected by Judge Fitzwater, the Entity Defendants argue that Plaintiff Atlantic XIII's TUFTA claims are barred under TUFTA's four-year statute of repose and must be dismissed.[8] Also relying on arguments previously rejected by Judge Fitzwater at the motion-to-dismiss and the summary-judgment stages, ARI contends that Plaintiffs' alter ego claims against it should be dismissed for failure to state a claim. In addition, ARI and EQK argue that Plaintiffs' unjust enrichment claims must be dismissed because Texas law does not recognize a separate cause of action for unjust enrichment and because these claims are barred by the applicable statute of limitations. The court addresses these matters in turn.

---

[8] TUFTA's statute of repose reads, in relevant part:

> [A] cause of action with respect to a fraudulent transfer or obligation under this chapter is extinguished unless action is brought . . . within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant. . . .

Tex. Bus. & Com. Code § 24.010(a)(1) (West 2018); *see also In re Margaux Texas Ventures, Inc.*, 545 B.R. 506, 526 (Bankr. N.D. Tex. 2014) ("[S]ection 24.010 of TUFTA operates as a statute of repose. Statutes of repose are jurisdictional in nature. They operate as an absolute bar on a plaintiff's ability to bring suit when the time thereunder has expired.").

**Memorandum Opinion and Order – Page 23**

*1. Relitigation of Issues Previously Ruled upon by Judge Fitzwater*

In support of their respective motions to dismiss the TUFTA claims alleged in the Fifth Amended Complaint, the Entity Defendants once again argue that Plaintiffs' fraudulent transfer claims should be dismissed because the alleged transfers were made by entities that are not debtors under TUFTA. Judge Fitzwater previously considered these arguments and rejected them. *See Clapper II*, *supra*; *Clapper VIII*, *supra*. Further, Judge Fitzwater previously found Plaintiffs had adequately pled their fraudulent transfer claim in their Third Amended Complaint and Fourth Amended Complaint, and he declined to grant summary judgment in favor of the Entity Defendants, finding sufficient evidence existed to permit a reasonable jury to find that they engaged in fraudulent transfers. *See id.* The allegations regarding fraudulent transfers against the Entity Defendants in Plaintiffs' Fifth Amended Complaint are substantially similar to those contained in the superseded pleadings. Judge Fitzwater concluded that Plaintiffs met their burden under Rules 12(b)(6) and 9(b), and the court declines to reconsider these rulings. Accordingly, for the reasons previously stated by Judge Fitzwater, the court **denies** the Entity Defendants' motion to dismiss Plaintiffs' TUFTA claims.

For similar reasons, the court will deny ARI's motion to dismiss Plaintiffs' claim that it is the alter ego of ART and EQK. Judge Fitzwater previously denied ARI's motion to dismiss this very claim and, at the summary-judgment stage, denied ARI's motion for summary judgment, concluding that "a reasonable jury could find that ARI operated as the alter ego of ART." *Clapper VIII*, 2018 WL 3868703, at *20. Judge Fitzwater further determined on summary judgment that a "reasonable jury could find that these unrecorded transactions evince a general tendency of ARI to treat EQK's assets as its own, and that ARI is an alter ego of EQK. Accordingly, the court denies

ARI's summary judgment motion to the extend it seeks dismissal of plaintiffs' alter ego claim."
*Id.* at *21. The court determines that Judge Fitzwater's rulings were correct as a matter of law, declines to reconsider them, and, therefore, **denies** ARI's motion to dismiss Plaintiffs' alter ego claims.

### 2. *Atlantic XIII's TUFTA Claims*

The Entity Defendants also move to dismiss Atlantic XIII's TUFTA Claims, arguing they are barred under TUFTA's four-year statute of repose, *supra* note 7. In support, the Entity Defendants argue that Plaintiff Atlantic XIII removed itself as a party from this lawsuit when Plaintiffs filed the Fourth Amended Complaint. They further contend that the court accepted removal of Atlantic XIII as a party, thus causing Atlantic XIII to be dismissed from this action. The Entity Defendants argue that, therefore, the TUFTA claims alleged by Atlantic XIII in the Fifth Amended Complaint, filed December 7, 2018, should now be considered part of a new action and, as such, extinguished by the statute of repose. The court disagrees.

