## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| DAVID M. CLAPPER; ATLANTIC MIDWEST LLC; and ATLANTIC XIII, LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:14-CV-2970-L** |
| AMERICAN REALTY INVESTORS, INC.; AMERICAN REALTY TRUST, INC.; TRANSCONTINENTAL REALTY INVESTORS, INC.; PILLAR INCOME ASSET MANAGEMENT, INC.; PRIME INCOME ASSET MANAGEMENT, INC.; PRIME INCOME ASSET MANAGEMENT, LLC; EQK HOLDINGS, INC.; BASIC CAPITAL MANAGEMENT, INC.; GENE E. PHILIPS, | § § § § § § § § § § § § § | |
| Defendants.* | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for Substitution of Party Pursuant to Fed. R. Civ. P. 25(a)(1), filed November 8, 2019 (Doc. 865). By their motion, Plaintiffs ask the court to enter an order substituting decedent Gene Phillips's son, Bradford Phillips, or whomever the Probate Court appoints as the Executor or Dependent Administrator of Gene Phillips's Estate, in place of decedent Gene Phillips, a defendant in this action. Plaintiffs have since notified the court that on November 20, 2019, the Dallas County Probate Court entered an Order Admitting Will to Probate and Authorizing Letters Testamentary ("Probate Court Order"). The Probate Court Order decreed

---

* The remaining Defendants are American Realty Investors, Inc.; American Realty Trust, Inc.; EQK Holdings, Inc.; and Gene Phillips. On August 16, 2019, Defendant Gene Phillips passed away. On August 28, 2019, Plaintiffs filed a Suggestion of Death Upon the Record (Doc. 848).

**Memorandum Opinion and Order – Page 1**

that Letters Testamentary shall issue to Bradford Phillips and appointed him Independent Executor of Gene Phillips's Will and Estate. *See* Pls.' Notice of Supplemental Fact and Ex. 1 (Doc. 872). No party has opposed the motion, and the deadline for filing opposition briefs has expired. Having considered the motion, Plaintiffs' Notice of Supplemental Fact, lack of opposition, record, and applicable law, and for the reasons that follow, the court **grants** Plaintiffs' Motion for Substitution of Party Pursuant to Fed. R. Civ. P. 25(a)(1) (Doc. 865).

**I.**

Rule 25 (a) (1) of the Federal Rules of Civil Procedure authorizes the substitution of proper parties in the event of an existing party's death while litigation is ongoing. It provides as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

Under Rule 25(a)(1), the court must, therefore, inquire into whether: (1) the claims pled are extinguished; (2) the motion is timely; and (3) the person being substituted is the proper party. Notably, Rule 25 "does not resolve the question [of] what law of survival actions should be applied. [It] simply describes the manner in which parties are to be substituted in federal court once it is determined that the applicable substantive law allows the action to survive a party's death." *Robertson v. Wegmann*, 436 U.S. 584, 587 n.3 (1978) (alterations and emphasis in original); *see also* 7C Charles Alan Wright et al., Federal Practice and Procedure § 1952 (3d ed. 2017 supp). ("Rule 25 is procedural . . . . Whether the death of a party extinguishes a claim for or against the party is not a question of procedure. It is a question of substance on which the state law ordinarily governs.").

"Generally, when a party to a suit dies, the suit will not abate if the cause of action survives the death of that party." *Pollard v. Pollard*, 316 S.W.3d 246, 250 (Tex. App.—Dallas 2010, no pet.). When "a statute does not explicitly provide for the survivability of a cause of action, the common law provides guidance." *Boudreaux v. Corium Int'l, Inc.*, 2013 WL 1890269, at *2 (N.D. Tex. May 7, 2013) (Lynn, J.) (citing *First Nat'l Bank of Kerrville v. Hackworth*, 673 S.W.2d 218, 220 (Tex. App.—San Antonio 1984, no writ)). No specific survival statute exists in this case. At common law, actions affecting primarily property and property rights survived, whereas an action asserting a purely personal right of the party terminated with the death of the party. *Id.* (citing *Hackworth*, 673 S.W.2d at 220).

## II.

In the Fifth Amended Complaint, the live pleading, Plaintiffs assert a claim against Gene Phillips for alter ego. In his Memorandum Opinion and Order dated August 14, 2018, the Honorable Sidney A. Fitzwater concluded, in denying Gene Phillips's motion for summary judgment on the alter ego claims asserted against him, "Assuming arguendo that Phillips is an alter ego of ARI and EQK, then ARI's and EQK's liability for fraudulent conveyance would lead Phillips' own assets to potentially be subject to the judgment." *Clapper v. American Realty Investors, Inc.*, 2018 WL 3868703, at *22 (N.D. Tex. Aug. 14, 2018) ("*Clapper VIII*"). As evidenced by *Clapper VIII*, fraud is the underlying claim upon which alter ego liability will be based. Suits for fraud or wrongful acquisition of property by fraud survive the death of either party. *Vial v. Gas Solutions, Ltd.*, 187 S.W.3d 220, 227-228 (Tex. App.—Texarkana 2006, no pet.) (citations omitted). Additionally, in *Houston-American Life Ins. Co. v. Tate*, 358 S.W.2d 645, 656-67 (Tex. App.—Waco 1962, no writ), the court found that an alter ego claim against a life insurance company could be pursued following the death of the plaintiff.

Accordingly, having considered Plaintiffs' motion and the cases cited therein, the court **concludes** that, under common law principles, Plaintiffs' claims against Gene Phillips are not extinguished by his death. In addition, the court **concludes** that Plaintiffs' motion for substitution was timely and notes that no party has challenged the timeliness of the motion. Finally, based on the Probate Court Order (Doc. 872), the court concludes that Bradford Phillips is the proper party to be substituted for Gene Phillips.

## III.

For the reasons herein stated, the court **grants** Plaintiffs' Motion for Substitution of Party Pursuant to Fed. R. Civ. P. 25(a)(1) (Doc. 865). Bradford Phillips is hereby **substituted** in place of decedent Gene Phillips in this action, and the court **directs** the clerk of court to reflect this substitution on the docket sheet and terminate Gene Phillips as a party.

**It is so ordered** this 21st day of November, 2019.

Sam A. Lindsay
United States District Judge