# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| DAVID M. CLAPPER; ATLANTIC MIDWEST LLC; and ATLANTIC XIII, LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:14-CV-2970-L** |
| AMERICAN REALTY INVESTORS, INC.; AMERICAN REALTY TRUST, INC.; EQK HOLDINGS, INC.; and GENE E. PHILIPS, | § § § § § § | |
| Defendants.[1] | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion to Strike or, Alternatively, Motion in Limine (Doc. 863), filed November 7, 2019. After carefully considering the motion, response, reply, record, and applicable law, the court **grants in part** and **denies in part** Plaintiffs' Motion to Strike (Doc. 863) and **denies as moot** Plaintiffs' Alternative Motion in Limine (Doc. 863).

---

[1] On August 16, 2019, Defendant Gene Phillips passed away. On November 21, 2019, pursuant to Federal Rule of Civil Procedure 25(a)(1), the court substituted Brandon Phillips, the duly appointed Independent Executor of Gene Phillips's Estate, as a defendant in this action in place of Gene Phillips. *See* Mem. Op. and Order (Doc. 874). The docket sheet reflects that C. Gregory Shamoun is lead counsel representing Brandon Phillips. In addition, all claims against the following Defendants have been dismissed, and they are no longer parties to this lawsuit: Transcontinental Realty Investors, Inc.; Income Opportunity Realty Investors, Inc.; Pillar Income Asset Management, Inc.; Prime Income Asset Management, Inc.; Prime Income Asset Management, LLC; Basic Capital Management, Inc.; the May Trust; the Martin Trust; Daniel J. Moos; Donald Phillips; Mickey Phillips; Ryan Phillips; Gene Bertcher; and Louis Corna. *See Clapper v. American Realty Investors, Inc.*, 2015 WL 3504856 (N.D. Tex. June 3, 2015) ("*Clapper II*"); *Clapper v. American Realty Investors, Inc.*, 2016 WL 302313 (N.D. Tex. Jan. 25, 2016) ("*Clapper III*").

**Memorandum Opinion and Order – Page 1**

I.    **Factual Background and Procedural History**

On August 19, 2014, Plaintiffs David M. Clapper ("Clapper"), Atlantic Midwest, L.L.C. ("Atlantic Midwest"), and Atlantic XIII, L.L.C. ("Atlantic XIII")—judgment creditors of Defendant American Realty Trust, Inc. ("ART")—filed this lawsuit against ART and numerous other defendants, *see supra* note 1.[2] Plaintiffs allege that ART unlawfully transferred assets to its parent, Defendant American Realty Investors, Inc. ("ARI"), and other entities and persons in an attempt to evade a final judgment entered in their favor by the Honorable David C. Godbey on October 11, 2011, in *ART Midwest, Inc. v. Clapper*, No. 3-99-cv-2355-N.[3] The live pleading is Plaintiffs' Fifth Amended Complaint (Doc. 773), filed December 7, 2018. Following a recent ruling on multiple motions to dismiss the Fifth Amended Complaint, remaining for trial are (i) Plaintiffs' claims for fraudulent conveyance in violation of the Texas Uniform Fraudulent Transfer Act, Tex. Bus. & Com. Code Ann. § 24.001 et seq. (West 2018) ("TUFTA") against ART, ARI, and EQK; and (ii) Plaintiffs' alter ego claims against ARI and Gene Phillips. *See Clapper v. American Realty Investors, Inc.*, 2019 WL 5865709 (N.D. Tex. Nov. 7, 2019) (Lindsay, J.) ("*Clapper XII*").[4] As the court concluded in *Clapper XII*, "The court has heard all it needs to hear

---

[2] On October 31, 2014, the Honorable Jorge A. Solis, to the whom the case was originally assigned, recused himself, and the case was reassigned to the Honorable Sidney A. Fitzwater. On November 16, 2018, after presiding over this matter for over four years, Judge Fitzwater—who had taken senior status—recused himself, and the matter was reassigned to the Honorable Sam R. Cummings. On December 11, 2018, Judge Cummings recused himself, and the matter was reassigned to the Honorable Karen G. Scholer, who recused herself on December 12, 2018, after which it was reassigned to this court.

