UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DAVID M CLAPPER; §
ATLANTIC MIDWEST LLC; and §
ATLANTIC XIII LLC, §
§
    *Plaintiffs,* §
§
v. §
§
AMERICAN REALTY INVESTORS, §
INC.; AMERICAN REALTY TRUST, §
INC.; TRANSCONTINENTAL §
REALTY INVESTORS, INC.; PILLAR §   Civil Action No. 3:14-CV-02970-X
INCOME ASSET MANAGEMENT, §
INC.; PRIME INCOME ASSET §
MANAGEMENT, INC.; PRIME §
INCOME ASSET MANAGEMENT §
LLC; EQK HOLDINGS, INC.; BASIC §
CAPITAL MANAGEMENT, INC.; and §
BRADFORD PHILLIPS, §
§
    *Defendants.* §

## OPINION

    This order offers the Court's written justification for its earlier ruling striking the rebuttal testimony of the Plaintiffs' expert, Thomas Frazee, for multiple violations of the rule sequestering witnesses.

    Before this trial began, the Plaintiffs asked the Court to order all non-party witnesses sequestered.[1] The Court granted that request.[2] And the Court expressly

---

[1] Doc. No. 931.

[2] Doc. No. 1000 at 3.

informed the parties, off the record that, that the Court relied on the parties to enforce the Rule, given that only they know what witnesses look like.

Nevertheless, the Plaintiffs' expert, Frazee, entered the courtroom during the Defendants' case in chief. The Court paused trial, instructed the Plaintiffs that Frazee was in violation of the Rule, and ordered Frazee to exit the courtroom.[3] When Plaintiffs' counsel protested that Frazee as a rebuttal expert needed to know what to rebut, the Court explained that counsel may lead such a witness on rebuttal by stating what prior testimony the jury heard and asking if the rebuttal expert agrees.[4]

---

[3] 3204:8–3205:14:

THE COURT: Can I ask for a sidebar?

(Thereupon, the following proceedings were had at sidebar:)

THE COURT: The rule is still in place, right?

MR. SHAMOUN: Yes, it is. Thank you for picking that up.

THE COURT: Okay. The rule is still in place, and Mr. Frazee entered the courtroom.

MR. MYCHALOWYCH: He's allowed as a rebuttal witness to listen to what he's going to rebut.

THE COURT: We need to talk about this. You can handle that in two different ways, but the rule is invoked. And so expert witnesses are not automatically exempt from the rule because they are experts. So we can handle it in two ways, and the first way is if the parties agree, you can let him in. The other way is if the parties don't agree, he stays in the hall and then you bring him, the leading question to him, you heard the prior testimony of X, do you agree with that. That's the way, the only way that I can force this to happen. I can't force them to pull down their invocation of the rule.

MR. SHAMOUN: We don't agree.

THE COURT: Okay. We need to use option two then, which means he needs to go back out, wherever he goes, and then you need to bring him up for the testimony that he needs to.

[4] 3206:6–24:

THE COURT: I understand he's essential to your rebuttal claims. That, to me, is not the same as him being here essential to hear what they say because you can relate what they said in a predicate question to him. And that, to me, is not leading. I know you've objected to his questions on a leading basis for that, and that's not leading in my mind. You can say someone else said this, that's not leading. You can say, do you agree with that, that's not leading either. I let everyone do that. So based on this, I don't think you meet the essential test because I will allow you to lead him to prior

Later that day, during the Plaintiffs' recall of Frazee in their rebuttal case, Frazee's testimony revealed that the Plaintiffs' counsel gave Frazee the previous day's trial transcript to review in preparation for his rebuttal testimony.[5] That transcript included testimony from the Defendants' expert Goolsby. During direct examination of his rebuttal testimony, Frazee explained he was rebutting both of the Defendants' experts, Goolsby and Hakala.[6]

After Frazee's rebuttal testimony concluded, the Defendants' moved to strike the testimony due to the violation of the sequestration order. After hearing argument, the Court granted that request, struck Frazee's rebuttal testimony, and instructed the jury to disregard it.

The Fifth Circuit has held that providing a witness a daily copy of the trial transcript constitutes a violation of the sequestration rule.[7] It also determined that

---

testimony and answer whether or not he agrees with it. So based on that, I will exclude him from the courtroom. We will resume when he is out.

[5] 3362:6–11 ("Q. So we were able to get you an expedited transcript from Mr. Goolsby's testimony from yesterday. Did you have a chance to review that? A. I read it this morning, yes.").

[6] *See e.g.* 3310:16–20 ("Q. As part of your opinion, did you render opinions, your thoughts, conclusions of – in relationship to Mr. Hakala and Mr. Goolsby's opinions? A. Yes.").

[7] *See Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1373 (5th Cir. 1981).

The purpose of the sequestration rule is to prevent the shaping of testimony by one witness to match that of another, and to discourage fabrication and collusion. The opportunity to shape testimony is as great with a witness who reads trial testimony as with one who hears the testimony in open court. The harm may be even more pronounced with a witness who reads trial transcript than with one who hears the testimony in open court, because the former need not rely on his memory of the testimony but can thoroughly review and study the transcript in formulating his own testimony. The court properly held that providing a witness daily copy constitutes a violation of rule 615.

*Id.* (cleaned up).

excluding an expert witness's testimony is a reasonable sanction for a violation of the rule.[8]

Here, the Court did not strike Frazee's rebuttal testimony as a sanction designed to punish the Plaintiffs, only as a measure to cure the harm this violation inflicted on the record. The Court first considered instructing the jury to disregard only the aspects of Frazee's rebuttal testimony that addressed Goolsby's expert testimony, because the transcript provided to Frazee included Goolsby's testimony but not Hakala's. But the questions the Plaintiffs' counsel asked, and the answers Frazee gave, in rebuttal did little to distinguish between Goolsby and Hakala's expert opinions.[9] The questioning indicated that Goolsby and Hakala testified about similar issues.[10] Further, Frazee testified that Hakala relied on Goolsby's expert report and opinions in order to formulate his own.[11] And that interrelationship was consequential to Frazee's criticisms of Hakala's expert opinions.[12]

---

[8] *Id.*

[9] *See e.g.* 3310:16–19 ("Q. As part of your opinion, did you render opinions, your thoughts, conclusions of – in relationship to Mr. Hakala and Mr. Goolsby's opinions?").

[10] *See* 3322:21–3323:3 ("Q. So both Mr. Goolsby and Mr. Hakala, these are as to D and E, testified regarding the deemed dividends, and that issue. One at a $160 million and one at 135 and a half 25 million. Do you have opinions regarding their testimony in that regard? A. I do.").

[11] *See* 3325: 22–3326:3 ("Q. So Dr. Hakala essentially took what Mr. Goolsby did and sort of incorporated it in his report, or his evaluation of the value of EQK and TCI. Is that your understanding? A. He didn't sort of incorporate it. He took exactly what Mr. Goolsby had written and put it into his own report.").

[12] *See* 3326:5–15 ("Q. So if Mr. Goolsby's measurement was incorrect, how did that affect Mr. Hakala's calculations of the value of EQK? A. Again, if you're using the numbers that Mr. Goolsby was relying upon, or calculating, which includes all of these amounts here on this slide, then what you have is essentially an overstatement—I'm sorry—an understatement of the value of EQK, so it's too low, and the amount of the claimed intercompany obligation from ART to ARI is too high."); 3328:4–11 ("Q. If Dr. Hakala simply adopted Mr. Goolsby's—Mr. Goolsby's numbers were wrong, does that make Mr. Hakala's numbers wrong? A. His calculations would be inaccurate as well, specifically as they relate to EQK Holdings, because he didn't—he didn't really touch the issue of what ART owed to ARI. He just dealt with EQK Holdings.").

Given this interrelationship between Goolsby and Hakala's opinions, as well as the lack of distinction between the two experts in the testimony, the jury would not be able to distinguish between which parts of Frazee's rebuttal addressed Goolsby and which parts addressed Hakala. Therefore, striking Frazee's rebuttal testimony was the Court's only option to adequately cure damage to the record stemming from the violations of the sequester rule.

**ENTERED** this 19th day of May, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE