# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| DAVID M. CLAPPER, ATLANTIC MIDWEST, L.L.C., and ATLANTIC XIII, L.L.C., | § § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | **CASE NO: 3:14-CV-02970-X** |
| AMERICAN REALTY INVESTORS, INC., et al., | § § § | |
| **Defendants.** | § § | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES (DE 1093)

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS…………………………………………………………………ii

TABLE OF AUTHORITIES…………………………………………………………...…iv

I.      INTRODUCTION……………………………………………………………1

II.     LAW AND ARGUMENT……………………………………………………3

    A.     An award of attorneys' fees under TUFTA is not available in this case…………3

    B.     It would not be equitable and just to grant Defendants' request for attorneys' fees..6

        1.     Defendants fail to show Plaintiffs' conduct was egregious………………6

        2.     An award of attorneys' fees to Defendants would not accomplish the goals of TUFTA………………………………………………………………7

        3.     The evidence heard by the trial court does not support Defendants' request……………………………………………………………………..7

        4.     Defendants fail to present any evidence of bad faith, vexation, wantonness, oppression, or harassment by Plaintiffs…………………………………8

        5.     Defendants' attorneys' behavior at trial was substantially prejudicial to Plaintiffs………………………………………………………………...8

    C.     Defendants fail to segregate the fees for the alter ego claims from fees for the TUFTA claims…………………………………………………………………9

    D.     Defendants fail to demonstrate their request for attorneys' fees is reasonable and necessary………………………………………………………………………10

        1.     Objections to The Hourly Rates of Defendants' Attorneys……………...11

        2.     Hours That Should Be Segregated and Excluded from the Calculation of Fees……………………………………………………………………14

            a.   Exclusion of All LK Firm Hours as Unnecessary and Unreasonable..14

            b.   Exclusion of Fees Related to Defendants' Mock Trial ………………15

            c.   Exclusion of Fees Related to Sanctionable Conduct of the Defendants………………………………………………………...16

3.      Defendants' Counsel Fail to Provide Evidence of Billing Judgment……17

4.      The Significant Amount of Fees Sought by Defendants Resulting from Block Billing Demands a Significant Adjustment Downward…………..19

5.      The Excessive Number of Vague Entries Warrants a Further Blanket Reduction of Hours……………………………………………………20

6.      The Excessive Number of Attorneys Warrants an Adjustment Downward…………………………………………………………...…22

E.      Defendants' failure to plead attorneys' fees precludes any award of fees to them……………………………………………………………………22

F.      This Court should hold any decision on this Motion in abeyance until after resolution of the appeal………………………………………………..……23

G.      Defendants fail to provide evidence of the reasonableness of the amount they seek for a conditional award of attorneys' fees contingent on a successful appeal……..24

III.     CONCLUSION AND RELIEF REQUESTED……………………………...25

### TABLE OF AUTHORITIES

**Cases**

*Abrams v. Baylor College of Medicine*, 805 F.2d 528 (5th Cir. 1986)………………..……………22

*In re Alonzo*, 540 F. App'x 370 (5th Cir. 2013)………………………………………………………9

*Alvarez v. McCarthy*, 2020 U.S. Dist. LEXIS 59790 (W.D. Tex. Apr. 6, 2020)……………..15, 22

*Ashland Chemical Inc. v. Barco Inc.*, 123 F.3d 261 (5th Cir. 1997)……………………………..4

*Barrow v. Greenville Indep. Sch. Dist.*, 2005 U.S. Dist. LEXIS 34557
(N.D. Tex. Dec. 20, 2005)……………………...……………………………..19, 20, 21

*Barshop v. Medina Cnty. Underground Water Conservation Dist.*, 925 S.W.2d 618
(Tex. 1996)………………………………………………………………………………...4

*Blum v. Stenson,* 465 U.S. 886; 104 S.Ct. 1541; 79 L.Ed.2d 891 (2011)…………………………2

*Bott v. J.F. Shea Co., Inc.*, 388 F.3d 530 (5th Cir. 2004)……………………………………………3

*Bramlett v. Med. Protective Co.*, 2010 U.S. Dist. LEXIS 85898 (N.D. Tex. Aug. 20,
2010)…………………………………………………………………………………19, 20

*Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407 (5th Cir. 2006)……………………………3, 4

*C & D Prod. Servs. v. Dir., Office of Worker's Comp. Programs*, 376 F. App'x 392
(5th Cir. 2010)…………………………………………………………………………19

*Chambers v. NASCO, Inc.,* 501 U.S. 32; 111 S.Ct. 2123; 115 L. Ed. 2d 27 (1991)……………1, 4

*Citizens Nat'l Bank of Tex. v. NXS Constr., Inc.*, 387 S.W.3d 74, 87
(Tex. App.—Houston 2012)…………………………………………………………………6

*Coleman v. Houston Indep. Sch. Dist.*, 1999 U.S. App. LEXIS 39104 (5th Cir. 1999)…………...11

*DeLeon v. Abbott*, 687 F. App'x 340(5th Cir. 2017)………………………………………………19

*Dulin v. Bd. of Comm'rs of Greenwood Leflore Hosp.*, 2013 U.S. Dist. LEXIS 140664
(N.D. Miss. Sept. 30, 2013)……………………………………………………………23

*In re Edwards*, 537 B.R. 797 (Bankr. S.D. Tex. Sept. 1, 2015)………………………………..6

*Erie R.R. Co. v. Tompkins,* 304 U.S. 64; 58 S.Ct. 817; 82 L. Ed. 1188 (1938)……………………3

*Exxon Corp. v. Burdlin*, 42 F.3d 948 (5th Cir. 1995)……………………………………………..…4

*Fabela v. City of Farmers Branch, Tex.*, 2013 U.S. Dist. LEXIS 82980
(N.D. Tex. Jun. 13, 2013)………………………………………………………………...19

*Fid. & Deposit Co. of Md. v. Rodriguez*, 2009 U.S. Dist. LEXIS 69734
(W.D. Tex. June 10, 2009)……………………………………………………………...…24

*Foradori v. Harris*, 523 F.3d 477 (5th Cir. 2008)……………………………………………………3

*Fralick v. Plumbers & Pipefitters Nat'l Pension Fund,* 2011 U.S. Dist. LEXIS 13672
(N.D. Tex. Feb. 11, 2011)………………………………………………………………...17

*Gagnon v. United Technisource, Inc.*, 607 F.3d 1036 (5th Cir. 2010)……………………………19

*Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415; 116 S. Ct. 2211; 135 L. Ed. 2d 659
(1996)…………………………………………………………………………………...3

*Hensley v. Eckerhart*, 461 U.S. 424; 103 S.Ct. 1933; 76 L.Ed.2d 40 (1983)………………………2

*Hoffman v. L & M Arts*, 2015 U.S. Dist. LEXIS 85882 (N.D. Tex. Jul. 1, 2015)……….13, 20, 21

*Hopwood v. Texas,* 236 F.3d 256 (5th Cir. 2000)…………………………………………….17, 18

*Hyde v. Hoffman-La Roche, Inc.*, 511 F.3d 506 (5th Cir. 2007)…………………………………3

*Janvey v. Dillon Gage, Inc.*, 856 F.3d 377 (5th Cir. 2017)…………………………………..4, 6, 7

*Jiwani v. United Cellular, Inc.*, 2014 U.S. Dist. LEXIS 138975 (N.D. Tex. Sept. 29, 2014)……..13

*KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70 (Tex. 2015)………………………………………7

*Leroy v. City of Houston*, 831 F.2d 576 (5th Cir. 1987)………………………………………17

*Leroy v. City of Houston*, 906 F.2d 1068 (5th Cir. 1990)………………………………………11

*McClain v. Lufkin Indus., Inc.*, 649 F.3d 374 (5th Cir. 2011)……………………………………..2

*Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc.*, 850 F.2d 1286 (8th Cir. 1988)……23

*In re Pace,* 456 B.R. 253 (Bankr. W.D. Tex. May 16, 2011)………………..…………………….6

*Paris v. Dallas Airmotive, Inc.*, 2004 U.S. Dist. LEXIS 1889 (N.D. Tex. Sept. 21, 2004)……..20

*PDVSA Petroleo S.A. v. Trigeant, Ltd.*, 2012 U.S. Dist. LEXIS 171243 (S.D. Tex. Dec. 3,
2012)…………………………………………………………………………………4, 5

*Peak Tech. Servs., Inc. v. Land & Sea Eng'g, LLC,* 2012 U.S. Dist. LEXIS 109628 (S.D. Tex. Aug. 6, 2012)……………………………………………………………………………..18

*Phila. Indem. Ins. Co. v. SSR Hospitality, Inc.,* 459 F. App'x 308 (5th Cir. 2012)………………22

*Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189 (5th Cir. 1979…………………………………………………………………………………23

*Preston Exploration Co., LP v. GSP, LLC,* 2013 U.S. Dist. LEXIS 88786 (S.D. Tex. June 25, 2013)………………………………………………………………...18

*Primrose Operating Co. v. Nat'l Am. Ins. Co.,* 2003 U.S. Dist. LEXIS 12447 (N.D. Tex. July 15, 2003)…………………………………………………………...25

*Randolph v. Dimension Films,* 634 F. Supp. 2d 779 (S.D. Tex. Jun. 29, 2009)…………………21

*RFAR Grp., LLC v. Epiar, Inc.,* 2013 U.S. Dist. LEXIS 59428 (N.D. Tex. Jan. 9, 2013)………….6

*Riley v. City of Jackson,* 99 F.3d 757 (5th Cir. 1996)…………………………………………….11

*Rohrmoos Venture v. UTSW DVA Healthcare, LLP,* 578 S.W.3d 469 (Tex. 2019)………………..1

*Rodriguez v. City of Houston,* 2009 U.S. Dist. LEXIS 152386 (S.D. Tex. Dec. 22, 2009)……….15

*In re Rose,* 2020 Bankr. LEXIS 2681 (Bankr. E.D. Tex. Sept. 30, 2020)…………………………10

*Saizan v. Delta Concrete Prods. Co.,* 448 F.3d 795 (5th Cir. 2006)……………………………..17

*SCA Promotions, Inc. v. Yahoo! Inc,* 2016 U.S. Dist. LEXIS 183761 (N.D. Tex. Nov. 21, 2016)…………………………………………………………………11

*Sommers Drug Stores Co. Emp. Profit Sharing Tr. v. Corrigan,* 883 F.2d 345 (5th Cir. 1989)……………………………………………………………………………..3

*Stewart Title Guaranty Co. v. Aiello,* 941 S.W.2d 68 (Tex. 1997)…………………………………..1

*Symetra Life Ins. Co. v. Rapid Settlements, Ltd.,* 2015 U.S. Dist. LEXIS 151543 (S.D. Tex. Nov. 4, 2015)……………………………………………………………………17

*Tanguy v. Laux,* 2015 Tex. App. LEXIS 6495 (Tex. App.—Houston 2015)………………………4

*ThermoTek, Inc v. Orthoflex, Inc,* 2016 U.S. Dist. LEXIS 149498 (N.D. Tex. Oct. 27, 2016…………………………………………………………………….13, 20, 21

*Thoroughbred Ventures, LLC v. Disman,* 2018 U.S. Dist. LEXIS 120272 (E.D. Tex. Jul. 19, 2018)……………………………………………………………………..3

*Tollett v. City of Kemah*, 285 F.3d 357 (5th Cir. 2002)……………………………………………11

*Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299 (Tex. 2006)…………………………………..1

*Tow v. Speer*, 2015 U.S. Dist. LEXIS 29267 (S.D. Tex. Mar. 10, 2015)…………………………24

*Transverse v. Iowa Wireless Servs.*, 992 F.3d 336 (5th Cir. 2021)………………………………9

*United Industries, Inc. v. Simon Hartley, Ltd.*, 91 F.3d 762 (5th Cir. 1996)………………………23

*US Green Bldg. Council, Inc. v. Wardell*, 2016 U.S. Dist. LEXIS 89457
    (N.D. Tex. Jun. 17, 2016)…………………………………………………………………...19

*Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208 (5th Cir. 1998)…………………………………4

*VeroBlue Farms USA, Inc. v. Wulf*, 2021 U.S. Dist. LEXIS 110460 (N.D. Tex. Jun. 11, 2021)…..3

*Vestas-American Wind Tech. Inc. v. Salazar*, 2021 U.S. Dist. LEXIS 73361 (N.D. Tex.
    Feb. 1, 2021)…………………………………………………………………………………5

*Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761 (5th Cir. 1996)………………………17

*Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993)……………………………………………………2

*Whitehead v. Food Max*, 163 F.3d 265 (5th Cir. 1998)……………………………………........9

**Statutes**

Tex. Bus. & Comm. Code §24.013……………………………………………..............1, 2, 5

**Other Authorities**

1993 Advisory Committee Note to Fed. R. Civ. P. 54(d)(2)…………………………………23

# I.      <u>INTRODUCTION</u>

Attorneys' fees are not available to Defendants in this case because such a request is procedural under an *Erie* analysis. When a statute states that attorneys' fees are left to the trial court's discretion, such a request is considered a procedural matter and governed by federal law. When a statute provides for a <u>mandatory</u> award of attorneys' fees to the prevailing party, the request for attorneys' fees is considered substantive; therefore, state law controls. TUFTA provides, "the court <u>may</u> award costs and reasonable attorney's fees as are equitable and just." Tex. Bus. & Comm. Code §24.013 (emphasis added). Given the use of the word "may" in the statute, an award of attorneys' fees pursuant to TUFTA is clearly discretionary, not mandatory. As a result, the federal procedural rule, the "American Rule," applies. Under the American Rule, litigants pay their own attorney fees and there is no fee-shifting, absent applicable contractual or statutory provisions or well-defined exceptional circumstances.[1] *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46; 111 S.Ct. 2123; 115 L.Ed.2d 27 (1991). <u>Since the American Rule applies here, attorneys' fees are not available for Defendants in this case.</u>

Defendants seek an award of nearly all attorneys' fees billed by their counsel throughout this litigation. However, not all fees incurred are recoverable. A fee applicant "is ordinarily required to segregate fees incurred on claims allowing recovery of fees from those that do not." *Stewart Title Guaranty Co. v. Aiello*, 941 S.W.2d 68, 73 (Tex. 1997); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006). <u>Defendants fail to segregate their potentially recoverable fees from their clearly nonrecoverable fees.</u> Defendants' Motion indicates they rely

---

[1] This Court's Order denying Defendants' original Motion for Attorneys' Fees without prejudice (DE 1090) indicated Defendants could refile their Motion with evidence substantiating their claim for reasonable attorney fees, citing to *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 501-02 (Tex. 2019). Defendants' renewed Motion fails to cite to *Rohrmoos*. Respectfully, Plaintiffs believe *Rohrmoos* is not the correct standard for this case. In *Rohrmoos,* the Court considered whether attorneys' fees should be awarded pursuant to <u>a prevailing party clause in a contract.</u> In this case, reasonable attorneys' fees should only be awarded only if "equitable and just."

1

solely on TUFTA §24.013 to seek the attorneys' fees they incurred during this litigation. <u>Fees unrelated to the TUFTA claims are not recoverable and should be disallowed by this Court.</u> **Additionally, all fees incurred by Shamoun & Norman, LLP ("S & N") after January 25, 2016, are not recoverable, as alter ego was the only claim remaining against their only remaining client, Gene Phillips ("Mr. Phillips"), after that date.**[2] As a result, fees for all hours billed by S & N after January 25, 2016, a total of 10,129.5 hours, should be disallowed.[3] (Ex. 1)

Defendants' Motion fails to demonstrate their request for attorneys' fees is reasonable and necessary. The burden is on the fee applicant to produce satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *McClain v. Lufkin Indus., Inc*., 649 F.3d 374, 381 (5th Cir. 2011) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n. 11; 104 S.Ct. 1541; 79 L.Ed.2d 891 (2011)). Moreover, all time that is excessive, duplicative, or inadequately documented should be excluded. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Parties seeking attorney's fees not only have the burden of showing the reasonableness of the hours billed, but also of proving that they exercised billing judgment. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34; 103 S.Ct. 1933; 76 L.Ed.2d 40 (1983). Defendants fail to exclude duplicative and unnecessary time, fail to justify the hourly rates sought by many of their attorneys, and fail to demonstrate their attorneys exercised billing judgment. Defense counsel engaged in excessive block billing, vaguely described many of

---

[2] The Kendall Law Group initially represented all Defendants in this case. On March 16, 2015, S & N were permitted to substitute as counsel of record for Gene Philips, Ryan Phillips, Donald Phillips, Mickey Phillips, The May Trust, The Martin Trust, Syntek West, Inc., and Realty Advisors Management, Inc. (Ex. 2).

[3] Plaintiffs anticipate Defendants may attempt to argue that Plaintiffs' Third Amended and Fourth Amended Complaints pled a TUFTA claim against Mr. Phillips after that claim was dismissed by the Court on January 25, 2016 (DE 209). Judge Fitzwater's Opinion and Order dated August 14, 2018, noted: "Plaintiffs emphasize in their response that they are not asserting a TUFTA claim against Phillips and that they included factual allegations regarding fraudulent transfers to Phillips as support the alter ego claim only. Accordingly, the court grants the motion to dismiss this claim *to the extent that it purports to plead a fraudulent transfer claim against Phillips*." At a minimum, the Court should disallow all fees sought by S & N after August 14, 2018 (a total of 5,096.25 hours—see Ex. 3).

the tasks billed, and excessively redacted billing entries to such an extent that it is impossible to ascertain the reasonableness or necessity of many of the tasks billed. As a result, many of the fees sought should either be completely disallowed or reduced accordingly.

## II.     LAW AND ARGUMENT

### A.  An award of attorneys' fees under TUFTA is not available in this case.

Under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64; 58 S.Ct. 817; 82 L. Ed. 1188 (1938), procedural matters are governed by federal law when the Court sits in diversity jurisdiction and there is a conflict between state and federal law. This Court itself has previously noted, "As an initial matter, state procedural rules do not apply in federal diversity cases." *VeroBlue Farms USA, Inc. v. Wulf*, 2021 U.S. Dist. LEXIS 110460 at *9 (N.D. Tex. Jun. 11, 2021) (Starr, J.), citing *Hyde v. Hoffman-La Roche, Inc.*, 511 F.3d 506, 510 (5th Cir. 2007) ("In diversity cases, a federal court must apply federal procedural rules."). ***Erie* also applies in cases involving supplemental jurisdiction**. *Thoroughbred Ventures, LLC v. Disman*, 2018 U.S. Dist. LEXIS 120272 (E.D. Tex. Jul. 19, 2018), citing *Sommers Drug Stores Co. Emp. Profit Sharing Tr. v. Corrigan*, 883 F.2d 345, 353 (5th Cir. 1989) and *Bott v. J.F. Shea Co., Inc.*, 388 F.3d 530, 533 n.3 (5th Cir. 2004). Federal courts apply state substantive law but federal procedural rules. *Thoroughbred Ventures, supra*, citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427; 116 S. Ct. 2211; 135 L. Ed. 2d 659 (1996) and *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008).

The Fifth Circuit directly addressed the question of how to determine whether a fee shifting statute is procedural or substantive in *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407 (5th Cir. 2006). Statutes that require fee awards for prevailing parties are substantive for *Erie* purposes. *Camacho, supra* at 412. **By contrast, laws providing for fees based on equity or an opponent's**

**bad-faith litigation tactics are procedural**. *Id.*, citing *Chambers, supra* at 53 (emphasis added).[4] The Supreme Court has emphasized that equitable fee awards are "not tied to the outcome of the litigation." *Chambers, supra*. Fifth Circuit decisions following *Chambers* recognize that the only fee shifting statutes that are substantive for *Erie* purposes are those limiting fee awards <u>solely</u> to prevailing parties.[5]

*Camacho* noted that the Texas Declaratory Judgment Act ("DJA"), the statute at issue in that case, does not tie attorneys' fee awards to the outcome of the litigation. Similar to TUFTA, the DJA gives the trial court the discretion to determine when it is "equitable and just" to award attorneys' fees. In fact, the Court may, in its discretion, award attorneys' fees to the <u>non</u>-prevailing party under TUFTA. *PDVSA Petroleo S.A. v. Trigeant, Ltd.*, 2012 U.S. Dist. LEXIS 171243 at *5 (S.D. Tex. Dec. 3, 2012). "<u>If a statute provides that a trial court 'may award' attorney's fees, an award of attorney's fees is not dependent upon a party prevailing in the case</u>." *Tanguy v. Laux*, 2015 Tex. App. LEXIS 6495 at *18 (Tex. App.—Houston 2015, pet. den.) (emphasis added), quoting *Barshop v. Medina Cnty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 637 (Tex. 1996). The trial court has the "sound discretion" to award attorneys' fees under TUFTA. *Janvey v. Dillon Gage*, 856 F.3d 377, 392-393 (5th Cir. 2017).

In *PDVSA, supra*, the Court considered a litigant's claim for attorneys' fees in a TUFTA case. The Court analyzed the claim as follows:

> …BTB invokes the holdings in cases that address the nearly identical attorney fee provision of the Texas Declaratory Judgment Act (TDJA). In *Camacho v. Texas Workforce Comm'n*, 445 F.3d 407 (5th Cir. 2006) and *Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998), the

---

[4] Further, the factors reviewed by courts in this Circuit to determine whether an award of fees would be "equitable and just" clearly ask courts to consider whether the litigant engaged in bad-faith litigation tactics, not simply whether the party seeking fees is the prevailing party.

[5] The *Camacho* Court cited to *Ashland Chemical Inc. v. Barco Inc*., 123 F.3d 261, 265 (1997) (fee shifting rule was substantive because the award was tied to the outcome of the case) and *Exxon Corp. v. Burdin*, 42 F.3d 948, 951 (5th Cir. 1995) (fee shifting statutes that hinge an award on success from those that do not are distinguishable).

4

Fifth Circuit held that the fee-shifting provision of the TDJA was procedural because (1) the entire Act had been held to be procedural (in that it supplies a procedure for obtaining relief when the entitlement to relief is defined by other law); and (2) the fee-shifting provision is not necessarily tied to the outcome of the litigation. Because of the wide discretion the TDJA gives the trial judge in shifting fees in favor of a non-prevailing party, actual examples of which the Court supplied in its opinion in *Camacho*, the TDJA was confirmed as procedural in its specific fee-shifting language.

In general terms, TUFTA is not a procedural statute like the TDJA. However, **like the TDJA, the § 24.013 attorney fee provision allows assessment of fees as are "equitable and just" without reference to the prevailing party. It is also set out independently from the substantive remedies available to prevailing parties and is labeled, "Costs." It is thus conceivable that a trial court could properly grant attorney fees in favor of a non-prevailing party.**

**The TDJA decisions and their rationale counsel in favor of determining that TUFTA § 24.013 is procedural in that it is not set out as a basis for assessing the prevailing party's compensatory damages…**

**Neither does the Court agree with the "common sense" argument that no court would ever award attorney fees to a party found to have engaged in a fraudulent transfer. The issue is not whether this scenario is likely. Under *Chambers* and *Camacho*, the fact that it is possible renders the "costs" statute procedural.**

**<u>Section 24.013 is thus unavailable as a basis for the award of attorney fees to PDVSA in this diversity case.</u>**

*PDVSA* at 4-6 (emphasis added). Pursuant to the holdings of *Camacho* and *PDVSA*, attorneys' fees are <u>not</u> available for Defendants in this case.

Defendants previously cited and relied on *Mathis v. Exxon Corp*., 302 F.3d 448 (5th Cir. 2002) and *Vestas-American Wind Tech. Inc. v. Salazar*, 2021 U.S. Dist. LEXIS 73361 (Feb. 1, 2021) to support their request for attorneys' fees. *Mathis* is clearly distinguishable, as it was strictly a breach of contract case. The standard for an award of attorneys' fees in a breach of contract case is prevailing party, which makes an award of attorneys' fees mandatory and therefore substantive. *Camacho, supra*. Under TUFTA, the standard is equitable and just, which leaves an award of

attorneys' fees to the Court's discretion and is therefore procedural. In *Vestas*, both the Texas Theft Liability Act ("TTLA") and TUFTA were at issue. The TTLA mandates an award of attorneys' fees to the prevailing party, so the Court had to award attorneys' fees to plaintiff in that case.

### B. It would not be equitable and just to grant Defendants' request for attorneys' fees.

 "A number of factors are relevant to determining whether a fee award is 'equitable and just' under TUFTA, including: (1) whether the case involved egregious conduct, *In re Pace*, 456 B.R. 253, 283 (Bankr. W.D. Tex. 2011); (2) whether an award of fees accomplishes the goals of TUFTA, *In re Edwards*, 537 B.R. 797, 806 (Bankr. S.D. Tex. Sept. 1, 2015); (3) the evidence heard by the trial court, *Citizens Nat'l Bank of Tex. v. NXS Constr., Inc*., 387 S.W.3d 74, 87 (Tex. App.—Houston 2012, no pet.); **and** (4) 'evidence of bad faith, vexation, wantonness, oppression, or harassment relating to the filing or the maintenance of this action[,]' *RFAR Grp., LLC v. Epiar, Inc.,* 2013 U.S. Dist. LEXIS 59428 at *3 (N.D. Tex. Jan. 9, 2013) (emphasis added), *report and recomm. adopted*, 2013 U.S. Dist. LEXIS 57776 (N.D. Tex. Apr. 23, 2013)." *Janvey, supra at* 385.

### 1. Defendants fail to show Plaintiffs' conduct was egregious.

Plaintiffs diligently pursued collection of the Final Judgment entered in the 1999 case but were impeded at every turn by Defendants. It was Defendants, not Plaintiffs, who acted egregiously: ART and its affiliates filed for bankruptcy on multiple occasions to evade collection of the Final Judgment. In August of 2012, the Nevada bankruptcy petition filed by ART and ART Midwest, Inc. was dismissed for improper venue. Following a trial, Judge Hale dismissed ART's Texas bankruptcy petition as a bad faith filing on March 3, 2014.

Defendants baselessly claim that Plaintiffs' purportedly "egregious conduct" was the filing of this lawsuit against 26 Defendants, asserting seven different claims. Defendants fail to cite to

any authority supporting their argument that filing a lawsuit and vigorously litigating same constitutes "egregious conduct" for the purposes of determining whether a fee award is equitable and just.[6] To protect Plaintiffs' interests, they were forced to include such a large number of Defendants and claims as a result of ART's outright refusal to produce documents sought during discovery in the ART Bankruptcy case, even after they had been ordered by the Court to do so. ART and its affiliates were sanctioned by the Bankruptcy Court for their failure to produce documents and were prohibited from introducing specific evidence and testimony at hearings in that case (Ex. 4). As a result of ART's refusal to comply with discovery in the Bankruptcy proceeding, Plaintiffs were forced, due to the statute of limitation/statute of repose, to include all likely claims, transferors, and transferees in this case to ensure that all parties who participated in the fraudulent transfers would be held accountable.[7]

### 2. An award of attorneys' fees to Defendants would not accomplish the goals of TUFTA.

Defendants claim that awarding their attorneys' fees would help accomplish the goals of TUFTA. **"TUFTA pursues one overriding goal: 'to protect creditors from being defrauded or left without recourse due to the actions of unscrupulous debtors.'"** *Janvey, supra,* quoting *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 89 (Tex. 2015). Defendants' request for attorney fees would in no way protect creditors from being defrauded or without recourse due to the actions of unscrupulous debtors.

### 3. The evidence heard by the trial court does not support Defendants' request.

---

[6] Further, Plaintiffs' Complaint and Amended Complaints survived multiple motions to dismiss, and Plaintiffs' claims survived motions for summary judgment filed by each of the Defendants.

[7] During the pendency of the Texas Bankruptcy proceeding, when interested parties Mr. Clapper, Atlantic Midwest, LLC, and Atlantic XIII, LLC raised their concerns about the automatic stay's impact on the statute of limitations/statute of repose, the parties involved in this case (as well a significant number of additional ART affiliates) signed a tolling agreement, extending the statute of limitations to March 1, 2015, for any and all claims or causes of action for which the applicable statute of limitations had not yet expired at that time (Ex. 5).

Defendants claim that the evidence heard by the trial court supports their request for attorneys' fees, since the jury returned a take-nothing verdict in favor of Defendants. They argue their decisive victory underscores the deficiency of the evidence Plaintiffs presented at trial. However, the take-nothing verdict was the direct result of Defendants' Counsels' egregious behavior at trial, which infected the jury's consideration of the evidence and irreparably tainted the verdict. Plaintiffs have appealed the Final Judgment; that appeal remains pending. The evidence offered at trial in no way supports Defendants' request for attorneys' fees.

### 4. Defendants fail to present any evidence of bad faith, vexation, wantonness, oppression, or harassment by Plaintiffs.

Defendants argue Plaintiffs' filing and maintenance of this action has been the very definition of bad faith, vexation, wantonness, oppression, or harassment. Defendants' argument is unfounded. Defendants again claim Plaintiffs' conduct was so outrageous the Court invited Defendants to file a motion for sanctions against them and that the motion is still pending; however, Plaintiffs continue to believe that motion was denied by the Court in the Final Judgment (DE 1069), which dismissed this case with prejudice and expressly indicated that all relief not expressly granted was denied.

Defendants argue the fact that this lawsuit began with 26 Defendants and ended with four shows Plaintiffs' disregard for the time and cost of litigation. "<u>Disregard" is not the standard—bad faith, vexation, wantonness, oppression, or harassment is the standard, and Defendants fail to prove same</u>. Additionally, as noted above, Plaintiffs were forced to include such a large number of Defendants and claims as a result of ART's failure to comply with discovery in the Bankruptcy.

### 5. Defendants' attorneys' behavior at trial was substantially prejudicial to Plaintiffs.

The conduct of defense counsel during trial went beyond merely unprofessional and rose to the level of causing substantial prejudice to Plaintiffs. Defendants constantly engaged in name

8

calling, finger pointing, and personal attacks against Plaintiffs' counsel in front of the jury, in particular during closing arguments, without admonishment by the Court. Defendants made repeated statements to the jury that were blatantly false (e.g., claiming Mr. Clapper is a billionaire and claiming his yacht was repossessed). Throughout the trial, Defendants' counsel repeatedly and blatantly made appeals to local bias. Appeals to local bias alone can be a sufficient basis to order a new trial. *Whitehead v. Food Max,* 163 F.3d 265, 277 (5th Cir. 1998). The objectionable actions of Defendants' counsel fatally tainted the verdict. It would be inequitable and unjust to reward Defendants for such behavior by awarding them their attorneys' fees.

### C. Defendants fail to segregate the fees for the alter ego claims from fees for the TUFTA claims.

Defendants fail to cite to any statute or rule that permits recovery of fees for the alter ego claims. Attorneys' fees are not recoverable for those claims. Where fees are authorized, "fee claimants have always been required to segregate fees between claims for which they are recoverable and claims for which they are not." *Transverse v. Iowa Wireless Servs*., 992 F.3d 336, 344 (5th Cir. 2021), quoting *In re Alonzo*, 540 F. App'x 370, 373 (5th Cir. 2013). The party seeking fees bears the burden of properly segregating them. *Transverse, supra.* Defendants fail to segregate fees for the alter ego claims. All fees for the alter ego claims must be disallowed.

Moreover, all fees sought by S & N after January 25, 2016, should be disallowed. Per Mr. Norman's Declaration, S & N was retained to represent only Mr. Phillips (and later his Estate). The only claim pending against Mr. Phillips after January 15, 2016, was the alter ego claim. Attorneys' fees are not recoverable for an alter ego claim. Therefore, all fees of S & N incurred after the Court's dismissal of the claims against Mr. Phillips on January 15, 2016, should be

excluded.[8] As a result, a reduction of 10,129.5 hours of the 11,120.25 hours sought by S & N is appropriate.[9]

### D. Defendants fail to demonstrate their request for attorneys' fees is reasonable and necessary.

A party seeking recovery of attorneys' fees has the burden to show that the fees were reasonable and necessary, which, among other things, requires the party to show the fees were incurred on a claim that allows recovery of such fees. *In re Rose*, 2020 Bankr. LEXIS 2681 at *29 (Bankr. E.D. Tex. Sept. 30, 2020), *rev'd in part on other grounds*, 2021 U.S. Dist. LEXIS 180428 (E.D. Tex. Sept. 21, 2021), citing *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10-11 (Tex. 1991).

Defendants argue the time and labor they spent in this case were particularly intensive as a result of Plaintiffs' over-pleading. However, a significant amount of the time counsel spent on this case was the result of Defendants' constantly changing positions throughout the pendency of this case, as well as Defendants' extremely voluminous document productions (one production alone exceeded 400,000 pages). All documents regarding the transfers of assets, Defendants' accounting records and intercompany accounts, and any liens and encumbrances on the assets were almost entirely within Defendants' possession and control. Plaintiffs spent a substantial amount of time trying to obtain information from Defendants during discovery, including being forced to file

---

[8] Plaintiffs anticipate Defendants may belatedly attempt to argue S & N represented all Defendants throughout the case. However, at no time did S & N file an appearance on behalf of ART, ARI, or EQK. S & N signed documents filed with the Court on behalf of Mr. Phillips or his Estate. At trial, S & N vociferously argued that Mr. Phillips' interests were not aligned with the other Defendants; consequently, the Court permitted Mr. Shamoun to make a separate opening statement and a separate closing argument on behalf of Mr. Phillips.

[9] Mr. Norman's Declaration suggests that fees for defending the alter ego claim were not included in the fees sought by S & N as a means of conducting a voluntary reduction of fees to support their purported use of billing judgment. It is not a voluntary reduction when the fees must be segregated in the first place because they are not recoverable. S & N is not entitled to claim any fees concerning the alter ego matter, which was the only claim remaining pending against their client after January 25, 2016; therefore, all fees billed by S & N after that date must be disallowed.

multiple motions to compel, which were vigorously contested by Defendants.[10] Defendants should not be rewarded for their repeated refusal to produce necessary discovery.

### 1.   Objections to The Hourly Rates of Defendants' Attorneys

Once the Court segregates or eliminates the fees not recoverable, the first step in computing the lodestar is determining a reasonable hourly rate. The prevailing market rate for similar services by similarly trained and experienced lawyers in the relevant legal community is the established basis for determining a reasonable hourly rate. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The burden is on the fee applicant to produce, <u>in addition to the attorney's own affidavits</u>, satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *SCA Promotions, Inc. v. Yahoo! Inc*, 2016 U.S. Dist. LEXIS 183761, at *18 (N.D. Tex. Nov. 21, 2016); *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996). While the hourly rate must be 'adequate to attract competent counsel,' the 'measure is not the rates which lions at the bar may command.'" *Coleman v. Houston Indep. Sch. Dist.*, 1999 U.S. App. LEXIS 39104, at *9 (5th Cir. 1999) *citing Leroy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990).

Defendants include 33 attorneys with hourly rates ranging from $200 to $600 per hour in their request for fees. Although the Declarations provided by Defendants claim the rates charged are comparable to those for similar work in the area, no objective information is provided to support their conclusory statements. Each Declaration contains the self-serving statement that the rates charged in this matter were "discounted," as though this justifies the rates sought. **No additional evidence is provided which would permit the Court and Plaintiffs to evaluate**

---

[10] Plaintiffs filed at least five motions to compel in this case (see DE 229, 304, 473, 491, and 502).

**whether these statements are accurate.** Additionally, the fees vary greatly between firms among attorneys with the same qualifications.

The rates claimed for the Senior Attorneys and Trial Counsel in this matter are as follows: Mr. Khoury and Mr. Swaim $400/hr.; Mr. Shamoun and Mr. Norman $375 or $575/hr.; and Mr. Disher and Mr. Keller $600/hr. Plaintiffs do not object to a $400 hourly rate, but object to the rate increase to $575 for Mr. Shamoun and Mr. Norman without any justification for same. Although Mr. Norman's and Mr. Khoury's Declarations contain <u>identical</u> language spanning 12 pages describing the procedural history of the case, the procedural history of this case does not somehow justify defense counsels' hourly fees in excess of $400.

Plaintiffs object as follows to the wide variety of rates billed by S & N's associate attorneys, which show the inconsistency in the rates claimed:[11]

- **Blair Norris**: Unexplained increase of rate from $275 to $425 per hour. Plaintiffs object to any rate exceeding $400 being charged by any attorney in this matter;
- **Kayla Wells**: Plaintiffs do not object to her rate of $275 per hour; however, Plaintiffs object to the unexplained rate increase of $100 per hour, which resulted in her billing rate exceeding that of an attorney with 10 years' more experience;
- **Dean Drew**: Although he has only two years of experience, his billing rate is the same or higher than that of attorneys with 18 or more years' experience;
- **Lucas Diaz**: He has only one year of experience; further, he provided only paralegal services, at a rate of $375 per hour. The entirety of his billing should be excluded ($15,843.75);
- **Blake Glatstein:** He has less than 1 year experience, started working on the case in the "spring" before trial (trial took place in May) at a billing rate of $125 per hour, which inexplicably increased to $375 per hour. His billing rate should be $125 per hour;
- **James Peacock and Matthew Bone**: They have less than one year experience each, started working on this case during the "spring" before trial, yet their billing rate is inexplicably $375 per hour, which is greater than an attorney with 18 years' experience. Their billing rate should be $125 per hour (the same as Blake Glatstein);
- **Brandy Hoge and Ashley Oakes**: 4 years' experience, performed discovery related and research tasks; billed at same rate as attorneys with twice as much experience; and
- **Stephen Bolner, Jr., Lauren Griffin, and Meghan K. Goldner**: 2 years' experience, billing rates are the same as attorney with 10-18 years' experience.

---

[11] These objections are based on the information contained in Mr. Norman's Declaration (DE 1094-12).

Plaintiffs further object to the rate of **Ryan Seay** of KKRC, who began practicing law in 2016 and is billed at the same rate or a higher rate than attorneys at the same firm practicing for six to ten years longer. As to Cunningham Swaim, Plaintiffs object to the rate of **Alex Whitman,** which is $60 per hour more than Mr. Hembree, who has the same amount of experience. Plaintiffs object to <u>all</u> fees sought by Lehotsky Keller, LLP ("the LK firm") as unnecessary and further specifically object to the $600 hourly rate of Ms. **Gonzalez-Araiza**, who has only 4 years' experience. Further, Plaintiff's object to the use of a "blended rate" of $600 per hour for all fees sought by the LK firm, particularly when Mr. Keller's Declaration fails to identify the rates customarily charged by each attorney.

Courts in this District rely upon the Texas Hourly Rate Fact Sheet (Ex. 6) ("Rate Sheet") to provide the basis for determining a reasonable hourly rate. *See ThermoTek, Inc v Orthoflex, Inc*, 2016 U.S. Dist. LEXIS 149498, at *28 n. 14 (N.D. Tex. Oct. 27, 2016), citing *Hoffman v. L & M Arts*, 2015 U.S. Dist. LEXIS 85882 at *2 n. 4 (N.D. Tex. Jul. 1, 2015) (Fitzwater, J.) ("The court may properly consider the Fact Sheet as a basis for determining a reasonable hourly rate"), citing *Jiwani v. United Cellular, Inc.*, 2014 U.S. Dist. LEXIS 138975 at *5 (N.D. Tex. Sept. 29, 2014) (taking judicial notice of the Rate Sheet as a starting point for ascertaining an appropriate hourly market rate for plaintiff's counsel).

The Rate Sheet indicates the median hourly rate in the District for commercial litigation attorneys with experience of 21 years or more ranges from $300-$350 per hour; however, Plaintiffs do not propose to use this rate. Plaintiffs believe the Rate Sheet demonstrates that the $575 or $600 rate claimed by multiple attorneys in this matter is neither reasonable nor comparable to similar rates charged by attorneys in the area. Plaintiffs submit that any fees awarded by the Court should

13

utilize the same hourly rate for all counsel across all firms, and given the sheer number of attorneys, establish their rates solely based on years of experience.

In particular, Plaintiffs submit a rate of $400 per hour (the rate charged by the attorneys of Cunningham Swam and KKRC) be the maximum rate for fees to be charged by any attorney with 20 or more years' experience. Given the varied rates charged by Defendants' counsel, the most reasonable approach is to set a rate based on the following scale which provides higher hourly rates than the median rates contained in the Rate Sheet and is therefore supported by same and Defendants' counsels' Declarations:

| | |
|---|---|
| 16-20 years of experience: | Rate billed or maximum of $300 per hour; |
| 8-15 years of experience: | Rate billed or a maximum of $275 per hour; |
| 4-7 years of experience: | Rate billed or maximum of $250 per hour; and |
| 1-3 years of experience: | Rate billed or a maximum of $225 per hour. |

Plaintiffs submit that the foregoing rates should be applied to the number of hours the Court deems necessary and reasonable, if the Court is inclined to award fees.

### 2. Hours That Should Be Segregated and Excluded from the Calculation of Fees

Plaintiffs object to specific fees as unreasonable or unnecessary based on the specific nature of the work, which should be excluded by the Court before any further adjustments are made based on the lack of billing judgment, block billing, or vagueness discussed below. These include fees related to a mock trial, fees for proceedings necessitated by Defendants' discovery abuses and/or resulting in Defendants being sanctioned, fees related to the alter ego claims, and all fees charged by the LK firm, which was retained to provide "strategic" guidance to the three other law firms and more than 30 other attorneys working on this matter.

### a. Exclusion of All LK Firm Hours as Unnecessary and Unreasonable

14

Per Mr. Keller's Declaration, the LK firm was brought in on the eve of trial in April of 2021 to provide strategic advice and appellate work. His Declaration states the firm was retained by "Defendants." Prior to that time, Defendants had been represented by competent and experienced litigation counsel, who billed millions of dollars in fees. The hiring of the LK firm on the eve of trial represented an unnecessary duplication of services and unnecessary incurrence of fees, given the competent counsel previously retained by Defendants. Any fees incurred when Defendants hired another large commercial litigation firm law firm in anticipation of an appeal (not yet filed at that time) and to provide their expensive attorneys with strategic advice cannot be considered reasonable or necessary. Plaintiffs submit that all hours and fees requested by the LK firm should be excluded from any fee award.

### b.  Exclusion of Fees Related to Defendants' Mock Trial

Plaintiffs object to Defendants' request for fees in excess of $175,000 for preparation for, travel to, and attendance at a mock trial held in April of 2021. Although Defendants' attorneys may have believed that a mock trial would enable them to make a more effective presentation, the fees incurred were unnecessary. Where a case could be tried without this type of pre-trial preparation, the fees charged for same should be excluded. See *Rodriguez v. City of Houston*, 2009 U.S. Dist. LEXIS 152386, at *4-5 (S.D. Tex. Dec. 22, 2009); see also *Alvarez v. McCarthy*, 2020 U.S. Dist. LEXIS 59790, at *14-15 (W.D. Tex. Apr. 6, 2020) (although attorneys may have believed that a focus group was necessary for trial preparation, hours and costs related to same were unnecessary and should be excluded).

Attached as Exhibit 7 is a table representing the time for which Defendants seek fees related to the mock trial. Plaintiffs submit the fees for same should be excluded as unnecessary and therefore not reasonable. The total number of hours that should be excluded is 595.9 hours.

15

### c. Exclusion of Fees Related to Sanctionable Conduct of the Defendants

Defendants' and their counsels' discovery abuses resulted in the Court ordering sanctions against the Defendants at various times. The Court ordered several depositions be re-taken because of Defendants' witnesses' and Defendants' counsels' behavior during the initial depositions. Plaintiffs submit that fees incurred as a result of the recalcitrant conduct of the Defendants and/or their counsel cannot be considered necessary. It is not reasonable to obstruct a deposition and then seek fees for responding to Plaintiffs' motions for sanctions as a result of that obstruction. Further, fees to prepare for additional depositions caused by the party's own behavior cannot be considered necessary.[12]

Where sanctions were awarded or motions to compel were granted because of Defendants' obstruction or failure to cooperate in discovery, the hours associated with any work concerning those motions should be excluded. Attached as Exhibit 8 are pages of billing records that include the time spent on the foregoing issues, which should specifically be excluded. <u>As a result of Defendants' or their attorneys' conduct at deposition, the deposition of Mr. Bertcher was ordered to proceed a second time (on 12/6/16) and then a third time (on 6/21/17). As a result of Defendants' and their counsels' improper conduct, Mr. Phillips was also compelled to appear a second time for deposition</u> (DE 433). Plaintiffs object to recovery of any fees for any time related to preparing a second time and reappearing a second or third time for these depositions. Plaintiffs submit that a

---

[12] For example, fees associated with the Plaintiffs' Motion to Sanction ARI for Discovery Abuses (DE 251), upon which Plaintiffs prevailed (DE 289), should be disallowed. Similarly, the hours associated with Defendants' refusal to cooperate during Mr. Phillips' deposition, as well as the various motions, responses, and proceedings that resulted from same should also be disallowed, in particular for the issues raised in Plaintiffs' Motion to Compel and for Sanctions (DE 313). Plaintiffs further object to the hours Defendants seek regarding Plaintiffs' Motion to Sanction (DE 348), which was granted by the Court (DE 436).

total of 430.75 hours claimed by Defendants from September 23, 2016, through May 10, 2017, should be excluded as specifically indicated on the table included with Exhibit 8.

### 3. Defendants' Counsel Fail to Provide Evidence of Billing Judgment.

A fee applicant is charged with proving that it exercised billing judgment. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006); *Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, 2015 U.S. Dist. LEXIS 151543, (S.D. Tex. Nov. 4, 2015). "The Fifth Circuit has repeatedly determined that bald assertions regarding the exercise of billing judgment are insufficient." *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund,* 2011 U.S. Dist. LEXIS 13672 at *3 (N.D. Tex. Feb. 11, 2011) (citing *Saizan, supra* at 800*; Hopwood v. Texas,* 236 F.3d 256, 279 (5th Cir. 2000). The party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987).

Mr. Norman's Declaration contains a self-serving and completely unsubstantiated statement that S & N voluntarily reduced their billing and excluded fees associated with the alter ego claims, as well as other fees. However, there is no documentation or other evidence showing the extent to which they allegedly exercised billing judgment, and the claims regarding same are unverifiable as presented. S & N completely redact the fees they claim would be awardable, but that they excluded them based on billing judgment. S & N fails to show all hours expended on the case but purportedly excluded from their fee request.

Further, there is no supporting evidence of the LK firm having exercised billing judgment. While Mr. Keller's Declaration claims time "incidental to the defense" was excluded, there is no

evidence of how much time was excluded. The failure to present this evidence does not permit this Court to determine if the amount of time allegedly excluded was reasonable, or if reductions were made for duplication of efforts or for fees that were not recoverable regardless.

Similarly, Mr. Swaim's Declaration states his firm represented individual defendants in the early stages of the case but claims the firm does not seek fees for same. He suggests this purported voluntary reduction of fees demonstrates an exercise of billing judgment (See DE 1094-2, ¶13). Mr. Swaim admits his Declaration and invoices do not show all hours actually expended on the case that were not included in the fee request. His failure to provide the evidence needed prevents the Court and Plaintiffs from determining whether billing judgment was actually exercised.

**Mr. Khoury's Declaration fails to mention whether billing judgment was exercised at all by KKRC**. Instead, he simply states KKRC's attorneys' hourly rates were reduced, but he fails to provide any evidence supporting his contention, nor does he show the hours expended on the case but not included in the fee request.

The proper remedy for omitting evidence of billing judgment is the reduction of the award by a percentage intended to substitute for the exercise of billing judgment. See *Hopwood, supra* (25% reduction for lack of billing judgment); *Preston Exploration Co., LP v. GSP, LLC,* 2013 U.S. Dist. LEXIS 88786 at *9 (S.D. Tex. June 25, 2013) ("Courts have reduced fees up to 50% for billing judgment…"; *Peak Tech. Servs., Inc. v. Land & Sea Eng'g, LLC,* 2012 U.S. Dist. LEXIS 109628 at *8 (S.D. Tex. Aug. 6, 2012) (50% reduction).

Since it is plainly evident that Defendants' counsel failed to exercise billing judgment and Defendants present no competent evidence of its application to the fees they seek, Plaintiffs submit at least a 25% discount, within the reasonable range applied in this District, be applied to the hours

18

claimed after segregation of fees for the alter ego claims. *See US Green Bldg. Council, Inc. v. Wardell*, 2016 U.S. Dist. LEXIS 89457 (N.D. Tex. Jun. 17, 2016); *SCA, supra* at *26-27.

### 4. The Significant Amount of Fees Sought by Defendants Resulting from Block Billing Demands a Significant Adjustment Downward.

The Fifth Circuit defines block-billing as "describing multiple activities in only one time entry." *C & D Prod. Servs. v. Dir., Office of Worker's Comp. Programs*, 376 F. App'x 392, 394 (5th Cir. 2010). While block-billed entries do not necessarily preclude a fee award, the evidence must be adequate to determine if the hours spent were reasonable. *DeLeon v. Abbott*, 687 F. App'x 340, 346 n.4 (5th Cir. 2017) (Elrod, J., concurring) (citing *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010). When time records are block billed, the Court cannot accurately determine the number of hours spent on any particular task, hindering the Court from determining whether hours billed are reasonable. *Barrow v. Greenville Indep. Sch. Dist.*, 2005 U.S. Dist. LEXIS 34557, at *11 (N.D. Tex. Dec. 20, 2005) (Fitzwater, J.), *aff'd*, 2007 U.S. App. LEXIS 24778(5th Cir. 2007); see also *Bramlett v. Med. Protective Co.*, 2010 U.S. Dist. LEXIS 85898 at *7-8 (N.D. Tex. Aug. 20, 2010) (Fitzwater, J.).

To say that more than 60% of the fees submitted by Defendants' counsel are set forth in block billing would not be an exaggeration; the significant number of vague entries is even more pervasive as discussed below. In *Barrow, supra,* the Court found it could not accurately determine time spent on particular task when the attorney typically compiled into one day's time entries such discrete tasks as reviewing notes, preparing for discovery, correspondence, drafting pleadings and conducting legal research; see also *Fabela v. City of Farmers Branch, Tex.*, 2013 U.S. Dist. LEXIS 82980 at *7 n. 14 (N.D. Tex. Jun. 13, 2013) (where block billed entries for 10.6 hours to "prepare complaint; pursue strategy," and 19.5 hours to "prepare complaint; pursue strategy; prepare filing of materials," and similar hours and descriptions were cut).

Most courts reviewing block-billed time entries perform a percentage reduction either in the number of hours or in the lodestar figure. *See, e.g., Paris v. Dallas Airmotive, Inc.*, 2004 U.S. Dist. LEXIS 1889 at *9-11 (N.D. Tex. Sept. 21, 2004) (Lindsay, J.) (applying percentage reduction because of block billing). A reduction based on block billing should usually range from 10% to 30%. *Barrow, supra* at *17-18.

Plaintiffs have reviewed every entry in the time records provided by the Defendants. The block billing that occurred over the past seven years, particularly as to S & N, is astounding. S & N asks the Court to award it 11,120.25 hours in attorney time. Of these, over 3,611 of the S & N hours are recorded in block billed entries. S & N's block billed entries for 2015, 2016, 2019, and 2020 range from 51% to 70% of the total billings each year. Attached as Exhibit 9 is a table that identifies every S & N block billed entry to which Plaintiffs object, due to the fact that Plaintiffs cannot ascertain the reasonableness of the time billed for each task due to the block billing employed by S & N. Although hardly as egregious as S & N's block billing (whose objectionable block billing is almost four times the amount of the three other firms combined), attached as Exhibit 10 are the tables that identify each block billed entry to which Plaintiffs object for the other three law firms representing Defendants, for which the total hours of block billing total 920.[13]

Given the pervasive nature of Defendants' counsels' block billing, at least a 40% reduction of S & N's hours and a 30% reduction in the hours of the three other law firms (after segregation and after reduction for lack of billing judgment) should be applied. See *Bramlett*, *supra*; *Hoffman*, *supra*; *ThermoTek, supra*.

### 5. The Excessive Number of Vague Entries Warrants a Further Blanket Reduction of Hours

---

[13] The specific objections are set forth in Exhibits 9 & 10, which include tables of the block billed time entries that Plaintiffs ask the Court to review, analyze, and find unreasonable based on the manner in which the activities were billed. Plaintiffs object to over 3,611 hours over a period of seven years as unreasonable block billing, based upon the time entry descriptions.

Unlike block billing, which pertains to reasonableness of the time spent, vague entries are those "not illuminating as to the subject matter" or "vague as to precisely what was done." *Barrow*, *supra* at *11 (citation omitted). In *Barrow*, the court found entries such as "review file," "preparation of correspondence," "review correspondence," "phone conference with co-counsel," "legal research," and "review email" were vague and refused to award attorney fees for those entries. *Id.* (citation omitted); *see also Hoffman*, *supra* at *1 n. 6; *ThermoTek, supra* at *32-34.

Attached as Exhibits 11 & 12 are tables prepared by Plaintiffs that set forth every time entry claimed by the Defendants for which the description is so vague by description and/or as a result of excessive redaction that the necessity or subject matter of the work cannot be ascertained.[14] The heavily redacted billing statements of S & N, in particular, provide no opportunity for Plaintiffs or this Court to review the reasonableness of the requested fees. "Redacted entries must be excluded if they do not provide sufficient information to classify and evaluate the activities and hours expended." *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 800 (S.D. Tex. Jun. 29, 2009).

The vagueness or lack of information resulting from redaction is even more pervasive than the block billing entries. It should be noted that the vagueness of entries within the S & N billing, is particularly egregious. Plaintiffs object to approximately 430 S & N time entries for vagueness, representing 1,580 hours over seven years. (See Ex. 11). The total number of time entries objected to for vagueness within the records of the three other law firms combined during this period is less than 100 entries totaling about 312 hours. (See Ex. 12).

---

[14] S & N's billing is riddled with entries where the only descriptions given for hours of time are as follows (by way of example): "Conference" or "review conference" or "conference, review, telephone, email." Such vagueness does not permit Plaintiffs or the Court to determine whether the fees sought for such entries are reasonable or necessary.

Plaintiffs submit an additional 40% reduction in the number of hours claimed by Defendants (after segregation) is appropriate and warranted by the intentionally vague billing practices and excessive redactions of Defendants' counsel, particularly S & N.

### 6. The Excessive Number of Attorneys Warrants an Adjustment Downward

Defendants seek fees for 33 attorneys, as well as multiple "lead counsel" who charged all for attendance at trial all day, every day.[15] When more than one attorney is involved, the possibility of duplication of effort should be scrutinized. Specifically, the "time of two or three lawyers in a courtroom or conference when one would do may be obviously discounted." *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 535 (5th Cir. 1986), *accord Phila. Indem. Ins. Co. v. SSR Hospitality, Inc.,* 459 F. App'x 308, 317 (5th Cir. 2012). The likelihood of inefficiency and duplication of effort is enhanced where, as here, the various attorneys were located in three different firms across three different cities. *Alvarez v. McCarthy*, 2020 U.S. Dist. LEXIS 59790, at *9 (W.D. Tex. Apr. 6, 2020).

Given the fact that multiple attorneys appeared for Defendants at every deposition, hearing, and during trial in this matter, a reduction in fees is warranted to avoid the duplication that necessarily occurs when multiple firms appeared on behalf of Defendants. Plaintiffs submit a blanket additional 10% reduction is appropriate to address duplication of efforts.

### E. Defendants' failure to plead attorneys' fees precludes any award of fees to them.

Defendants, in the pleadings they filed during this case, failed to specifically plead that they were seeking an award of attorneys' fees in a timely manner. The fact that defendants waited

---

[15] Although Mr. Keller billed for attendance at every day of the trial, he did not sit at counsel table with Defendants' other counsel, but instead sat at the back of the gallery. His presence in the courtroom was clearly duplicative and cannot reasonably be viewed as necessary.

until after the district court entered its final judgment before making a claim for fees precludes their recovery. *United Industries, Inc. v. Simon Hartley, Ltd.*, 91 F.3d 762, 765 (5th Cir. 1996).

### F. This Court should hold any decision on this Motion in abeyance until after resolution of the appeal.

A supersedeas bond should not be used as a penalty against a party availing itself of its appeal rights. *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir. 1979). Mr. Clapper does not have the ability to post a bond on appeal; in fact, he has not only spent his life's savings on this litigation, but also incurred significant liabilities in the millions of dollars to fund it. He does not have available assets to satisfy Defendants' attorneys' fees claim, nor do the other Plaintiffs. He has borrowed additional funds to pay for the cost of the appeal; Mr. Shamoun's statement to the jury that Mr. Clapper is a billionaire is blatantly false. An award of attorneys' fees at this time would impose an undue financial burden upon Plaintiffs and severely prejudice their opportunity to pursue their pending appeal.

At a minimum, Plaintiffs request that the Court either deny Defendants' Motion without prejudice or defer ruling on the Motion until after Plaintiffs' appeal to the Fifth Circuit concludes. **"If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."** 1993 Advisory Committee Note, Fed. R. Civ. P. 54(d)(2) (emphasis added).

In some situations, deferral of a motion for attorneys' fees is appropriate. See *Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc.*, 850 F.2d 1286, 1312 (8th Cir. 1988), *amended*, 878 F.2d 1118 (8th Cir. 1989) ("[R]ather than undertaking the time-consuming task of determining a reasonable attorney's fee, only to see the effort overturned on appeal, the district court wisely deferred ruling on attorney's fees and costs pending appeal."); *Dulin v. Bd. of Comm'rs*

23

*of Greenwood Leflore Hosp.*, 2013 U.S. Dist. LEXIS 140664 at *2 (N.D. Miss. Sept. 30, 2013) (denying a motion for attorneys' fees without prejudice to renewal following resolution of the appeal). Given that Plaintiffs are confident this case will be reversed on appeal, deferral of a ruling on this Motion would save the Court the time-consuming task of determining attorneys' fees until it is certain this case is fully resolved; it would also ensure Plaintiffs have the ability to see the appeal to its conclusion. As a result, it would be appropriate for this Court to defer ruling on Defendants' Motion until after resolution of the appeal.

### G.  Defendants fail to provide evidence of the reasonableness of the amount they seek for a conditional award of attorneys' fees contingent on a successful appeal.

Defendants request the Court grant them a conditional award of a total of $500,000 for attorneys' fees[16] contingent on a successful appeal to the Fifth Circuit. Defendants do not cite to any authority to support their request for advance appellate fees; as a result, their request should be summarily denied.

While an award of attorneys' fees may include conditional fees for an appeal, "there must be evidence of the reasonableness of fees for appellate work to support the award of appellate attorney's fees." *Tow v. Speer*, 2015 U.S. Dist. LEXIS 29267, at *54-55 (S.D. Tex. Mar. 10, 2015) (internal citations omitted). Defense counsels' Declarations state the amount they seek as a conditional award is reasonable and necessary for a successful appeal of this case. Defendants do not provide the Court with any rational basis for the amounts they seek; as a result, the amounts they seek are purely speculative. When a speculative award of attorneys' fees is sought prior to the fees being incurred, the request should be denied. See *Tow*, *supra*, citing *Fid. & Deposit Co. of Md. v. Rodriguez*, 2009 U.S. Dist. LEXIS 69734 at *5 (W.D. Tex. June 10, 2009) (denying a

---

[16] According to defense counsel's Declarations, defense counsel seek the following conditional awards of fees contingent on a successful appeal: the LK firm seeks $300,000, KKRC seeks $100,000, and S & N seeks $100,000. However, neither KKRC nor S & N have filed an appearance in the pending appeal.

"speculative" award of appellate attorneys' fees before the party had incurred the fees without prejudice to refiling after a successful appeal); *Primrose Operating Co. v. Nat'l Am. Ins. Co*., 2003 U.S. Dist. LEXIS 12447 at *6-7 (N.D. Tex. July 15, 2003) (declining to award fees for an appeal before the services were rendered and noting that the Fifth Circuit could provide fees on appeal if appropriate) (citation omitted). Therefore, Defendants' request for conditional appellate fees of $500,0000 should be denied.

## III.    CONCLUSION AND RELIEF REQUESTED

WHEREFORE, for the reasons set forth above, Plaintiffs David Clapper, Atlantic XIII, LLC, and Atlantic Midwest LLC respectfully request that this Honorable Court DENY Defendants' Motion for Attorneys' Fees, or in the alternative, defer ruling on the Motion until the resolution of the appeal, or reduce any fee award by the amounts or percentages requested herein.

Respectfully submitted,

**COUNSEL FOR PLAINTIFFS**

/s/ Andrew W. Mychalowych
Andrew W. Mychalowych
MI Bar No. P39602
Cora L. Morgan
MI Bar No. P59104, admitted *pro hac vice*
SICILIANO MYCHALOWYCH AND
VAN DUSEN, PLC
40950 Woodward Ave., Ste. 350
Bloomfield Hills, MI 48304
(248) 442-0510
AMychalowych@SMV-law.com
CMorgan@SMV-law.com

/s/ Alison R. Ashmore
Alison R. Ashmore
Texas State Bar No. 24059400
Jeffrey R. Fine
Texas State Bar No. 07008410
Dykema Gossett PLLC
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 462-6400
Aashmore@dykema.com
Jfine@dykema.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 18, 2021, he caused the foregoing document to be filed using the electronic case files system of the court, which will provide notification of this filing to all attorneys of this case who are registered ECF users.

/s/ Andrew W. Mychalowych

25