IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID M. CLAPPER, et al., | § | |
| | § | |
| *Plaintiffs*, | § | |
| v. | § | CASE NO. 3:14-CV-02970-X |
| | § | |
| AMERICAN REALTY TRUST, INC., et al., | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANTS' SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiffs have already acknowledged that the lawyers from Lehotsky Keller Cohn LLP[1] "contributed significantly to Defendants' revised proposed jury charge, argued Defendants' Motions for Directed Verdict before the Court, and advocated for Defendants' proposed jury instructions." ECF 1055 at 10 n.6. The Court has agreed. ECF 1102 at 11 ("[T]he attorneys for Lehotsky Keller [Cohn] LLP made a significant impact as appellate counsel at trial."). And the Court invited Defendants to provide more detailed information regarding fees charged by the firm in this matter. *Id.* ("The issue for Lehotsky Keller [Cohn] LLP is not its impact on trial but the billable rates and hours worked."). Defendants therefore file this supplement to their previously submitted motion for attorneys' fees, along with a supplemental declaration providing that information. *See* Ex. A.

### A. Awarding Lehotsky Keller Cohn's fees would be equitable and just.

Defendants incorporate their prior briefing on this matter, and the Court has identified the four factors relevant to determining whether a fee award is equitable and just under TUFTA. ECF 1102 at 5 (citing *Janvey v. Dillon Gage, Inc.*, 856 F.3d 377, 385 (5th Cir. 2017)). Those are:

---

[1] The name of the firm was Lehotsky Keller LLP when it was originally hired and when it preformed its work during the trial-court phase of this case. It is now Lehotsky Keller Cohn LLP.

"(1) whether the case involved egregious conduct; (2) whether an award of fees accomplishes the goals of TUFTA; (3) the evidence heard by the trial court; and (4) evidence of bad faith, vexation, wantonness, oppression, or harassment relating to the filing or the maintenance of this action." *Id.* The Court has found that three of those four factors support an award of fees in this case, *see, e.g.*, *id.* at 6 (finding that "Plaintiffs failed to present the jury with evidence concerning the value of the properties" and "Plaintiffs' bad-faith conduct permeated this suit"), and that the fourth factor is neutral. There is no reason for the Court to deviate from its determinations when considering Defendants' claim for Lehotsky Keller Cohn's fees.

**B.      Lehotsky Keller Cohn uniquely affected the successful outcome of the trial.**

Once brought on to join Defendants' legal team, the lawyers from Lehotsky Keller Cohn played a critical and unique role during both the trial and post-trial briefing in this Court. As the Court acknowledged, the lawyers from Lehotsky Keller Cohn "argued the motion for directed verdict and a very lengthy jury charge conference." *Id.* at 11. And "[w]hile the Court declined to direct a verdict on the argument that the plaintiffs failed to produce evidence of the value of the fraudulently transferred assets, that argument took center stage at closing and the jury agreed." *Id*. And in addition to the "significant impact" the lawyers made during the trial, *id.*, those lawyers are serving as appellate counsel during Plaintiffs' pending appeal of this Court's final judgment, *see* Notice of Form for Appearance, *Clapper v. Am. Realty Invs.*, No. 21-10805 (5th Cir. Sept. 9, 2021), ECF No. 23 (notice of appearance of Scott A. Keller as lead counsel for all Defendants on appeal). Thus, given the role played by the lawyers from Lehotsky Keller Cohn, there is no reason to apply the 10% reduction for excessive attorneys that the Court applied to the lodestar calculation for Defendants' other firms. *See* ECF 1102 at 15.

### C. Defendants cannot segregate the majority of Lehotsky Keller Cohn's fees.

Likewise, all the work performed by Lehotsky Keller Cohn was necessary for the ultimate take-nothing judgment issued in favor of Defendants. Defendants brought in Lehotsky Keller Cohn on the eve of trial. That trial covered all of Plaintiffs' remaining claims (which were a fraction of what the case started with), and Lehotsky Keller Cohn's work of arguing the motions for directed verdict and charge conference necessarily required addressing all of Plaintiffs' remaining claims. Thus, it is impossible to segregate the majority of Lehotsky Keller Cohn's work between Plaintiffs' TUFTA and alter-ego claims. However, Defendants do acknowledge that Lehotsky Keller Cohn had to engage in some work specific to Plaintiffs' legally and factually incorrect alter-ego claims (particularly in the post-trial briefing), so Defendants do not dispute the 1% reduction for that work that the Court applied to the other firms representing Defendants in this matter. *See* ECF 1102 at 8.

### D. Defendants remain willing to reduce Lehotsky Keller Cohn's fees to simplify this Court's review.

Lehotsky Keller Cohn exercised proper billing judgment and provided sufficiently detailed billing entries. *See* Ex. A. Defendants also acknowledge that Lehotsky Keller Cohn included some entries that include block billing. *Id.* The hours spent on the block-billed entries are wholly justified by the work performed and the length it took, as is detailed in the description of the entries. But rather than requiring the Court to analyze the entries line by line, Defendants have already offered to reduce the amount of the award for Lehotsky Keller Cohn's fees for the trial phase of this case to $300,000 to simplify the Court's review. *See* ECF 1094-1 at ¶ 10. Defendants continue to offer that proposed reduction from the amount of Lehotsky Keller Cohn's trial-level billing entries, asking this Court to award only $300,000 of the approximately $340,000 that Lehotsky Keller

Cohn billed to Defendants through August 31, 2021, the date by which the post-trial briefing was substantially complete.

      **E.**      **Representing a significant discount below their normal hourly rates, the rates Lehotsky Keller Cohn charged in this case were reasonable.**

Now, Defendants supplement their prior request to specifically include the hourly rates that each of the lawyers at Lehotsky Keller Cohn charged for the trial stage in this matter. *See* Ex. A. As explained in the attached declaration, those fees are justified based on the unique backgrounds of those lawyers and their highly specialized skill sets. Scott Keller alone has argued 12 cases to the United States Supreme Court, 12 cases to the Texas Supreme Court, and 11 cases to the U.S. Court of Appeals for the Fifth Circuit. Todd Disher tried to judgment some of the highest profile cases in the country while serving as the Deputy Chief of the preeminent trial division of the Texas Attorney General's Office. The Court uses its own experience and judgment to determine the reasonableness of Lehotsky Keller Cohn's rates. *Aperia Sols., Inc. v. Evance, Inc.*, No. 3:18-CV-03276-X, 2021 WL 3710563, at *3 n.21 (N.D. Tex. Aug. 19, 2021) (collecting cases), *rev'd and remanded on other grounds*, 2022 WL 2116001 (5th Cir. 2022). And those rates are supported by other recent fee awards and applications in the Northern District of Texas. Order, *SEC v. Stanford Int'l Bank, Ltd.*, No. 3:09-cv-00298-N (N.D. Tex. July 21, 2021), ECF 3099 (adopting the proposed hourly rates stated in ECF 3089-1 of $973 to $711 for partners and $658 to $472 for associates); *Aperia Sols., Inc.*, 2021 WL 3710563, at *3 n.23 (citing, e.g., *In re Taco Bueno Rests., Inc., et al.*, No. 18-33678 (Bankr. N.D. Tex. Mar. 28, 2019), ECF 308 (adopting rates requested in ECF 308 up to $1,280 per hour for partners and $915 per hour for counsel)); *see also* Mark Curriden, *Texas Lawyers Hit $2,000 an Hour*, TEXAS LAWBOOK (Sept. 25, 2023), https://texaslawbook.net/texas-lawyers-hit-2000-an-hour/.

4

Additionally, the rates Lehotsky Keller Cohn charged in this matter represent a significant discount from the rates their lawyers typically charge, both in 2021 and today. Lehotsky Keller Cohn was willing to provide Defendants with that discount for a variety of factors: (1) the timing of the case; (2) the subject matter involved; (3) being hired for this matter shortly after the firm launched when its lawyers had disproportionate amounts of time and resource capacity given that it was a startup law firm; (4) knowledge that there was likely to be a significant amount of work to do in a contained short period of time because of the impending trial; and (5) an understanding that Lehotsky Keller Cohn would be handling the appeal of any judgment from this court as lead appellate counsel. *See* Ex. A.

## CONCLUSION

As the Court has pointed out, the lawyers from Lehotsky Keller Cohn "made a significant impact" on the outcome of this case, which resulted in a complete take-nothing judgment in the face of Plaintiffs' claim for $180,000,000 in damages. *See Aperia Sols., Inc.*, 2021 WL 3710563 at *4 (considering the "favorable outcome" of the case in awarding attorneys' fees). As such, the amount Defendants incurred by hiring Lehotsky Keller Cohn in this matter was wholly reasonable and money well spent. Thus, Defendants respectfully request that the Court supplement its grant of attorneys' fees by an additional $300,000 to compensate them for the fees charged by Lehotsky Keller Cohn during the trial phase of this case.

          */s/ Scott A. Keller*
          **SCOTT A. KELLER**
          Texas Bar No. 24062822
          scott@lkcfirm.com

          **TODD DISHER**
          Texas Bar No. 24081854
          todd@lkcfirm.com

          LEHOTSKY KELLER COHN L.L.P.
          408 W. 11th Street, 5th Floor
          Austin, TX 78701
          T: (512) 693-8350
          F: (512) 727-4755

          **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This document was served on counsel for the plaintiffs on September 27, 2023, using the Court's CM/ECF file and service system.

          */s/ Scott A. Keller*
          Scott A. Keller