UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID CLAPPER et al., § § *Plaintiffs,* § § v. § § AMERICAN REALTY INVESTORS, § INC. et al., § § *Defendants.* § § | Civil Action No. 3:14-CV-2970-X |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs David Clapper, Atlantic Midwest, LLC, and Atlantic XIII, LLC's motion to alter or amend, or in the alternative stay enforcement of, the Court's order awarding attorney's fees and costs. (Doc. 1104). Because there is a pending amended fee motion (Doc. 1103), the Court **STAYS** enforcement of its order awarding attorney's fees and costs ("Fee Order") (Doc. 1102), until the Court issues an order on the amended fee motion. After such time, Plaintiffs must give a supersedeas bond in order to further stay enforcement of the judgment pending appeal. Therefore, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion. (Doc. 1104).

### I. Background

Plaintiffs sued American Realty Investors, Inc., American Realty Trust, Inc., EQK Holdings, Inc., and Bradford Phillips (collectively, "Defendants"), alleging violations of the Texas Uniform Fraudulent Transfers Act ("TUFTA"). A jury found that Defendants did not violate TUFTA. Plaintiffs appealed the Court's final

1

judgment, which is currently pending before the Fifth Circuit.  Because Defendants prevailed, the Clerk of Court taxed Defendants' costs against Plaintiffs and the Court later reduced those costs.[1]  The Court also awarded Defendants attorney's fees in its Fee Order.[2]  Now Plaintiffs seek to alter, amend, or in the alternative, stay the Court's Fee Order.[3]  Plaintiffs contend that because the Fifth Circuit is poised to issue a ruling on their merits appeal in the very near future, the Court should stay the Fee Order while their appeal is pending.[4]  They also assert that the Court's Fee Order was improper in the first instance, and it is unclear whether the Fee Order is final and thus subject to appeal.[5]  Defendants contend that Plaintiffs failed to present newly discovered evidence, which is required to alter or amend a judgment, and they also failed to ask this Court to set a bond to supersede the fee award, which is required under the Federal Rules of Civil Procedure.[6]

## II. Legal Standard

A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) can provide relief when a party calls "into question the correctness of a judgment."[7]  Such a motion "must clearly establish either a manifest error of law or

---

[1] Doc. 1078; Doc. 1102.

[2] Doc. 1102.

[3] Doc. 1104.

[4] Doc. 1105 at 2–4.

[5] *Id.* at 5–7.

[6] Doc. 1107.

[7] *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017).

fact or must present newly discovered evidence."[8] But it "is an extraordinary remedy that should be used sparingly."[9]

Federal Rule of Civil Procedure 62 "governs the stay of proceedings to enforce a judgment."[10] The Fifth Circuit has adopted "a general rule that losing parties in the district court can obtain a stay pending appeal only by giving a supersedeas bond."[11] The bond is not a penalty for a party availing itself of its appeal rights; instead, its purpose is to preserve the status quo while protecting the non-appealing party's rights pending appeal.[12] There is an exception to the general rule when "the losing party objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining the same degree of solvency during the period of the appeal."[13] Courts are also "free to exercise [] discretion to fashion some other arrangement for substitute security through an appropriate restraint on the [losing party's] financial dealings" when the losing party's "present financial condition is such that the posting of a full bond would impose an undue financial burden."[14] Another exception to the bond requirement occurs when the prevailing party argues on appeal that the judgment should be

---

[8] *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008).

[9] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[10] *MM Steel, L.P. v. JSW Steel (USA) Inc.*, 771 F.3d 301, 303 (5th Cir. 2014).

[11] *Enserch Corp. v. Shand Morahan & Co., Inc.*, 918 F.2d 462, 463–64 (5th Cir. 1990).

[12] *Poplar Grove Planting & Refin. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979).

[13] *Enserch Corp.*, 918 F.2d at 464 (cleaned up).

[14] *Poplar Grove Planting & Refin. Co.*, 600 F.2d at 1191.

3

reversed and that the relief sought on appeal is entirely inconsistent with execution of the judgment.[15] A district court's decision "to stay execution of a judgment will generally be overturned only if the court has abused its discretion."[16]

### III. Analysis

Plaintiffs essentially ask the Court to abate or stay its Fee Order under both a Rule 59(e) motion to alter or amend judgment or under Rule 62, in the alternative.[17] Plaintiffs motion proceeds in two arguments: (1) the Court should alter the Fee Order because it is improperly based on the need to punish or deter misconduct by counsel, and (2) the Court should stay the Fee Order while the merits appeal is pending in the Fifth Circuit.[18] Both arguments fail under Rule 59(e). First, the pending appeal is not a proper basis for Rule 59(e) relief—it does not establish a manifest error of law or fact or present newly discovered evidence. Efficiency concerns alone are insufficient bases for the extraordinary remedy of altering or amending a judgment. Second, the Plaintiffs argument that the Fee Order awarded fees for improper reasons is unfounded. The Court awarded attorney's fees and costs under TUFTA.[19] As the Court explained in its Fee Order, TUFTA allows a court to award attorney's

---

[15] *Id.*

[16] *S. Pac. Transp. Co. v. San Antonio, Tex. by and through City Pub. Serv. Bd.*, 748 F.2d 266, 270 (5th Cir. 1984).

[17] Plaintiffs do not cite directly to Rule 62, but they request a stay of a monetary judgment, which is governed by Rule 62. Plaintiffs also argue against the supersedeas bond requirement, which is found in Rule 62. Therefore, the Court considers the motion under Rule 59(e), and then in the alternative, under Rule 62.

[18] Plaintiffs also assert that the Fee Order is not a final judgment. The Court considers this argument separately below.

[19] Doc. 1102 at 5–7 (citing TEX. BUS. & COMM. CODE § 24.013).

fees and costs when it is "equitable and just."[20]  And to determine whether it is equitable and just, the Fifth Circuit has instructed courts to consider: "(1) whether the case involved egregious conduct; (2) whether an award of fees accomplishes the goals of TUFTA; (3) the evidence heard by the trial court; and (4) evidence of bad faith, vexation, wantonness, oppression, or harassment relating to the filing or the maintenance of this action[.]"[21]  This Court followed the Fifth Circuit's instruction, and after a careful analysis of those factors, determined that awarding Defendants attorney's fees and costs was equitable and just.[22]  Again, Plaintiffs do not establish any manifest error of law or fact or present newly discovered evidence; instead, they simply don't like the Court's decision, but that is no reason for the Court to employ the extraordinary remedy of altering or amending its judgment.

Turning to whether a stay is supported by Rule 62 here, the Court concludes that it is not.  The Fifth Circuit's long-established rule requires a party to give a supersedeas bond in order to secure a stay of a monetary judgment pending appeal.[23]  There are a few exceptions to that rule, but none apply here.  The first exception requires the debtor to show that it can either (1) easily pay the judgment or (2) has a financially secure plan to maintain solvency during appeal.[24]  Plaintiffs' response destroys any notion of prong one under the first exception by stating that an attempt

---

[20] *Id.* at 5 (citing TEX. BUS. & COMM. CODE § 24.013).

[21] *Id.* at 5 (citing *Janvey v. Dillon Gage, Inc.*, 856 F.3d 377, 385 (5th Cir. 2017)).

[22] *Id.* at 5–7.

[23] *Enserch Corp*, 918 F.2d at 463–64.

[24] *Id.* at 464.

5

to collect the attorney's fees award would potentially force them into bankruptcy.[25] And neither have Plaintiffs established prong two (a proposed arrangement for substitute security). Prong two requires a compelling financial need on the part of the debtor and an alternate arrangement that protects the creditor. But Plaintiffs did not propose an alternative arrangement for substitute security.

Neither does the second exception to the supersedeas rule apply. That rule provides an exception to the bond requirement when the prevailing party argues on appeal that the judgment should be reversed and that the relief sought on appeal is entirely inconsistent with execution of the judgment. Defendants are the prevailing parties in the Fee Order. They have not yet appealed or asserted error in the fee award. Thus, the exception contemplating a situation where the prevailing party appeals the judgment is inapplicable here.[26] Because Plaintiffs have not given a supersedeas bond, and no exception to that requirement applies here, Rule 62 does not support a stay of this case pending appeal.

Finally, Plaintiffs ask this Court to stay enforcement of its Fee Order because "the Court invites Defendants to submit further evidence in pursuit of further fee shifting."[27] In its Fee Order, the Court denied without prejudice Lehotsky Keller's attorney's fees because they did not provide enough information for the Court to

---

[25] Doc. 1105 at 4.

[26] Even if Defendants claim on appeal that the award should be increased, and the Fifth Circuit agrees, that would not constitute a sufficient reason to issue a stay of the Fee Order here. *See Enserch Corp.*, 918 F.2d at 464 (holding that the judgment creditor seeking a higher award on appeal is not grounds to stay enforcement of the lower amount in the judgment).

[27] Doc. 1105 at 6–7.

6

adequately analyze the fee request.[28]  The Court gave the firm 28 days to refile an amended fee motion, which is now currently pending before the Court (Doc. 1103).[29] The Fee Order, however, ordered Plaintiffs to pay Defendants $2,569,940.06 in attorney fees and $71,925.60 in costs.[30]  Plaintiffs now claim that the Fee Order is not a final judgment subject to enforcement because of Lehotsky Keller's amended fee motion.[31]  The Court will, pursuant to Federal Rule of Civil Procedure 62(a), extend the automatic stay of its Fee Order until it resolves the amended fee motion.[32] After such time, Plaintiffs will need to give a supersedeas bond in light of the Fifth Circuit requirement discussed above.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion.  (Doc. 1104).  The Court **STAYS** enforcement of its order awarding attorney's fees and costs, (Doc. 1102), until the Court issues an order on the amended fee motion.  After such time, Plaintiffs must give a supersedeas bond if they want to further stay enforcement of the judgment pending appeal.

**IT IS SO ORDERED** this 18th day of October, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[28] Doc. 1102 at 11.

[29] *Id.*

[30] *Id.* at 22.

[31] Doc. 1105 at 6–7.

[32] FED. R. CIV. P. 62(a).

7