Once again, to resolve this dispute the court has had to painstakingly reconstruct the procedural history and the import of Judge Fitzwater's rulings. Evident to the court is Judge Fitzwater's intent that a Fifth Amended Complaint be filed merely to clarify what he admitted were previous incongruent rulings brought about by his own decision to exercise supplemental jurisdiction, *see Clapper VI*, rather than dismiss this matter for lack of subject matter jurisdiction following *Clapper V*. In an Order dated December 27, 2017, Judge Fitzwater clarified that in his December 5, 2017 Order, ". . . [he] did not intend to permit plaintiffs to remove [Atlantic XIII][.]" Order 1 (Doc. 653). Further, in *Clapper VI*, the court stated, "Concluding in its discretion that it should exercise supplemental jurisdiction under 28 U.S.C. §1367(a), the court denies plaintiffs'

motion…to remove the Atlantic entities [Atlantic Midwest, LLC and Atlantic XIII, LLC as defined previously in the Court's opinion] from the lawsuit." The court further stated, "Judicial resources would be better conserved by avoiding such simultaneous, duplicative litigation and instead disposing of the claims of all plaintiffs in one forum." The court further held, "…the court also denies plaintiffs' alternative motion to remove Atlantic XIII and Atlantic Midwest as plaintiffs from the fifth amended complaint." *See Clapper VI*, *supra*. On November 16, 2018, Judge Fitzwater granted Plaintiffs' motion for leave to file a Fifth Amended Complaint to reinclude Atlantic XIII as a party, stating:

> [B]ecause Atlantic XIII was dropped as a plaintiff before the court decided it would exercise supplemental jurisdiction, and it is the court's intention that all three plaintiffs named in the 3AC be allowed to participate as plaintiffs, the court concludes that it should permit the filing of a 5AC that includes Atlantic XIII as a plaintiff.

*Clapper IX*, 2018 WL 6011182, at *3. He also acknowledged that leaving the Fourth Amended Complaint in place as the operative pleading was ultimately incongruent with the court's intention to exercise supplemental jurisdiction despite the presence of all the parties who were plaintiffs at the time the Third Amended Complaint was filed. Further, as Plaintiffs note in their opposition brief, that the court contemplated that these same three plaintiffs would continue to prosecute this case is apparent from the very first sentence of the court's opinion in *Clapper VIII*, in which it treated Atlantic XIII as one of the three plaintiffs: "This is an action by plaintiffs David M. Clapper ('Clapper'), Atlantic Midwest, LLC ('Atlantic Midwest'), and Atlantic XIII, LLC ('Atlantic XIII') against defendants . . . seeking to collect a multi-million judgment based on state-law claims for fraudulent transfer, unjust enrichment/constructive trust, and alter ego." *Clapper VIII*, 2018 WL 3868703, at *1.

**Memorandum Opinion and Order – Page 26**

In sum, the court agrees with Plaintiffs that, having decided to exercise supplemental jurisdiction despite the presence of non-diverse parties, the court did not intend by its rulings to prevent Atlantic XIII from participating as a plaintiff. The court never permitted Atlantic XIII to remove itself as a party and, since the inception of the case, intended that all Plaintiffs, including Atlantic XIII, be parties to this litigation. Judge Fitzwater acknowledged that his decision to leave the Fourth Amended Complaint in place as the operative complaint created an incongruency that had to be rectified procedurally. He, therefore, directed Plaintiffs to file a Fifth Amended Complaint to clarify any confusion regarding whether Atlantic XIII was a party to ensure that the live or operative complaint was consistent with the court's prior rulings. Accordingly, for these reasons and those previously stated by Judge Fitzwater, the court **denies** the Entity Defendants' motion to dismiss Plaintiff Atlantic XIII's TUFTA claims as barred by the statute of repose.

### 3. Unjust Enrichment Claims

ARI and EQK argue that Plaintiffs' unjust enrichment claims must be dismissed because Texas law does not recognize a separate cause of action for unjust enrichment and because these claims are barred by the applicable statute of limitations. As the court has already granted summary judgment in their favor on Plaintiffs' unjust enrichment claims, it **denies as moot** their motion to dismiss the unjust enrichment claims.

### E. Plaintiffs' Motion for Leave to File Motion to Strike or, Alternatively, Motion in Limine (Doc. 836)

On May 1, 2019, Plaintiffs filed a Motion for Leave to File Motion to Strike or, Alternatively, Motion in Limine (Doc. 836), asking the court, among other things, to strike Defendants' designated expert, Davor Rukivina, insofar as Defendants only recently designated

him as an expert on the alter ego claims, he has not filed an expert report, and Plaintiffs have not and will not have an opportunity to depose him prior to trial. Defendants oppose the motion for leave. Having considered the parties' arguments, record, and applicable law, and as it is undisputed Defendants did not disclose that Davor Rukivina would be an expert with respect to the alter ego claims until April 14, 2019, more than twenty-eight months after the expert witness designation deadline, the court **grants** Plaintiffs' Motion for Leave to File Motion to Strike or, Alternatively, Motion in Limine.

### F.  Plaintiffs' Motion for Leave to File Rule 11 Motions (Doc. 837)

On May 14, 2019, Plaintiffs filed a Motion for Leave to File Rule 11 Motions (Doc. 837), asking the court to sanction Defendants for seeking in bad faith to relitigate matters already decided by Judge Fitzwater. Defendants oppose the motion. Having considered the parties' arguments, record, and applicable law, the court denies Plaintiffs' motion for leave. Although Plaintiffs are correct that Defendants have sought on numerous occasions to relitigate matters previously decided by Judge Fitzwater to their dissatisfaction, this does not rise to the level of conduct warranting Rule 11 sanctions. As the court previously explained, *see supra* Sec. II.D, and contrary to Plaintiffs' position, all of Judge Fitzwater's prior opinions in this matter are interlocutory orders and the court is free to review them. *See Zarnow*, 614 F.3d at 171 (A successor judge may overrule a previous judge's order as long as the successor judge has a "reason [he or she] deems sufficient."). Accordingly, the court **denies** Plaintiffs filed a Motion for Leave to File Rule 11 Motions (Doc. 837).

## IV.     Conclusion

For the foregoing reasons, and those articulated by Judge Fitzwater in his previous rulings, *see supra* note 2, the court **grants in part** Joint Motion to Strike All or Portions of Plaintiffs' Fifth Amended Complaint Pursuant to Rules 15(a)(2) and 41(b) of the Federal Rules of Civil Procedure (Doc. 785), and **strikes** the allegations in paragraph 38 and the Final Prayer on Page 30 of the Fifth Amended Complaint (Doc. 773) that were not included as allegations in the Third Amended Complaint (Doc. 373); **grants** summary judgment in favor of ARI and EQK on Plaintiffs' unjust enrichment claims, a matter raised sua sponte by Judge Fitzwater in *Clapper VIII*; **denies** Defendant Gene E. Phillips' Motion to Dismiss Plaintiffs' Complaint (Doc. 787); **denies** Defendant American Realty Investors, Inc.'s Motion to Dismiss Fifth Amended Complaint (Doc. 788); **denies** Defendant American Realty Trust, Inc.'s Motion to Dismiss Fifth Amended Complaint (Doc. 792); **denies** Defendant EQK Holdings, Inc.'s Amended Motion to Dismiss Fifth Amended Complaint (Doc. 794); **grants** Plaintiffs' Motion for Leave to File Motion to Strike or, Alternatively, Motion in Limine (Doc. 836), and **directs** the clerk of court to docket Plaintiffs' Motion to Strike or, Alternatively, Motion in Limine, currently on the docket as Exhibit 1 to Plaintiffs' Motion for Leave; and **denies** Plaintiffs' Motion for Leave to File Rule 11 Motions (Doc. 837).

Remaining for trial are (i) Plaintiffs' claims for fraudulent conveyance in violation of TUFTA against ART, ARI, and EQK; and (ii) Plaintiffs' alter ego claims against ARI and Phillips. Absent the pending motions, no further motions may be filed absent leave of court and good cause shown. The court has heard all it needs to hear about the case at this juncture. It is time to either settle this action or prepare to go to trial.

**It is so ordered** this 7th day of November, 2019.

Sam A. Lindsay
United States District Judge