[3] The United States Court of Appeals for the Fifth Circuit, by opinion dated February 3, 2014, affirmed the October 11, 2011 judgment in part and vacated and remanded it in part. On July 31, 2014, Judge Godbey entered a second final judgment. By opinion dated November 9, 2015, the Fifth Circuit affirmed in part and vacated and remanded in part. Based on the mandate, Judge Godbey entered a third final judgment on February 10, 2016. *See* Doc. 962 in *ART Midwest, Inc. v. Clapper*, No. 3-99-cv-2355-N.

[4] The complex background facts and procedural history in this case are detailed in numerous prior opinions by Judge Fitzwater and the undersigned, with which the court assumes the parties' familiarity. *See Clapper v. American Realty*

**Memorandum Opinion and Order – Page 2**

about the case at this juncture. It is time to either settle this action or prepare to go to trial." *Id.* at *14.

On November 7, 2019, Plaintiffs filed their Motion to Strike or, Alternatively, Motion in Limine (Doc. 836), seeking to strike Defendants' designated expert, Davor Rukavina, insofar as Defendants only recently designated him as an expert on the alter ego claims, his designation disregards the court's prior decision in *Clapper v. American Realty Investors, Inc.*, 2019 WL 317118 (N.D. Tex. Jan. 23, 2019) (Lindsay, J.) ("*Clapper X*"), and violates Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiffs also ask the court to strike Defendants' identification of ART Midwest, L.P. as being represented by Shamoun & Norman, L.P. ("Shamoun & Norman"). Plaintiffs further request that the court strike Defendants' designation of the "records custodian, agents, members, managers, owners, counsel, employees, representatives, officers and directors of Atlantic XXXI, LLC," as potential witnesses in this case, as said designation contradicts Judge Fitzwater's previous summary judgment rulings, dismissing Defendants' equitable estoppel and unclean hands affirmative defenses. With the exception of Plaintiffs' request that the court strike Defendants' designation of the "records custodian, agents, members, managers, owners, counsel, employees, representatives, officers and directors of Atlantic XXXI, LLC," as potential witnesses

---

*Investors, Inc.*, 2015 WL 264711 (N.D. Tex. Jan. 21, 2015) ("*Clapper I*"); *Clapper v. American Realty Investors, Inc.*, 2015 WL 3504856 (N.D. Tex. June 3, 2015) ("*Clapper II*"); *Clapper v. American Realty Investors, Inc.*, 2016 WL 302313 (N.D. Tex. Jan. 25, 2016) ("*Clapper III*"); *Clapper v. American Realty Investors, Inc.*, 2017 WL 978098 (N.D. Tex. Mar. 14, 2017) ("*Clapper IV*"); *Clapper v. American Realty Investors, Inc.*, 2018 WL 1083609 (N.D. Tex. Feb. 28, 2018) ("*Clapper V*"); *Clapper v. American Realty Investors, Inc.*, 2018 WL 2739014 (N.D. Tex. June 6, 2018) ("*Clapper VI*"); *Clapper v. American Realty Investors, Inc.*, 2018 WL 3769831 (N.D. Tex. Aug. 9, 2018) ("*Clapper VII*"); *Clapper v. American Realty Investors, Inc.*, 2018 WL 3868703 (N.D. Tex. Aug. 14, 2018) ("*Clapper VIII*"); and *Clapper v. American Realty Investors, Inc.*, 2018 WL 6011182 (N.D. Tex. Nov. 16, 2018) ("*Clapper IX*"); *Clapper v. American Realty Investors, Inc.*, 2019 WL 317118 (N.D. Tex. Jan. 23, 2019) (Lindsay, J.) ("*Clapper X*"); *Clapper v. American Realty Investors, Inc.*, 2019 WL 5684436 (N.D. Tex. Oct. 31, 2019) (Lindsay, J.) ("*Clapper XI*"); *Clapper v. American Realty Investors, Inc.*, 2019 WL 5865709 (N.D. Tex. Nov. 7, 2019) (Lindsay, J.) ("*Clapper XII*").

in this case—which Defendants fail to address in their response brief—Defendants oppose Plaintiffs' Motion to Strike. The motion has been fully briefed and is ripe for decision.

**II.     Analysis**

    **A.  Supplemental Disclosure Identifying Davor Rukavina as an Expert on Alter Ego**

Plaintiffs move to strike Defendants' Supplemental Disclosures Pursuant to Rule 26(e) ("Supplemental Disclosures"), served on April 4, 2019, insofar as Defendants identify Mr. Rukavina as an expert witness on the alter ego claims for the first time, notwithstanding that in their September 2015 disclosures he was only designated to testify regarding the following:

> Davor Rukavina is expected to testify regarding the general business climate and events leading up to and including the bankruptcy filing by FRE Real Estate, Inc. (the "Debtor"). Mr. Rukavina is expected to testify regarding the potential business justifications for the transfers of properties prior to the bankruptcy filing by the Debtor. Mr. Rukavina is also expected to testify regarding the concept of "bad faith" in the bankruptcy context and whether the transfer of assets to a single entity prior to filing bankruptcy is a fraudulent transfer.

App. to Pls.' Mot. to Strike 29 (September 2015 Disclosures). In the Supplemental Disclosure, Defendants have expanded the substance of Mr. Rukavina's "expert testimony" to include the alter ego issues, as follows:

> Mr. Rukavina may also testify concerning whether certain relationships and/or transactions indicate that one defendant influenced and/or governed another defendant, whether they are indicia of a unity of interest and ownership, whether they are indicia that one entity operated as the mere instrumentality of another person or entity and whether they are reflective or fraud and/or injustice. Mr. Rukavina may also testify concerning whether certain relationships and/or transactions are indicative of commingling of funds, unauthorized diversion of funds or assets, failure to observe corporate formalities, and/or treatment of an entity's assets as the assets of another person or entity. Mr. Rukavina may also offer testimony concerning whether certain entities were undercapitalized at a given point in time. Mr. Rukavina may also testify concerning other factors that may be considered when determining whether it is appropriate to pierce the corporate veil.

**Memorandum Opinion and Order – Page 4**

*Id.* at 21 (Supplemental Disclosures).

In response to Plaintiffs' Motion to Strike, Defendants assert that their Supplemental Disclosure identifying Mr. Rukavina as a potential expert to testify on alter ego issues is consistent with the court's prior rulings and is timely. Defs.' Resp. 4 (Doc. 870). For the reasons that follow, the court disagrees and will grant Plaintiffs' Motion to Strike the Supplemental Disclosures insofar as Defendants have expanded the scope of Mr. Rukavina's expected testimony to include subjects not identified in Defendants' September 2015 Disclosures.

On December 10, 2018, Defendants sought leave of court to file Defendants' Emergency Motion to Amend Scheduling Order and to Extend Expert Discovery and Motion for Continuance. In addition to seeking a continuance of the March 2019 trial date, Defendants sought a ruling amending the Scheduling Order to extend the time to designate expert witnesses by at least 90 days, and to extend by at least 120 days the period of discovery regarding alter ego claims asserted against ARI by Plaintiffs in their Third Amended Complaint, filed on March 24, 2017. Defendants argued that, because the Third Amended Complaint was filed almost four months after the last day to designate experts in this case, it was impossible for them to designate timely expert witnesses to defend against the alter ego claims against ARI.

In opposition, Plaintiffs argued, among other things, that Defendants had ample time to designate additional experts prior to the December 2016 expert designation deadline because their First Amended Complaint, filed on December 15, 2014, contained alter ego claims against both ARI and Gene Phillips and, therefore, Defendants were on notice as early as 2014 that Plaintiffs sought to assert alter ego claims against them. The Second Amended Complaint—though it did not contain the alter ego claim against ARI—did assert the claim against Gene Phillips and alleged

**Memorandum Opinion and Order – Page 5**

that he was the alter ego of numerous entities, including ARI and EQK—and, therefore, Defendants had an opportunity to designate alter ego experts qualified in the state laws governing those two entities. Plaintiffs also contended that Defendants had ample opportunity to get expert testimony on the alter ego claim against ARI because Plaintiffs deposed their experts after the filing of the Third Amended Complaint, during which depositions the experts, in particular Gary B. Goolsby and Scott D. Hakala, testified regarding the historical interactions and business relationships between ARI and its subsidiaries, as well as the customary and ordinary interplay of transactions and business relationships that exist between a parent company and its subsidiaries generally. Plaintiffs further noted that, in addition to previous deposition testimony, Messrs. Goolsby and Hakala had authored reports that addressed the facts supporting the alter ego claims.

On January 16, 2019, the court sua sponte vacated the trial date to allow adequate time to familiarize itself with the case and rule on numerous then-pending motions. *See* Order (Doc. 795). On January 23, 2019, agreeing with Plaintiffs that Defendants had failed to show good cause for the requested extensions of the expired deadlines in the Scheduling Order, the court denied Defendants' Emergency Motion to Amend Scheduling Order and to Extend Expert Discovery and Motion for Continuance. *Clapper X,* 2019 WL 317118, at *7. Pertinent to the pending motion, the court stated:

> The court . . . sees no reason why the experts Defendants have retained on the other claims are not helpful in defending against the alter ego claims. At the core of each of Plaintiffs' claims is the same set of facts describing the alleged fraudulent scheme devised by Phillips to evade payment of the Final Judgment in the underlying case. Accordingly, the court is not persuaded that Defendants have shown "good cause" based on their explanation that "new" alter ego claims were presented after the expert designation deadline had passed.

**Memorandum Opinion and Order – Page 6**

*Id.* at *4. In so ruling, the court was referring to Messrs. Goolsby and Hakala, both of whom had prepared reports and testified in their depositions regarding alter ego issues. Indeed, a review of Plaintiffs' brief filed in response to Defendants' request for a 90-day extension of the deadline to designate alter ego expert witnesses confirms that Plaintiffs were referring to experts who had provided deposition testimony in this case, including Messrs. Goolsby and Hakala. To date, Mr. Rukavina has not provided a report or testified at a deposition. Prior to the pending motion, the court was not even aware that Mr. Rukavina had been designated as an expert, as Rule 26 Disclosures are not filed with the court. For these reasons, the court rejects as specious Defendants' argument that its decision in *Clapper X* sanctioned their Supplemental Disclosure identifying Mr. Rukavina as an expert on alter ego issues.

The court also rejects Defendants' contention that their Supplemental Disclosure—identifying Mr. Rukavina as an expert expected to testify on the alter ego issues—is timely. Defendants' argument appears to be an attempt to relitigate the court's prior determination in *Clapper X* that Defendants' request to extend the expert designation deadline by 90 days was untimely:

> The court understands that, since the filing of the Third Amended Complaint, Defendants have made three attempts for these particular extensions and Judge Fitzwater delayed reaching the merits of such requests. The court believes, however, that Defendants' first request to Judge Fitzwater on June 7, 2017 (Doc. 466), was not timely, in light of the procedural history of the case at that time. On April 18, 2017, the parties filed a Joint Agreed Motion (Doc. 395) to amend the scheduling order, in light of the court allowing Plaintiffs to file a Third Amended Complaint to add their alter ego claim against ARI. The parties asked for more time to conduct discovery and to file summary judgment motions "made necessary due to the filing of Plaintiffs' Third Amended Complaint" to "add an alter ego claim against one Defendant." (Doc. 395 ¶¶ 1-2). The following day, the court granted the motion and extended the deadline for completing discovery to July 31, 2017, and the deadline for filing motions for summary judgment to August 31, 2017—

deadlines that Defendants now wish to further extend. The joint motion, however, made no mention of any need to extend the expert designation deadline, and ARI did not, contemporaneously with or shortly after filing the joint motion, timely request that they also needed an extension of the expert designation deadline to conduct discovery and file motions for summary judgments on the alter ego claim. Defendants, rather, waited until June 6, 2017, to ask the court to also extend the expert designation deadline—*more than 45 days after the court considered the request for discovery and summary judgment motion extensions, and with one and one-half months remaining until the close of discovery.*

*Id.* (original emphasis). The court declines Defendants' invitation to reconsider the same arguments it previously rejected.

In sum, for the reasons set forth in *Clapper X* and immediately above, the court rejects Defendants' argument that the Supplemental Disclosures, to the extent they identify Mr. Rukavina as an expert witness on alter ego issues, were given the court's stamp of approval in *Clapper X* and are timely. Accordingly, the court will **grant** Plaintiffs' Motion to Strike the Supplemental Disclosures to the extent Mr. Rukavina is identified as an expert witness on alter ego issues. Mr. Rukavina's expert testimony, assuming he is ultimately qualified as an expert for trial,[5] will be limited to those topics set forth in Defendants' September 2015 Disclosures.[6]

### B. Supplemental Disclosure that Shamoun & Norman Represent ART Midwest, L.P.

Plaintiffs also move to strike that portion of the Supplemental Disclosures identifying Shamoun & Norman as counsel for ART Midwest, L.P. In response, Defendants argue that

---

[5] In Defendants' Emergency Motion to Amend Scheduling Order and to Extend Expert Discovery and Motion for Continuance, as support for their request to extend the expert designation deadline by 90 days, Defendants asserted that "none of the designated experts have qualified themselves as being competent to provide alter ego opinions." Defs.' Mot. ¶ 37 (Doc. 774). Although not before the court at this juncture, given this concession by Defendants, the court questions whether any of Defendants' designated experts will be qualified to testify on alter ego matters under Federal Rule of Evidence 702.

[6] In light of the court's agreement with Plaintiffs' argument that allowing Defendants to identify Mr. Rukavina as an expert on alter ego issues would circumvent its rulings in *Clapper X*, the court does not reach Plaintiffs' alternative arguments in support of Plaintiffs' Motion to Strike.

**Memorandum Opinion and Order – Page 8**

Plaintiffs' objection to the supplemental witness disclosure is "misplaced," and that Shamoun & Norman "simply asserts that it may receive notifications and/or requests for Partnership witnesses." Defs.' Resp. 9 (Doc. 9). Having reviewed the designation of prospective witnesses that may be called for and on behalf of ART Midwest, L.P. in Defendants' Supplemental Disclosures, and in light of Defendants' clarification, the court will **deny without prejudice** Plaintiffs' Motion to Strike the identification of Shamoun & Norman as an entity that may receive notification and/or requests for ART Midwest, L.P. witnesses.[7]

### C. Defendants' Designation of the "records custodian, agents, members, managers, owners, counsel, employees, representatives, officers and directors of Atlantic XXXI, LLC, as potential witnesses"

Plaintiffs ask the court to strike Defendants' designation of the "records custodian, agents, members, managers, owners, counsel, employees, representatives, officers and directors of Atlantic XXXI, LLC," as potential witnesses. In support, Plaintiffs argue that this designation contradicts Judge Fitzwater's previous summary judgment rulings, dismissing Defendants' equitable estoppel and unclean hands affirmative defenses. Defendants failed to address this argument in response to Plaintiffs' Motion to Strike. Having reviewed Judge Fitzwater's summary judgment rulings, *see supra* note 4, and in light of Defendants' lack of opposition, the court will **grant** Plaintiffs' Motion to Strike Defendants' designation of the "records custodian, agents, members, managers, owners, counsel, employees, representatives, officers and directors of Atlantic XXXI, LLC," as potential witnesses.

---

[7] The court denies this portion of Plaintiffs' Motion to Strike without prejudice, recognizing that Plaintiffs may raise this issue, as necessary, in a motion in limine once the court has set this case for trial.

**Memorandum Opinion and Order – Page 9**

### III. Conclusion

For the foregoing reasons, the court **grants in part** and **denies in part** Plaintiffs' Motion to Strike, and **denies as moot** Plaintiffs' Alternative Motion in Limine (Doc. 863). The court **grants** Plaintiffs' Motion to Strike Defendants' Supplemental Disclosures insofar as they identify Mr. Rukavina as an expert witness on alter ego issues. Mr. Rukavina's expert testimony, assuming he is ultimately qualified as an expert for trial, will be limited to those topics set forth in Defendants' September 2015 Disclosures. The court **grants** Plaintiffs' Motion to Strike Defendants' designation of the "records custodian, agents, members, managers, owners, counsel, employees, representatives, officers and directors of Atlantic XXXI, LLC," as potential witnesses and, accordingly, **strikes** this designation in the Supplemental Disclosures. The court **denies without prejudice** Plaintiffs' Motion to Strike the identification of Shamoun & Norman as an entity that may receive notification and/or requests for ART Midwest, L.P. witnesses.

**It is so ordered** this 2nd day of December, 2019.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge